IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ALBERT PULLEN  ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| | § |
| V. | § |
| | § |
| FARMERS GROUP, INC., | § |
| FARMERS UNDERWRITERS | § |
| ASSOCIATION, FIRE UNDERWRITERS | § |
| ASSOCIATION, FARMERS INSURANCE | § |
| EXCHANGE, FIRE INSURANCE | § |
| EXCHANGE, AND JOSE GUTIERREZ, | § |
| | § |
| Defendants. | § |

C. A. NO. B - 02 - 2 06

## NOTICE OF REMOVAL

Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange and Fire Insurance Exchange (collectively "defendants"), expressly reserving all rights otherwise to respond to this lawsuit, including any objection to improper venue and jurisdiction, remove the action filed under Cause No. 2002-09-3753-A in Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1441.

### PROCEDURAL BACKGROUND

1.      On October 1, 2002, plaintiffs Albert Pullen and Zonia Pullen ("plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a Third Amended Class Action Petition (the "Amended Petition") in the 107th Judicial District Court of Cameron County, Texas, styled *Albert Pullen and Zonia Pullen, on behalf of themselves and others similarly situated v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Jose Gutierrez.*

## DIVERSITY JURISDICTION

2.      This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332 in that there is diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and therefore, removal jurisdiction exists under 28 U.S.C. § 1441.

### A.      Plaintiffs' Own Allegations Establish Diversity

3.      Plaintiffs are alleged to be "residents of Cameron County, Texas." Amended Petition at 2. Farmers Group Inc. is alleged to be a "Nevada corporation" with its principal place of business in "Los Angeles, California." *Id.* at 3. Farmers Underwriters Association and Fire Underwriters Association are each alleged to have their principal place of business in "Los Angeles, California." *Id.* Moreover, Farmers Insurance Exchange and Fire Insurance Exchange are each alleged to be a "foreign insurer carrier organized and existing under the laws of California" with their principal place of business in "Los Angeles, California." *Id.* Accordingly, as pled by the plaintiffs, diversity exists.

### B.      The Amount In Controversy Far Exceeds $75,000

4.      Plaintiffs' purported damages exceed $75,000, exclusive of interests and costs. The Amended Petition in this case alleges that defendants knowingly and/or intentional violated the Texas Deceptive Trade Practices Act (the "DTPA") and Texas Insurance Code and that plaintiffs have, as result, been "damaged." Amended Petition at 4, 5. Based on defendants' alleged violations, plaintiffs seek damages under the DTPA, including "actual damages," "statutory damages," and "treble damages." *See id.* at 5, 6. Plaintiffs also seek "punitive damages," "attorney's fees" as well as "a refund of the insurance premiums charged." *Id.* at 6, 7.

5.      Attorney's fees are mandatory under the DTPA. *See, e.g., Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 546 (5th Cir. 1987) (noting that attorney's fees are mandatory under the DTPA); Tex. Bus. & Com. Code § 17.50 (providing for mandatory attorney's fees to prevailing consumer under the DTPA); *see also, Martin v. Ford Motor Co*, CV G-95-225, 1995 U.S. Dist. LEXIS 21529, at *25-26  (S.D. Tex. Aug. 15, 1995) (unpublished slip op.) (J. Kent) ("By its very language, [attorney's fees] are mandatory [under the DTPA] and are not within the discretion of the court."). Calculation of the amount in controversy threshold includes consideration of attorney's fees. *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir. 1971) ("[T]he value of the attorney's fees . . . is properly includable in determining the amount in controversy."); *Martin*, 1995 U.S. Dist. LEXIS at *25-26 (aggregating attorney's fees, under the DTPA's provision mandating attorney's fees, for purposes of determining the amount in controversy); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("Attorney's fees may be included in determining the jurisdictional amount."); *In re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir. 1995) (finding that the jurisdictional amount includes attorney's fees).

6.      When valued in light of mandatory attorney's fees under the DTPA and plaintiffs' request for actual damages, statutory damages, treble damages, and punitive damages as well as other damages, *i.e.* plaintiffs' request for reimbursement of all premiums paid, plaintiffs' purported damages exceed $75,000. *See, e.g., St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (holding that <u>statutory damages</u> under the Texas Insurance Code must be included in calculating the amount in controversy) (emphasis added); *Ray v. State Farm Lloyds*, Civil Action No. 3:98-CV-1288-G, 1999 U.S. Dist. LEXIS 3103, at *6 (N.D. Tex. Mar. 10, 1999) (<u>treble damages</u> under the DTPA are includable in the amount in

controversy calculation) (emphasis added); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943)) (emphasis added).

### C.    There Is Diversity With The Proper Defendants

7.    Even if this Court does not assume the validity of plaintiffs' allegations in their Amended Petition, diversity still exists.

8.    Farmers Group, Inc. is a Nevada corporation with its principal place of business in California. Farmers Underwriters Association is a fictitious business name of Farmers Group, Inc. Fire Underwriters Association is a California corporation with its principal place of business in California.

9.    Farmers Insurance Exchange and Fire Insurance Exchange (the "Exchanges") are organized under the laws of the state of California, having their principal place of business in California, and are reciprocal insurance exchanges with policyholders in Texas. However, as defined by the Amended Petition, the policyholders of the Exchanges in Texas are members of the putative class, the class being defined as "all Texas residents who had insurance with defendants during the last eighteen months." Amended Petition at 2. Accordingly, the policyholders of the Exchanges in Texas should be realigned to reflect the true nature of this action since all members of the putative class share a unity of interest in this action. The Supreme Court has held that "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 8 (1989) (citations omitted). Rather, a court has a "duty" to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.*

(citations omitted). Therefore, courts "must determine the 'principal purpose of the suit,' and 'the primary and controlling matter in dispute' and properly align the parties according to their interest." *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) (holding that the plaintiffs and certain class defendants were "aligned for purposes of the controlling issue in [the] suit, i.e., insurance coverage") (citing *City of Indianapolis v. Chase Nat. Bank of the City of New York*, 314 U.S. 63, 69 (1941)). Here, the interests of the members of the putative class, *i.e.*, plaintiff and policyholders of the Exchanges in Texas, are aligned. Accordingly, realigning the policyholders of the Exchanges in Texas with the plaintiff is proper in this instance, and hence, there is diversity with the Exchanges.

10.    Fire Insurance Exchange, in addition, is not a proper defendant, and therefore, Fire Insurance Exchange's citizenship can be completely disregarded for purposes of determining diversity jurisdiction. Plaintiffs had an insurance policy with Farmers Insurance Exchange, not Fire Insurance Exchange. Although plaintiffs purports to assert a claim against Fire Insurance Exchange, plaintiffs had no relationship with Fire Insurance Exchange, contractual or otherwise, and therefore, lack standing to assert any claim against Fire Insurance Exchange. Accordingly, Fire Insurance Exchange's citizenship should be disregarded as a matter of law, and Fire Insurance Exchange should be considered as fraudulently joined. *See, e.g., Oxford v. Williams Cos.*, 137 F. Supp.2d 756, 763 (E.D. Tex. 2001) (finding that two nondiverse defendants were fraudulently joined in class action suit because there was no possibility that the class representative (*i.e.* plaintiff) could state a claim against the nondiverse defendants); *see also Burden v. General Dynamics Corp.*, 60 F.3d 213, 221-22 (5th Cir. 1995) (affirming denial of remand and holding that because there was no basis for believing that

plaintiff could recover from nondiverse defendants, the nondiverse defendants were fraudulently joined to defeat diversity jurisdiction).

11.    Defendant Jose Gutierrez has not even been served, and in the alternative, he was fraudulently joined, and therefore, Jose Gutierrez is not considered a proper defendant for diversity purposes. *See, e.g., French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994) ("If a defendant has been fraudulently joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction . . . ."); *Republic Western Ins. Co. v. International Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("[A] resident defendant who has not been served may be ignored in determining removability."). Plaintiffs name Jose Gutierrez as a defendant but utterly fail to allege facts sufficient to state a cause of action against Jose Gutierrez.

12.    Plaintiffs' Original Petition did not name Jose Gutierrez as a defendant. Although plaintiffs name Jose Gutierrez as a defendant in their Amended Petition; the Amended Petition fails to explain how the conduct of Jose Gutierrez gives rise to the causes of action alleged. The omission plainly warrants a finding that Jose Gutierrez was fraudulently joined. Indeed, the Amended Petition fails to articulate or allege any grounds for finding a "special relationship" between plaintiffs and Jose Gutierrez, as agent, sufficient to impose liability on Jose Gutierrez. *See, e.g., Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 261 (5th Cir. 1995) (holding that insured had no claim for breach of the duty of good faith and fair dealing against insurance agent because there is no special relationship between insured and agent, but only between insured and carrier); *French*, 156 F.R.D. at 163 ("Agents are not parties to the insurance contract, and there is no special relationship between the insured and the agent giving rise to a duty of good faith and fair dealing."). Consequently, although plaintiffs allege a cause of action

for breach of the duty of good faith against defendants generally, plaintiffs cannot state a cause of action for breach of the duty of good faith and fair dealing against Jose Gutierrez, individually. Nor can plaintiffs state a claim for breach of contract against Jose Gutierrez, who was not party to the insurance contracts at issue. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (noting that plaintiffs failed to state a claim for breach of contract against insurance agent who was not a party to the insurance contract in dispute). Because Jose Gutierrez was fraudulently joined, his citizenship should be disregarded. *See, e.g., Oxford*, 137 F. Supp.2d at 763; *see also Burden*, 60 F.3d at 221-22.

13.    Moreover, plaintiffs' Amended Petition simply lumps defendants together in key allegations as "Defendants" and asserts the same claim against the whole group. Group allegations against all "defendants" will not overcome a fraudulent joinder defense. In *Cavallini*, plaintiffs' state-court petition broadly alleged that "Defendants" failed to exercise a duty of good faith. In affirming the denial of plaintiffs' motion to remand, the Fifth Circuit concluded that "[n]o more need be said. As reflected above, the complaint fails to state a claim against" the purported non-diverse defendant. *Cavallini*, 44 F.3d at 261; *Griggs*, 181 F.3d at 699 (affirming denial of remand and finding fraudulent joinder where plaintiffs' petition alleged "no actionable facts specific to" the insurance agent); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000) (rejecting plaintiffs' attempt to defeat removal by including defendants in a "general" conspiracy allegation). Under *Cavallini, Griggs* and *Badon*, plaintiffs cannot assert that there is no diversity by merely adding Jose Gutierrez to their Amended Petition and making global allegations against <u>*all*</u> defendants.

**D.    Additional Procedural Matters**

14.    The 107th Judicial District Court of Cameron County, Texas is located in the Southern District of Texas, Brownsville Division.

15.    The removing defendants have filed this Notice of Removal within thirty (30) days of any defendant's receipt, through service or otherwise, of a copy of plaintiffs' Amended Petition. The removal is being filed within one year of the initial filing of the lawsuit.

16.    All defendants, who have been named and served, join in and consent to this removal.    Plaintiffs have not effectuated service on Jose Gutierrez, and accordingly, the removing defendants need not procure his consent to removal. *Republic Western Ins. Co.*, 765 F. Supp. at 629 ("[A] resident defendant who has not been served may be ignored in determining removability."); *see also,* 14A C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3723 at 341 (2d ed. 1985).  Furthermore, Jose Gutierrez was fraudulently joined, and therefore, his consent to removal is not required. *See, e.g., Williams v. Henson*, 42 F. Supp. 2d 628, 632 (N.D. Miss. 1999) ("A fraudulently joined defendant need not join in or consent to the removal . . . .") (citing *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)).

17.    Copies of the state-court docket sheet, all executed process, all orders signed by the state judge, all pleadings asserting causes of action and answers to such pleadings in the State Action are being filed with this Notice.

18.    Upon filing this Notice of Removal, the Removing defendants will provide written notification to plaintiffs and will file a Notification of Removal attaching a copy of this Notice of Removal with the Clerk of the Court for Cameron County, Texas.  A copy of the Notification accompanies this Notice of Removal.

## CONCLUSION

For the foregoing reasons, Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange remove this action from the 107th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Robert Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
1201 East Van Buren
Brownsville, Texas 78520 and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.217

Of Counsel:
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Layne E. Kruse
State Bar No. 11742550
Federal I.D. No. 2383
Richard N. Carrell
State Bar No. 03871000
Federal I.D. No. 4473
Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

Attorneys-in-Charge for Defendants

30338267.1

-9-

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October _____, 2002.

_____
Eduardo Roberto Rodriguez

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

RUN DATE âaₚₘ§ÀXû
RUN TIME:X ♥

| DATE OF ORDERS | NAME OF PARTIES | ATTORNEYS | KIND OF ACTIO |
|---|---|---|---|
| | ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM | 005479O1 SUZANNE M. SCHWARZ P.O. BOX 532044 HARLINGEN, TEXAS   78533  0000 | (10) DAMAGES |
| | VS | | |
| | FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT | | |
| COURT'S DOCKET (Rule 26, TRCP) | | | |

A TRUE CO
AURORA DE LA
DISTRICT COURT CA
DATE
BY

RUN DATE 10/23/02
RUN TIME 4:42 PM

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM

VS

FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

*   *   *   C L E R K ' S   E N T R I E S   *   *   *

00547901
SUZANNE M. SCHWARZ
P.O. BOX 532044
HARLINGEN, TEXAS        78533 0000

(10)

DAMAGES

| Date | Entry |
|---|---|
| 09/23/02 | ORIGINAL PETIT] |
| 09/23/02 | JURY FEE: Pd. I |
| 09/25/02 | PLAINTIFF'S FIS |
| | PETITION |
| 09/26/02 | PLAINTIFF'S SEC |
| | ACTION PETITION |
| 09/27/02 | CITATION (CM): |
| 09/27/02 | SERVED: 10/C |
| 09/27/02 | CITATION (CM): |
| | ASSOCIATION |
| 09/27/02 | SERVED: 10/C |
| 09/27/02 | CITATION (CM): |
| | ASSOCIATION |
| 09/27/02 | SERVED: 10/C |
| 09/27/02 | CITATION (CM): |
| | EXCHANGE |
| 09/27/02 | SERVED: 10/C |
| 09/27/02 | CITATION (CM): |
| 09/27/02 | SERVED: 10/C |
| 10/01/02 | PLTFS' THIRD AN |
| | PETITION /ESAL/ |
| 10/02/02 | CITATION (CM): |
| | ASSOCIATION |
| 10/02/02 | SERVED: 10/C |
| 10/02/02 | CITATION (CM): |
| 10/02/02 | SERVED: 10/C |
| 10/02/02 | CITATION (CM): |
| | ASSOCIATION |
| 10/02/02 | SERVED: 10/C |

RUN DATE 10/23/02
RUN TIME 4:42 PM

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM

VS

FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

*    *    *    C L E R K ' S    E N T R I E S    *    *    *

00547901
SUZANNE M. SCHWARZ
P.O. BOX 532044
HARLINGEN, TEXAS            78533 0000

(10)

DAMAGES

10/02/02  CITATION (CM) :
          EXCHANGE
10/02/02      SERVED: 10/(
10/02/02  CITATION (CM) :
10/02/02      SERVED: 10/(

Citation for Personal Service   - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 2002-09-003753-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRE INSURANCE EXCHANGE
    SERVING REGISTERED AGENT
    FRED B WEKENTHIN
    100 CONGRESS AVENUE STE 1100
    AUSTIN  TEXAS  78768

the         DEFENDANT         , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said    AMENDED PETITION    was filed on OCTOBER 01, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by    SUZANNE M. SCHWARZ
(Attorney for          PLAINTIFF          ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

7099 3400 0014 6147 9695

hand and seal of said Court at Brownsville, OCTOBER , A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  2nd  of

 OCTOBER  2002,  I mailed to

_____ FIRE INSURANCE EXCHANGE _____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ____ 61479695 ____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__ AURORA DE LA GARZA ___, District Clerk
Cameron County, Texas

By:_____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.006.01

No. 2002-09-003753-A

THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FARMERS INSURANCE EXCHANGE
    SERVING REGISTERED AGENT
    GERALD GALVEN
    100 FARMERS CIRCLE
    ROUND ROCK  TEXAS  78728

the      DEFENDANT     , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said  THIRD AMENDED PETITION  was filed on  OCTOBER 01, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for        PLAINTIFF        ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.



7099 3400 0014 6147 9701

hand and seal of said Court at Brownsville,
CTOBER , A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  2nd of

 OCTOBER  2002,   I mailed to

      FARMERS INSURANCE EXCHANGE

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    61479701
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

    AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By:_____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.005.01

No. 2002-09-003753-A

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRE UNDERWRITERS ASSOCIATION
    SERVING REGISTERED AGENT
    C T CORPORATION
    350 N ST PAUL STREET
    DALLAS   TEXAS   75201

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        THIRD AMENDED        was filed on OCTOBER 01, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for          PLAINTIFF          ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
7099 3400 0014 6147 9718        ndates thereof, and make due return as the law



hand and seal of said Court at Brownsville,
TOBER , A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER            TITLE

_____
ADDRESS

_____
CITY          STATE        ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  2nd  of

 OCTOBER  2002,  I mailed to

     FIRE UNDERWRITERS ASSOCIATION

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   6147 9718
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

     AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By:_____, Deputy

Citation for Personal Service   - BY CERTIFIED MAIL     Lit. Seq. # 5.003.01

No. 2002-09-003753-A

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FARMERS GROUP, INC.
    SERVING REGISTERED AGENT
    C T  COPORATION
    350 N ST PAUL STREET
    DALLAS  TEXAS  75201

the         DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said    AMENDED PETITION    was filed on OCTOBER 01, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for          PLAINTIFF          ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                           .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

7099 3400 0014 6147 9725

 hand and seal of said Court at Brownsville, A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER           TITLE

_____
ADDRESS

_____
CITY          STATE        ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  2nd  of

 OCTOBER  2002,  I mailed to

          FARMERS GROUP, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    61479725
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

    AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By:_____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.004.01

No. 2002-09-003753-A

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FARMERS UNDERWRITERS ASSOCIATION .
    SERVING REGISTERED AGENT
    C.T. CORPORATION
    350 N ST. PAUL STREET
    DALLAS, TEXAS   75201

The      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      THIRD AMENDED      was filed on OCTOBER 01, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by      SUZANNE M. SCHWARZ
Attorney for      PLAINTIFF      ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS   78533

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

099 3400 0014 6147 9787

... hand and seal of said Court at Brownsville,
OCTOBER , A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER        TITLE

_____
ADDRESS

_____
CITY          STATE       ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  2nd  of

 OCTOBER  2002,  I mailed to

    FARMERS UNDERWRITERS ASSOCIATION

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.     61479787
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

    AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By:_____, Deputy

**CERTIFIED COPY**

2CC2-09-3753-A

CAUSE NO. ~~2002-09-3753-A~~

FILED 2:15 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 2 5 2002

DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY

| | | |
|---|---|---|
| ALBERT PULLEN AND ZONIA | § | IN THE DISTRICT COURT OF |
| PULLEN, on behalf of themselves and | § | |
| others similarly situated | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION, | § | |
| FIRE UNDERWRITERS ASSOCIATION | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| and FIRE INSURANCE EXCHANGE | § | 107th JUDICIAL COURT |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, PLAINTIFFS, each individually, by and through their attorneys of record, complaining of and against Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange, and in support thereof, respectfully files this Petition showing the Court and Jury as follows:

### I.

### JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Honorable Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

### II.

### VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred in such county. Furthermore, venue is proper in Cameron

**CERTIFIED COPY**

County, Texas, because the Plaintiffs resided in Cameron County, Texas, at the time their breach of express and implied warranties accrued, pursuant to Sections 15.032 and 15.033 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

## III.

## PARTIES

### Plaintiffs

Plaintiffs Albert Pullen and Zonia Pullen are residents of Cameron County, Texas, and bring this action both in their individual capacity and on behalf of all Texas residents who had insurance with Defendants during the last eighteen (18) months. This action is brought by Plaintiffs as a class action on their own behalf, and on behalf of all others similarly situated under Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

There are common questions of law and fact in the action that relate to affect the rights of each member of the class and the relief sought is common to the entire class.

The claims of the named plaintiffs are typical of the claims of the class, in that the claims of all members of the class depend on the showing of the acts of omissions of defendant giving rise to the right of plaintiffs to the relief sought here. There is no conflict between any individual named plaintiffs and other members of the class with respect to this action, or with respect to the class for relief here set forth. Accordingly, the name plaintiffs will fairly and adequately protect the interests of the class. Furthermore, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class and the representative parties will fairly and adequately protect the interests of the class.

### Defendants

CERTIFIED COPY

Defendant Farmers Group, Inc. is a Nevada corporation with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010, and it may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Underwriters Association is the attorney-in-fact of Farmers Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Fire Underwriters Association is the attorney-in-fact of Fire Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010 It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent Gerald Galvan, Farmers Insurance Exchange, 100 Farmers Circle, Round Rock, Texas 78728.

Defendant Fire Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent for service, Fred B. Wekenthin, Jackson Walker, L.L.P., 100 Congress Avenue, Suite 1100, Austin, Texas 78768.

### IV.

### FACTS AND CAUSES OF ACTION

At all relevant times, Defendants were in the business of providing homeowners' insurance in Texas through itself or as part of a reciprocal exchange. Defendants had a fiduciary duty to their homeowners to act with good faith and fair dealing toward its homeowners. As part of the process

CERTIFIED COPY

of insuring such homeowners, however, during approximately the last eighteen (18) months, Defendants have been using the credit history of their homeowners as a significant factor in calculating premiums for such homeowners. Defendants accessed and used such credit information without notifying homeowners of the effect of doing so. Defendants used the credit information as part of a credit scoring system that was used as a basis for determining premiums and the amount of coverage. Defendants contracted with Fair, Isaac & Co. to obtain such credit score and, based on such score, placed each homeowner into a category between "A" and "Z." Based on such category, Defendants then calculated the policyholder's premium.

Defendants failed to adequately disclose to policyholders that it used their credit history to increase premiums or give discounts and failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Additionally, Defendants, without the consent of the homeowners, accessed and utilized such information from Fair, Isaac & Co. and the Defendants shared such information, all to the Plaintiffs' detriment. As a result of Defendants' actions, their homeowners were damaged and discriminated against.

Defendants further discriminated against Texas homeowners by charging them for catastrophes that occur in other states and also charging them disproportionately for catastrophes nationwide. Such charges resulted in increased premiums for Texas homeowners. Additionally, the Defendants failed to notify homeowners in the Exchanges that they charge a management fee based on the percentage of premiums collected, the terms of such fees, and that such fees benefit Defendants to the detriment of the Exchanges and the homeowners.

This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with

CERTIFIED COPY

respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

By their conduct, the Defendants engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants resulted in a gross disparity between the value actually received and the value promised.

The Defendants' conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

a.    Falsely representing that goods or services are of a particular standard, quality, or grade;

b.    Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

c.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

d.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

e.    Engaging in an unconscionable action or course of action that was a producing cause of damages. Plaintiffs also allege Defendants committed unlisted deceptive trade practices.

CERTIFIED COPY

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

Plaintiffs also bring this action against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance Code in connection with the insurance policies sold by Defendants.  Plaintiffs have a direct cause of action against under Article 21.21 of the Texas Insurance Code, including, but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the Texas Insurance Code.

## V.

## DAMAGES

The conduct of Defendants, as described herein, was a producing cause of damages to the Plaintiffs.  In addition, because such conduct involved knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and necessary attorneys' fees.  Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses, mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions.  Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of homeowners and in conscious disregard of the foreseeable harm caused by their actions.  This conduct exhibits such an entire want of care as to establish that their actions

CERTIFIED COPY

were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree

of risk that the Plaintiffs would incur substantial injury.  The Plaintiffs as well as others similarly

situated therefore, are entitled to punitive damages for such malice.  Because of all of the above and

foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary

damages.

   **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following

relief for themselves and all other members of the class:

1.  Compensatory damages in an amount to be proven at trial, including any economic
    and pecuniary damages such as a refund of premiums charged and other losses to
    which they show themselves justly entitled;

2.  Punitive Damages;

3.  Reasonable and necessary attorneys fees;

4.  Taxable costs of suit;

5.  Pre and post judgment interest; and

6.  Such other and further relief as the Court may deem necessary or appropriate.

       Respectfully Submitted,

       _Suzanne M. Schwarz_

       Suzanne M. Schwarz
       State Bar No. 17872300
       **LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
       P.O. Box 532044
       Harlingen, Texas  78553
       Tel: (956) 440-0340
       Fax: (956) 440-8252

       Benigno "Trey" Martinez
       State Bar No. 00797011
       **MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
       1201 E. Van Buren
       Brownsville, Texas 78520
       Tel: (956) 546-7159
       Fax: (956) 544-0602
       **ATTORNEY FOR PLAINTIFFS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY
DATE _____
BY_____ DEPUTY

LAW OFFICES OF
**SUZANNE M. SCHWARZ, P.C.**
P.O. BOX 532044
HARLINGEN, TEXAS 78553
TELEPHONE (956) 440-0340
FACSIMILE (956) 440-8252

October 1, 2002

*Via Hand Delivery*

Ms. Aurora de la Garza
District Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

    Re:    *Cause No. 2002-09-3758-A; Albert Pullen, et al. v. Farmers Group, Inc.,*
           *Farmers Underwriters Association, Fire Underwriters Association, Farmers*
           *Insurance Exchange, Fire Insurance Exchange, and Jose Gutierrez; In the 107th*
           *Judicial District Court of Cameron County, Texas*

Dear Ms. de la Garza:

Enclosed for filing in the referenced case, please find an original and/or a true and correct copy of the following document:

    •   *Plaintiffs' Third Amended Class Action Petition*

Please acknowledge receipt of this document(s) by placing your file mark on the attached copy(ies) and return the same to the undersigned via messenger or the enclosed self-addressed and stamped envelope. Additionally, enclosed please find our firm check in payment of the service fees

As always, your cooperation in this matter is greatly appreciated. Please feel free to call me should you have any questions or require additional information.

Very truly yours,

Suzanne M. Schwarz
Enclosure

**CERTIFIED COPY**

CAUSE NO. 2002-09-3758-A

| | | |
|---|---|---|
| ALBERT PULLEN AND ZONIA | § | IN THE DISTRICT COURT OF |
| PULLEN, on behalf of themselves and | § | |
| others similarly situated | § | |
| | § | |
| VS. | § | CAMERON COUNTY,TEXAS |
| | § | |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION, | § | |
| FIRE UNDERWRITERS ASSOCIATION | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| FIRE INSURANCE EXCHANGE, and | § | |
| JOSE GUTIERREZ, as agent | § | 107th JUDICIAL COURT |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

OCT 0 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' THIRD AMENDED CLASS ACTION PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, each individually, by and through their attorneys of record, complaining of and against Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Jose Gutierrez as agent, and in support thereof, respectfully files this Petition showing the Court and Jury as follows:

### I.

### JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Honorable Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

### II.

### VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or

CERTIFIED COPY

omissions giving rise to the claim occurred in such county.  Furthermore, venue is proper in Cameron

County, Texas, because the Plaintiffs resided in Cameron County, Texas, at the time their breach of

express and implied warranties accrued, pursuant to Sections 15.032 and 15.033 of the Texas Civil

Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

### III.

### PARTIES

### Plaintiffs

Plaintiffs Albert Pullen and Zonia Pullen are residents of Cameron County, Texas, and bring

this action both in their individual capacity and on behalf of all Texas residents who had insurance

with Defendants during the last eighteen (18) months.  This action is brought by Plaintiffs as a class

action on their own behalf, and on behalf of all others similarly situated under Texas Rules of Civil

Procedure Rule 42 and Texas Insurance Code Section 21.21.

There are common questions of law and fact in the action that relate to affect the rights of

each member of the class and the relief sought is common to the entire class.

The claims of the named plaintiffs are typical of the claims of the class, in that the claims of

all members of the class depend on the showing of the acts of omissions of defendant giving rise to

the right of plaintiffs to the relief sought here.  There is no conflict between any individual named

plaintiffs and other members of the class with respect to this action, or with respect to the class for

relief here set forth.  Accordingly, the name plaintiffs will fairly and adequately protect the interests

of the class.  Furthermore, the class is so numerous that joinder of all members is impracticable, there

are questions of law or fact common to the class, the claims or defenses of the representative parties

are typical of the claims or defenses of the class and the representative parties will fairly and

adequately protect the interests of the class.

**CERTIFIED COPY**

## Defendants

Defendant Farmers Group, Inc. is a Nevada corporation with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010, and it may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Underwriters Association is the attorney-in-fact of Farmers Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Fire Underwriters Association is the attorney-in-fact of Fire Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent Gerald Galvan, Farmers Insurance Exchange, 100 Farmers Circle, Round Rock, Texas 78728.

Defendant Fire Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent for service, Fred B. Wekenthin, Jackson Walker, L.L.P., 100 Congress Avenue, Suite 1100, Austin, Texas 78768.

Defendant Jose Gutierrez is in an insurance agent for the Defendants and is an adult individual who may be served with process at his place of business located at 1514 E. Los Ebanos, Brownsville, Texas 78520.

CERTIFIED COPY

## IV.

## FACTS AND CAUSES OF ACTION

At all relevant times, Defendants were in the business of providing insurance in Texas through itself or as part of a reciprocal exchange. Defendants had a fiduciary duty to their policyholders to act with good faith and fair dealing toward its policyholders. As part of the process of insuring their policyholders, however, during approximately the last eighteen (18) months, Defendants have been using the credit history of their policyholders as a significant factor in calculating premiums for such policyholders. Defendants accessed and used such credit information without notifying policyholders of the effect of doing so. Defendants used the credit information as part of a credit scoring system that was used as a basis for determining premiums and the amount of coverage. Defendants contracted with Fair, Isaac & Co. to obtain such credit score and, based on such score, placed each policyholder into a category between "A" and "Z." Based on such category, Defendants then calculated the policyholder's premium.

Defendants failed to adequately disclose to policyholders that they used their credit history to increase premiums or give discounts and failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Defendants used such credit history as a means to switch policyholders into higher, unregulated companies and did so without full disclosure. Additionally, Defendants, without the consent of the policyholders, accessed and utilized such information from Fair, Isaac & Co. and the Defendants shared such information, all to the Plaintiffs' detriment. As a result of Defendants' actions, their policyholders were damaged and discriminated against.

Defendants further discriminated against Texas policyholders by charging them for

catastrophes that occur in other states and also charging them disproportionately for catastrophes nationwide. Such charges resulted in increased premiums for Texas policyholders. Additionally, the Defendants failed to notify policyholders in the Exchanges that they charge a management fee based on the percentage of premiums collected, the terms of such fees, and that such fees benefit Defendants to the detriment of the Exchanges and the policyholders.

This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

By their conduct, the Defendants engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants resulted in a gross disparity between the value actually received and the value promised.

The Defendants' conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

    a.    Falsely representing that goods or services are of a particular standard, quality, or grade;

    b.    Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

CERTIFIED COPY

c.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

d.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

e.     Engaging in an unconscionable action or course of action that was a producing cause of damages. Plaintiffs also allege Defendants committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

Plaintiffs also bring this action against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance Code in connection with the insurance policies sold by Defendants. Plaintiffs have a direct cause of action against under Article 21.21 of the Texas Insurance Code, including, but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the Texas Insurance Code.

## V.

## DAMAGES

The conduct of Defendants, as described herein, was a producing cause of damages to the Plaintiffs. In addition, because such conduct involved knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and necessary attorneys' fees. Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses,

CERTIFIED COPY

mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions. Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of policyholders and in conscious disregard of the foreseeable harm caused by their actions. This conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree of risk that the Plaintiffs would incur substantial injury. The Plaintiffs as well as others similarly situated therefore, are entitled to punitive damages for such malice. Because of all of the above and foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following relief for themselves and all other members of the class:

1. Compensatory damages in an amount to be proven at trial, including any economic and pecuniary damages such as a refund of premiums charged and other losses to which they show themselves justly entitled;

2. Punitive Damages;

3. Reasonable and necessary attorneys fees;

4. Taxable costs of suit;

5. Pre and post judgment interest; and

6. Such other and further relief as the Court may deem necessary or appropriate.

**CERTIFIED COPY**

Respectfully Submitted,

Suzanne M. Schwarz
State Bar No. 17872300
**LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
P.O. Box 532044
Harlingen, Texas  78553
Tel: (956) 440-0340
Fax: (956) 440-8252

Benigno "Trey" Martinez
State Bar No. 00797011
**MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEY FOR PLAINTIFFS**



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE  10-23-12
BY                              DEPUTY

CERTIFIED COPY

CAUSE NO. 2002-09-3758-A

| | | |
|---|---|---|
| ALBERT PULLEN AND ZONIA PULLEN, on behalf of themselves and others similarly situated | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | CAMERON COUNTY, TEXAS |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, and JOSE GUTIERREZ, as agent | § § § § § § | 107th JUDICIAL COURT |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 2 6 2002

DISTRICT COURT OF CAM...

## PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, each individually, by and through their attorneys of record, complaining of and against Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Jose Gutierrez as agent, and in support thereof, respectfully files this Petition showing the Court and Jury as follows:

## I.

### JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Honorable Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

## II.

### VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or

omissions giving rise to the claim occurred in such county. Furthermore, venue is proper in Cameron County, Texas, because the Plaintiffs resided in Cameron County, Texas, at the time their breach of express and implied warranties accrued, pursuant to Sections 15.032 and 15.033 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

### III.

### PARTIES

#### Plaintiffs

Plaintiffs Albert Pullen and Zonia Pullen are residents of Cameron County, Texas, and bring this action both in their individual capacity and on behalf of all Texas residents who had insurance with Defendants during the last eighteen (18) months. This action is brought by Plaintiffs as a class action on their own behalf, and on behalf of all others similarly situated under Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

There are common questions of law and fact in the action that relate to affect the rights of each member of the class and the relief sought is common to the entire class.

The claims of the named plaintiffs are typical of the claims of the class, in that the claims of all members of the class depend on the showing of the acts of omissions of defendant giving rise to the right of plaintiffs to the relief sought here. There is no conflict between any individual named plaintiffs and other members of the class with respect to this action, or with respect to the class for relief here set forth. Accordingly, the name plaintiffs will fairly and adequately protect the interests of the class. Furthermore, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class and the representative parties will fairly and adequately protect the interests of the class.

**CERTIFIED COPY**

## Defendants

Defendant Farmers Group, Inc. is a Nevada corporation with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010, and it may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Underwriters Association is the attorney-in-fact of Farmers Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Fire Underwriters Association is the attorney-in-fact of Fire Insurance Exchange with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Farmers Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent Gerald Galvan, Farmers Insurance Exchange, 100 Farmers Circle, Round Rock, Texas 78728.

Defendant Fire Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010. It may be served with process by serving its registered agent for service, Fred B. Wekenthin, Jackson Walker, L.L.P., 100 Congress Avenue, Suite 1100, Austin, Texas 78768.

Defendant Jose Gutierrez is in an insurance agent for the Defendants and is an adult individual who may be served with process at his place of business located at 1514 E Los Ebanos, Brownsville, Texas 78520.

CERTIFIED COPY

## IV.

## FACTS AND CAUSES OF ACTION

At all relevant times, Defendants were in the business of providing homeowners' insurance in Texas through itself or as part of a reciprocal exchange. Defendants had a fiduciary duty to their homeowners to act with good faith and fair dealing toward its homeowners. As part of the process of insuring such homeowners, however, during approximately the last eighteen (18) months, Defendants have been using the credit history of their homeowners as a significant factor in calculating premiums for such homeowners. Defendants accessed and used such credit information without notifying homeowners of the effect of doing so. Defendants used the credit information as part of a credit scoring system that was used as a basis for determining premiums and the amount of coverage. Defendants contracted with Fair, Isaac & Co. to obtain such credit score and, based on such score, placed each homeowner into a category between "A" and "Z." Based on such category, Defendants then calculated the policyholder's premium.

Defendants failed to adequately disclose to policyholders that it used their credit history to increase premiums or give discounts and failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Additionally, Defendants, without the consent of the homeowners, accessed and utilized such information from Fair, Isaac & Co. and the Defendants shared such information, all to the Plaintiffs' detriment. As a result of Defendants' actions, their homeowners were damaged and discriminated against.

Defendants further discriminated against Texas homeowners by charging them for catastrophes that occur in other states and also charging them disproportionately for catastrophes nationwide. Such charges resulted in increased premiums for Texas homeowners. Additionally, the

CERTIFIED COPY

Defendants failed to notify homeowners in the Exchanges that they charge a management fee based on the percentage of premiums collected, the terms of such fees, and that such fees benefit Defendants to the detriment of the Exchanges and the homeowners.

This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

By their conduct, the Defendants engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants resulted in a gross disparity between the value actually received and the value promised.

The Defendants' conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

a.     Falsely representing that goods or services are of a particular standard, quality, or grade;

b.     Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

c.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

CERTIFIED COPY

d.      Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

e.      Engaging in an unconscionable action or course of action that was a producing cause of damages. Plaintiffs also allege Defendants committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

Plaintiffs also bring this action against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance Code in connection with the insurance policies sold by Defendants. Plaintiffs have a direct cause of action against under Article 21.21 of the Texas Insurance Code, including, but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the Texas Insurance Code.

## V.

## DAMAGES

The conduct of Defendants, as described herein, was a producing cause of damages to the Plaintiffs. In addition, because such conduct involved knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and necessary attorneys' fees. Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses, mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

**CERTIFIED COPY**

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions. Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of homeowners and in conscious disregard of the foreseeable harm caused by their actions. This conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree of risk that the Plaintiffs would incur substantial injury. The Plaintiffs as well as others similarly situated therefore, are entitled to punitive damages for such malice. Because of all of the above and foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following relief for themselves and all other members of the class:

1.    Compensatory damages in an amount to be proven at trial, including any economic and pecuniary damages such as a refund of premiums charged and other losses to which they show themselves justly entitled;

2.    Punitive Damages;

3.    Reasonable and necessary attorneys fees;

4.    Taxable costs of suit;

5.    Pre and post judgment interest; and

6.    Such other and further relief as the Court may deem necessary or appropriate.

CERTIFIED COPY

Respectfully Submitted,

Suzanne M. Schwarz
State Bar No. 17872300
**LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
P.O. Box 532044
Harlingen, Texas  78553
Tel: (956) 440-0340
Fax: (956) 440-8252

Benigno "Trey" Martinez
State Bar No. 00797011
**MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEY FOR PLAINTIFFS**



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 10-25-02
BY _____ DEPUTY

CERTIFIED COPY

CAUSE NO. 2002-09-3753-A

| | | |
|---|---|---|
| ALBERT PULLEN AND ZONIA | § | IN THE DISTRICT COURT OF |
| PULLEN, on behalf of themselves and | § | |
| others similarly situated | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION, | § | |
| FIRE UNDERWRITERS ASSOCIATION | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| and FIRE INSURANCE EXCHANGE | § | 107 JUDICIAL COURT |

FILED 11:10 O'CLOCK M
AURORA DE LA GARZA DIST. CLERK
SEP 23 2002
DISTRICT COURT OF CAMERON COUNTY

## PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, each individually, by and through their attorneys of record, complaining of and against Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange, and in support thereof, respectfully files this Petition showing the Court and Jury as follows:

### I.

### JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Texas District Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

### II.

### VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or

CERTIFIED COPY

omissions giving rise to the claim occurred in such county. Furthermore, venue is proper in Cameron County, Texas, because the Plaintiffs resided in Cameron County, Texas, at the time their breach of express and implied warranties accrued, pursuant Sections 15.032 and 15.033 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

## III.

## PARTIES

### Plaintiffs

Plaintiffs Albert Pullen and Zonia Pullen are residents of Cameron County, Texas, and bring this action both in their individual capacity and on behalf of all Texas residents who had insurance with Defendants during the last eighteen (18) months. This action is brought by Plaintiffs as a class action on their own behalf, and on behalf of all others similarly situated under Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

There are common questions of law and fact in the action that relate to affect the rights of each member of the class and the relief sought is common to the entire class.

The claims of the named plaintiffs are typical of the claims of the class, in that the claims of all members of the class depend on the showing of the acts of omissions of defendant giving rise to the right of plaintiffs to the relief sought here. There is no conflict between any individual named plaintiffs and other members of the class with respect to this action, or with respect to the class for relief here set forth. Accordingly, the name plaintiffs will fairly and adequately protect the interests of the class. Furthermore, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class and the representative parties will fairly and adequately protect the interests of the class.

CERTIFIED COPY

## Defendants

Defendant Farmers Group, Inc. is a Nevada corporation and the parent company of Farmers Underwriters Association, which is the attorney-in-fact of the Farmers Insurance Exchange. Its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010 and it may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because this suit is being brought by the State of Texas.

Defendant Farmers Underwriters Association is the attorney-in-fact of the Farmers Insurance Exchange. Its principal place of business if 4680 Wilshire Boulevard, Los Angeles, California 90010 and it may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because this suit is being brought by the State of Texas.

Defendant Fire Underwriters Association is the attorney-in-fact of the Fire Insurance Exchange. Its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010 and it may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because this suit is being brought by the State of Texas.

Defendant Farmers Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California and authorized to conduct a homeowners-insurance business in this State. Its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010 and it may be served with process by serving its agent for service, Gerald Galvan, Farmers Insurance Exchange, 100 Farmers Circle, Round Rock, Texas 78728.

Defendant Fire Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California and authorized to conduct a homeowners-insurance business in this State. Its principal place of business is 4680 Wilshire Boulevard, Los Angeles, California 90010 and it may be served with process by serving its agent for service, Fred B. Wekenthin, Jackson Walker, L.L.P., 100 Congress Avenue, Suite 1100, Austin, Texas 78768, as its agent for service.

CERTIFIED COPY

Defendants failed to notify homeowners in the Exchanges that they charge a management fee based on the percentage of premiums collected, the terms of such fees, and that such fees benefit Defendants to the detriment of the Exchanges and the homeowners.

This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

By their conduct, the Defendants engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants resulted in a gross disparity between the value actually received and the value promised.

The Defendants' conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

a. Falsely representing that goods or services are of a particular standard, quality, or grade;

b. Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed;

c. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

CERTIFIED COPY

d.      Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

e.      Engaging in an unconscionable action or course of action that was a producing cause of damages.  Plaintiffs also allege Defendants committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

Plaintiffs also bring this action against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Articles 21.21 of the Texas Insurance Code in connection with the insurance policies sold by Defendants.  Plaintiffs have a direct cause of action against under Article 21.21 of the Texas Insurance Code, including, but not limited to, violations of Article 21.21, Sections 4 (1), (2), (7), and (11) of the Texas Insurance Code.

## V.

## DAMAGES

The conduct of Defendants, as described herein, was a producing cause of damages to the Plaintiffs.  In addition, because such conduct involved knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and necessary attorneys' fees. Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses, mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

**CERTIFIED COPY**

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions. Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of homeowners and in conscious disregard of the foreseeable harm caused by their actions. This conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree of risk that the Plaintiffs would incur substantial injury. The Plaintiffs as well as others similarly situated therefore, are entitled to punitive damages for such malice. Because of all of the above and foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following relief for themselves and all other members of the class:

1.  Compensatory damages in an amount to be proven at trial, including any economic and pecuniary damages such as a refund of premiums charged and other losses to which they show themselves justly entitled;

2.  Punitive Damages;

3.  Reasonable and necessary attorneys fees;

4.  Taxable costs of suit;

5.  Pre and post judgment interest; and

6.  Such other and further relief as the Court may deem necessary or appropriate.

CERTIFIED COPY

Respectfully Submitted,

Suzanne M. Schwarz
State Bar No. 17872300
**LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
P.O. Box 532044
Harlingen, Texas  78553
Tel: (956) 440-0340
Fax: (956) 440-8252


Benigno "Trey" Martinez
State Bar No. 00797011
**MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEY FOR PLAINTIFFS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE: 10-18-02
BY _____ DEPUTY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

**ORIGINAL**

No. 2002-09-003753-A

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRE INSURANCE EXCHANGE
    SERVING ITS REGISTERED AGENT
    FRED. B. WEKENTHIN
    JACKSON WALKER, L.L.P.
    100 CONGRESS AVENUE, STE. 1100
    AUSTIN, TEXAS 78768
the         DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for        PLAINTIFF        ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, 7000 0520 0017 0090 7680      :PTEMBER, A.D. 2002.

AURORA DE LA GARZA        , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 2002-09-003753-A                    **ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRE INSURANCE EXCHANGE
    SERVING ITS REGISTERED AGENT
    FRED. B. WEKENTHIN
    JACKSON WALKER, L.L.P.
    100 CONGRESS AVENUE, STE. 1100
    AUSTIN, TEXAS 78768
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

              ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
                              VS.
              FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for            PLAINTIFF            ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                            .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville,
?000 0520 0017 0090 7680        PTEMBER, A.D. 2002.

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 27th of

SEPTEMBER 2002, I mailed to

_____FIRE INSURANCE EXCHANGE_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

★ CERTIFIED MAIL NO. _____907680_____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

____AURORA DE LA GARZA____, District Clerk
Cameron County, Texas

By:_____Jessica Alicia_____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.003.01

No. 2002-09-003753-A

*ORIGINAL*

T H E   S T A T E   O F   T E X A S

   NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: FARMERS GROUP, INC.
    SERVING REGISTERED AGENT
    C.T. CORPORATION
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the       DEFENDANT       , GREETING:

   You are commanded to appear by filing a written answer to the

PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 107th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said       PETITION       was filed on
SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

          ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
                              VS.
          FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by          SUZANNE M. SCHWARZ
(Attorney for              PLAINTIFF              ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                                    .

   The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

   Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 27th day of SEPTEMBER, A.D. 2002.

                         AURORA DE LA GARZA     DISTRICT CLERK

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

I hereby certify that on the 27th of SEPTEMBER 2002,   I mailed to

FARMERS GROUP, INC.

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   61470661
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas
BY Jessica Alviar , Deputy

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
FARMERS GROUP, INC.
SERVING REGISTERED AGENT
C.T. CORPORATION
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    □ Agent
                                     □ Addressee
B. Received by (Printed Name)   C. Date of Delivery

RECEIVED OCT 0 5 2002

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   XX Certified Mail   □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)
   61470661

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Postage        $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees        $

Postmark
Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
FARMERS GROUP, INC.
Street, Apt. No.; or PO Box No.
350 N. ST. PAUL STREET
City, State, ZIP+4
DALLAS, TEXAS 75201

PS Form 3800, February 2000          See Reverse for Instructions

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2002-09-003753-A                    ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.


TO: FARMERS UNDERWRITERS ASSOCIATION
    SERVING REGISTERED AGENT
    C.T. CORPORATION
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINITFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
                            VS.
FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by _____SUZANNE M. SCHWARZ_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                                  .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 27th day of SEPTEMBER, A.D. 2002.

                            AURORA DE LA GARZA    DISTRICT CLERK

<table>
<tr><td>

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER        TITLE

ADDRESS

CITY       STATE       ZIP

</td></tr>
</table>

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 27th of SEPTEMBER 2002, I mailed to

FARMERS UNDERWRITERS ASSOCIATION

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.  61470630
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA_____, District Clerk
Cameron County, Texas

By _____Jessica Alvar___, Deputy



Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2002-09-003753-A                    **ORIGINAL**

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FARMERS UNDERWRITERS ASSOCIATION
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the         DEFENDANT         , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said       PETITION       was filed on SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

            ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
                            VS.
            FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for         PLAINTIFF         ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533                                   .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 27th day of SEPTEMBER, A.D. 2002.

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER           TITLE

ADDRESS

CITY           STATE           ZIP

---

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the 27th of SEPTEMBER 2002, I mailed to

FARMERS UNDERWRITERS ASSOCIATION

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.    907703
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA, District Clerk
Cameron County, Texas
By: Jessica Alviar, Deputy

---

**CERTIFIED MAIL RECEIPT** (Domestic Mail Only; No Insurance Coverage Provided)

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Recipient's Name: FARMERS UNDERWRITERS ASSOCIATION
Street, Apt. No.; or PO Box No.: 350 N. ST. PAUL STREET
City, State, ZIP+4: DALLAS, TEXAS 75201
PS Form 3800, February 2000

7000 0520 0077 0600 2203

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
FARMERS UNDERWRITERS ASSOC
SERVING ITS REGISTERED AGENT
C.T. CORPORATION
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name): George S. Buckingham
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:
RECEIVED OCT 03 2002

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 907703

PS Form 3811, August 2001      Domestic Return Receipt

Citation for Personal Service   - BY CERTIFIED MAIL    Lit. Seq. # 5.006.01

No. 2002-09-003753-A

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FARMERS INSURANCE EXCHANGE
    SERVING ITS REGISTERED AGENT
    GERALD GALVAN
    100 FARMERS CIRCLE
    ROUND ROCK, TEXAS 78728

the        DEFENDANT        , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' SECOND AMENDED CLASS ACTION PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 26, 2002.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003753-A.

The style of the case is:

    ALBERT PULLEN AND ZONIA PULLEN, ON BEHALF OF THEM
                        VS.
    FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIAT

Said petition was filed in said court by        SUZANNE M. SCHWARZ
(Attorney for        PLAINTIFF        ), whose address is
P.O. BOX 532044 HARLINGEN, TEXAS  78533        .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 27th day of SEPTEMBER, A.D. 2002.

AURORA DE LA GARZA        DISTRICT CLERK

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __27th__ of

__SEPTEMBER__ __2002__, I mailed to

FARMERS INSURANCE EXCHANGE

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. _____61470623_____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

_____AURORA DE LA GARZA_____ , District Clerk
Cameron County, Texas

By_____ , Deputy

---

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER                TITLE

ADDRESS

CITY              STATE              ZIP



## CAUSE NO. 2002-09-3753-A

| | | |
|---|---|---|
| ALBERT PULLEN ET AL.,<br>PLAINTIFFS, | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | |
| FARMERS GROUP, INC., FARMERS<br>UNDERWRITERS ASSOCIATION,<br>FIRE UNDERWRITERS<br>ASSOCIATION, FARMERS<br>INSURANCE EXCHANGE, FIRE<br>INSURANCE EXCHANGE, AND<br>JOSE GUTIERREZ,<br>DEFENDANTS. | § § § § § § § § § § § | CAMERON COUNTY, TEXAS<br><br><br><br>107th JUDICIAL DISTRICT COURT |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 25 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

### DEFENDANTS' MOTION TO TRANSFER VENUE, PLEA IN ABATEMENT, AND ORIGINAL ANSWER

Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange (collectively "defendants") file their Motion to Transfer Venue, Plea in Abatement, and Original Answer to plaintiffs' Third Amended Class Action Petition ("Third Amended Petition") and will respectfully show the Court as follows:

#### MOTION TO TRANSFER VENUE

Defendants deny any and all venue facts that could support the maintenance of venue in this County based on the facts alleged by plaintiffs in the Third Amended Petition. Specifically, defendants deny that:

1. all or a substantial portion of the events or alleged omissions giving rise to plaintiffs' claims occurred in Cameron County, Texas;

2. any defendant in this cause has its principal office in Cameron County;

3. any foreign defendant had an agent, representative, or principal office in Cameron County at the time the cause of action accrued.

30338795.1

Accordingly, defendants, pursuant to Texas Rule of Civil Procedure 86, move to transfer venue from Cameron County, Texas, where venue is improper, to Travis County, Texas, where is proper. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

Venue is proper in Travis County, Texas for several reasons. Venue is proper in Travis County because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Travis County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). Venue is also proper in Travis County because defendants' principal office in Texas is in Travis County. *Id.* at § 15.002(2)(3).[1] In addition, venue in Travis County is required pursuant to Section 2001.038 of the Government Code, which expressly provides for mandatory venue in Travis County. The Texas Civil Practice and Remedies Code provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *See* Tex. Civ. Prac. & Rem. Code § 15.016. Section 2001.038 of the Government Code applies to causes of action challenging the validity or applicability of a state agency rule. *Id.* at § 2001.038(a). Cases falling under Section 2001.038 "may be brought *only* in a Travis County District Court." *Id.* at § 2001.038(b) (emphasis added). This case involves, among other things, the validity or applicability of state agency rules applicable to defendants' use of credit scoring, and accordingly, venue lies in Travis County as mandated by Section 2001.038. Venue is also appropriate in Travis County pursuant to section 15.002(b) of the Remedies Code, Tex. Civ. Prac. & Rem. Code § 15.002(b).

---

[1] Contrary to the conclusory allegation in plaintiffs' Third Amended Petition, venue is <u>not</u> proper in Cameron County simply because plaintiffs may reside there. Venue is only proper in the county of a plaintiff's residence if the other provisions of Section 15.002 do not apply. *See* Section 15.002(a)(4) ("if Subdivisions (1), (2), and (3) do not apply, [lawsuits shall be brought] in the county in which the plaintiff resided at the time of the accrual of the cause of action."). Because a substantial part of the events or omissions giving rise to the claims occurred in Travis County, Texas and because the defendants' principal office is in Travis County, the other provisions of § 15.002 plainly do not apply.

Because defendants have challenged plaintiffs' venue choice, the burden is on plaintiffs to prove that venue is maintainable in the county of suit, *i.e.,* Cameron County. *See, e.g., GeoChem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 543 (Tex. 1998) ("A party who seeks to maintain venue in the county of suit . . . has the burden to make prima facie proof that venue is maintainable in that county."); *Wilson v. Texas Parks and Wildlife Dep't,* 886 S.W.2d 259, 260 (Tex. 1994) ("The burden is on the plaintiff to prove that venue is maintainable in the county of suit.").

### PLEA TO JURISDICTION AND REQUEST FOR ABATEMENT

Subject to and without waiver of their motion to transfer venue, defendants respectfully request that the Court abate this suit so that pending administrative and judicial proceedings initiated by the State of Texas and the Commissioner of Insurance ("Commissioner") against defendants in Travis County be resolved first.

Defendants deny that they are subject to rate regulation by the Texas Department of Insurance ("TDI"). Pleading in the alternative, however, if the Court finds that defendants are subject to regulation by TDI, then the Separation of Powers clause of the Texas Constitution prevents a court from awarding any monetary amounts or ordering declaratory and/or other equitable relief based upon the allegations presented. The judicial branch cannot require defendants to take remedial action based upon activities taken under the regulatory authority of TDI. *See* Tex. Const. art. 2, § 1.

Pleading further and in the alternative, defendants contend that the use of forms and coverages mandated by TDI brings defendants within the doctrine commonly known as the Filed Tariff Doctrine. Under this doctrine, defendants cannot be required by a judicial decision to vary practices that have been required by an administrative agency. *Cf. Southwestern Elec. Power*

*Co. v. Grant*, 73 S.W.3d 211, 216-17 (Tex. 2002) ("[U]nder the filed-rate doctrine, regulated [entities] cannot vary a tariff's terms with individual customers, discriminate in providing services, or charge rates other than those properly filed with the appropriate regulatory authority. . . . And a [regulated entity's] obligations to its customers cannot exceed its duties under a filed tariff."). Defendants have complied with all applicable statutes, rules, and regulations in the use of their forms and coverages. The State has invoked several of its exclusive procedures and remedies under the Insurance Code and has initiated both administrative proceedings and judicial proceedings to address issues raised by defendants' practices in Texas. *See, e.g., In the Matter of Farmers Insurance Exchange and Fire Insurance Exchange*, Order No. 02-0844, Official Order of the Commissioner of Insurance of the State of Texas, Austin, Texas (Aug. 13, 2002) (the "Administrative Action"); *see also The State of Texas and The Texas Commissioner of Insurance v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange*, Cause No. GV202501, in the 261st Judicial District Court of Travis County (the "State Enforcement Action").

For foregoing reasons, this case should be abated pending the outcome of the Administrative Action and the State Enforcement Action.

### ORIGINAL ANSWER

Subject to and without waiver of their motion to transfer venue, their plea to jurisdiction and request for abatement, and pursuant to all stipulations and admissions that may be made, defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, deny each and every allegation of fact contained in plaintiffs' Third Amended Petition, and respectfully request that plaintiffs be required to prove their charges and allegations

against defendants by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

*Eduardo Roberto Rodriguez*

Eduardo Roberto Rodriguez
State Bar No. 17144000
Robert Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Brownsville, Texas 78520 /and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

FULBRIGHT & JAWORSKI L.L.P.

Layne E. Kruse
State Bar No. 11742550
Richard N. Carrell
State Bar No. 03871000
Gerard G. Pecht
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this Defendants' Motion to Transfer Venue, Plea In Abatement, and Original Answer, has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the _25__ day of October, 2002.

Suzanne M. Schwarz
Law Offices of Suzanne Schwarz, P.C.
P.O. Box 532044
Harlington, Texas 78553
Telephone:  956.440.0340
Telecopier:  956.440.8252
**Via Certified Mail, Return Receipt Requested**


Benigno "Trey" Martinez
Martinez, Barrera, & Martinez, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:  956.546.7159
Telecopier:  956.544.0602
**Via Certified Mail, Return Receipt Requested**

_____Eduardo Roberto Rodriguez_____
Eduardo Roberto Rodriguez

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

On this day, October 24, 2002, the affiant, Gerard G. Pecht, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document. According to the affiant's statements under oath, the affiant is counsel for Farmers Group, Inc., Fire Underwriters Association, Farmers Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange, who are parties to this case and parties in *In the Matter of Farmers Insurance Exchange and Fire Insurance Exchange*, Order No. 02-0844, Official Order of the Commissioner of Insurance of the State of Texas, Austin, Texas (Aug. 13, 2002) (the "Administrative Action"); *The State of Texas and The Texas Commissioner of Insurance v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange and Fire Insurance Exchange*, Cause No. GV202501, in the 261st Judicial District Court of Travis County (the "State Enforcement Action"); the affiant has read the Plea in Abatement; and the information in the Plea in Abatement is correct according to the affiant's personal knowledge.


_____
Gerard G. Pecht


SUBSCRIBED AND SWORN TO before me on October 24, 2002.

BETTY TORREY LUSK
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires
FEBRUARY 28, 2006

_____
Notary Public in and for
the State of Texas


BETTY TORREY LUSK
_____
Printed Name of Notary


My Commission Expires: 2/22/06

30338795.1

## CAUSE NO. 2002-09-3753-A

| | | |
|---|---|---|
| ALBERT PULLEN ET AL.,<br>PLAINTIFFS, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | |
| FARMERS GROUP, INC., FARMERS<br>UNDERWRITERS ASSOCIATION,<br>FIRE UNDERWRITERS<br>ASSOCIATION, FARMERS<br>INSURANCE EXCHANGE, FIRE<br>INSURANCE EXCHANGE, AND<br>JOSE GUTIERREZ,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS<br><br><br><br><br>107th JUDICIAL DISTRICT COURT |

## NOTIFICATION OF REMOVAL

TO:   Plaintiffs Albert Pullen et al., by and through their attorneys of record, Suzanne M. Schwarz, Law Offices of Suzanne Schwarz, P.C., P.O. Box 532044, Harlington, Texas 78553 and Benigno "Trey" Martinez, Martinez, Barrera, & Martinez, L.L.P., 1201 E. Van Buren, Brownsville, Texas 78520

PLEASE TAKE NOTICE that defendants on the 25th day of October, 2002, filed a Notice of Removal to remove the civil action styled *Albert Pullen and Zonia Pullen, on behalf of themselves and others similarly situated v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Jose Gutierrez* Cause No. 2002-09-3753-A, from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

PLEASE TAKE FURTHER NOTICE that on filing the Notice of Removal with the United States District Court, the defendants have also filed a copy of the Notice of Removal attached to this Notification with the Clerk of the Court of Cameron County, Texas to effect removal under 28 U.S.C. §§ 1441 and 1446.

30349098.1

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo Roberto Rodriguez
State Bar No. 17144000
Robert Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

FULBRIGHT & JAWORSKI L.L.P.

Layne E. Kruse
State Bar No. 11742550
Richard N. Carrell
State Bar No. 03871000
Gerard G. Pecht
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the _____ day of October, 2002.

Suzanne M. Schwarz
Law Offices of Suzanne Schwarz, P.C.
P.O. Box 532044
Harlington, Texas 78553
Telephone: 956.440.0340
Telecopier: 956.440.8252
**Via Certified Mail, Return Receipt Requested**


Benigno "Trey" Martinez
Martinez, Barrera, & Martinez, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone: 956.546.7159
Telecopier: 956.544.0602
**Via Certified Mail, Return Receipt Requested**


_____
Eduardo Roberto Rodriguez

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **ALBERT PULLEN  ET AL.,** §<br>§ | |
| **Plaintiffs,** §<br>§ | |
| §<br>§ | |
| **V.** §<br>§ | **C. A. NO.** **B-02-206** ' |
| §<br>§ | |
| **FARMERS GROUP, INC.,** §<br>**FARMERS UNDERWRITERS** §<br>**ASSOCIATION, FIRE UNDERWRITERS** §<br>**ASSOCIATION, FARMERS INSURANCE** §<br>**EXCHANGE, FIRE INSURANCE** §<br>**EXCHANGE, AND JOSE GUTIERREZ,** §<br>§ | |
| **Defendants.** §<br>§ | |

## INDEX OF MATTERS BEING FILED

As required by Local Rule CV-81, governing removed actions, the following information

is filed by the removing defendants:

    1.    Certified copies of Plaintiffs' Original Class Action Petition, Plaintiffs' First Amended Class Action Petition, Plaintiffs' Second Amended Class Action Petition, Plaintiffs' Third Amended Class Action Petition, and Defendants Motion to Transfer Venue, Plea in Abatement, and Original Answer, which constitutes all pleadings asserting causes of action and answers to such pleadings;

    2.    The state-court docket sheet;

    3.    All executed process in the case;

    4.    This index of matters being filed;

    5.    A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

    6.    The state-court notification of removal;

The state court has not signed any orders in this case.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | C. A. NO. **B-02-206** ' |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE UNDERWRITERS** | § | |
| **ASSOCIATION, FARMERS INSURANCE** | § | |
| **EXCHANGE, FIRE INSURANCE** | § | |
| **EXCHANGE, AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## LIST OF ALL COUNSEL OF RECORD AND PARTIES REPRESENTED

As required by Local Rule CV-81, governing removed actions, the following information

is filed by the removing defendants:

### List of Counsel of Record

Counsel for Plaintiffs, individually, and for all others similarly situated:

Suzanne M. Schwarz
State Bar No. 17872300
Law Offices of Suzanne Schwarz, P.C.
P.O. Box 532044
Harlington, Texas 78553
Telephone:  956.440.0340
Telecopier:  956.440.8252

Benigno "Trey" Martinez
State Bar No. 00797011
Martinez, Barrera, & Martinez, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:  956.546.7159
Telecopier:  956.544.0602

30350335.1

Counsel for All Defendants:

      Eduardo Roberto Rodriguez
      State Bar No. 17144000
      Federal I.D. No. 1944
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520  and/or
      P.O. Box 2155
      Brownsville, Texas 78522
      Telephone: 956.542.7441
      Telecopier: 956.541.2170

      Robert Patrick Rodriguez
      State Bar No. 24002861
      Federal I.D. No. 22949
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520  and/or
      P.O. Box 2155
      Brownsville, Texas 78522
      Telephone: 956.542.7441
      Telecopier: 956.541.2170

      Layne E. Kruse
      State Bar No. 11742550
      Federal I. D. No. 2383
      Fulbright & Jaworski L.L.P.
      1301 McKinney, Suite 5100
      Houston, Texas  77010-3095
      Telephone:  713.651.5151
      Telecopier:  713.651.5246

      Richard N. Carrell
      State Bar No. 03871000
      Federal I.D. No. 4473
      Fulbright & Jaworski L.L.P.
      1301 McKinney, Suite 5100
      Houston, Texas  77010-3095
      Telephone:  713.651.5151
      Telecopier:  713.651.5246

Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Respectfully submitted,

*Eduardo Roberto Rodriguez*
Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
er.rodriguez@rcclaw.com
Robert Patrick Rodriguez
rp.rodriguez@rcclaw.com
State Bar No. 24002861
Federal I.D. No. 22949
1201 East Van Buren
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

Of Counsel:
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Layne E. Kruse
State Bar No. 11742550
lkruse@fulbright.com
Federal I.D. No. 2383
Richard N. Carrell
State Bar No. 03871000
Federal I.D. No. 4473
rcarrell@fulbright.com
Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
gpecht@fulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

Attorneys-in-Charge for Defendants

30350335.1                          -4-

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 25, 2002.

_Eduardo Roberto Rodriguez_

Eduardo Roberto Rodriguez