5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., | § | |
| FARMERS UNDERWRITERS | § | |
| ASSOCIATION, FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS INSURANCE | § | |
| EXCHANGE, FIRE INSURANCE | § | |
| EXCHANGE, AND JOSE GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS' MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COME NOW PLAINTIFFS Albert Pullen and Zonia Pullen, on behalf of themselves

and others similarly situated, (hereinafter referred to as "*Plaintiffs*") in the above-styled and

numbered cause, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, file this their

*Motion for Leave to File Fourth Amended Complaint*, and in support of this Motion would show

this Court the following:

### Amendment of Pleadings is Permitted and Encouraged by Law

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its

pleadings by leave of court, which "leave shall be freely given when justice so requires." Fed.

R. Civ. P. 15(a). A clear bias in favor of granting leave to amend exists under the Federal Rules

of Civil Procedure. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). A

district court must allow parties to amend their pleadings unless a substantial reason exists which justifies a denial. *Id.* 660 F.2d, at 597-98; *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75-77 (5th Cir. 1961).

## Amendment of Pleadings is Permitted and Encouraged by Law

Section 1653 should be so construed as to liberally permit amendment of pleadings. *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. 1981).  Absent bad faith on the part of the plaintiffs or undue prejudice to the defendants, a district court abuses its discretion when it denies a plaintiff the opportunity to amend his pleadings. *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S.Ct. 227, 230 (1962).

## Plaintiffs' Amendment Serves Valid Purposes

In the case at bar, Plaintiffs seek to amend their Class Action Complaint so as to add four additional Defendants. Such Defendants are Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company and Farmers Texas County Mutual Insurance Company, all of which were involved in the pattern of behavior alleged in Plaintiffs' Class Action Complaint.

All of the companies to be added to this lawsuit are affiliated with Defendant Farmers and sold insurance to Texas consumers. *See Exhibit "B" and "C."*    The companies to be added as Defendants, including the Texas Defendants, are also part of the scheme and practice alleged in Plaintiffs' lawsuit.  In this lawsuit, Plaintiffs have alleged that various Farmers' affiliates, member exchanges, subordinates and related entities were using  the credit history of their policyholders to set premiums. Such companies not only accessed credit histories of Texas policyholders and failed to notify them of the effect of the premiums, but also, in some cases,  switched them to other companies such as Farmers Texas County Mutual Insurance Company.

Plaintiffs have previously added other affiliates of Defendant Farmers Group, Inc. The four additional companies are necessary Defendants as they were involved in the conduct complained of in the Plaintiffs' Class Action lawsuit. *See Exhibit 'D' and 'E.'* As set forth in such Affidavits, potential class members have complaints against the Defendants that Plaintiffs seek leave to add. Thus, the Defendants are necessary parties to this class action lawsuit.

### Plaintiffs Should Be Allowed to Amend Their Complaint

Since amendments to pleadings, particularly those affecting jurisdiction, are to be freely permitted, Plaintiffs should be allowed to amend their Complaint. *See Dussouy,* 660 F.2d at 597; *Miller*, 636 F.2d at 990. Furthermore, these amendments are not intended to cause undue delay or undue surprise to Defendants. Accordingly, the absence of bad faith on the part of Plaintiffs as well as the absence of undue delay or undue surprise, renders the amendment of Plaintiffs' Complaint both valid and permissible by this District Court. *Foman*, 83 S.Ct. at 230.

### Motion for Leave to File Fourth Amended Complaint

For the reasons set forth above, the Plaintiffs seek leave of Court to file their *Fourth Amended Complaint,* the original of which is attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

### Certificate of Conference

On November 18, 2002, the attorney for the Defendants in the above-referenced matter was contacted regarding the Motion for Leave. He stated that he was opposed to this Motion. This Motion is therefore presented to the Court for determination.

*WHEREFORE, PREMISES CONSIDERED,* Plaintiffs pray this Court enter an Order allowing Plaintiffs leave to file their Fourth Amended Complaint, and for such other relief which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557


**OF COUNSEL:**

**LAW OFFICES OF SUZANNE M. SCHWARZ, P.C.**
Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557
P.O. Box 532044
Harlingen, Texas   78553
Tel: (956) 440-0340
Fax: (956) 440-8252
Attorneys in Charge for Plaintiffs

**MARTINEZ, BARRERA, & MARTINEZ, L.L.P.**
Benigno "Trey" Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
ATTORNEYS FOR PLAINTIFFS


### *CERTIFICATE OF CONFERENCE*

I hereby certify that on November 18, 2002, I contacted Layne Cruse, the attorney for the Defendants in the above-referenced matter, regarding the merits of this Motion for Leave. He stated he was opposed to the Motion.  This Motion is therefore presented to the Court for determination.

Suzanne M. Schwarz

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record by either facsimile, hand-delivery or certified mail, return receipt requested, on _____ November 19, 2002 _____, as follows:

Eduardo Roberto Rodriguez, Esq.
Roberto Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas    78520

Layne E. Kruse, Esq.
Richard N. Carrell, Esq.
Gerard G. Pecht, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas    77010

Suzanne M. Schwarz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., | § | |
| FARMERS UNDERWRITERS | § | |
| ASSOCIATION, FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS INSURANCE | § | |
| EXCHANGE, FIRE INSURANCE | § | |
| EXCHANGE, AND JOSE GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF SUZANNE SCHWARZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared Suzanne Schwarz, who, being

by me duly sworn, deposed as follows:

1.    My name is Suzanne M. Schwarz. I am over 18 years of age and have never been convicted of a crime. I am an attorney licensed to practice law in the State of Texas, and have been so licensed since 1989. I am an attorney for the Plaintiffs in the above styled and numbered cause. I am fully competent and authorized in all respects to make this Affidavit on behalf of said Plaintiffs. I have personal knowledge of the matters set forth herein and, unless stated to the contrary, the same are true and correct.

2.    Attached hereto and incorporated for all purposes as Exhibits "A," is a true and correct copy of Plaintiffs' Fourth Amended Complaint.

3.    Attached hereto and incorporated for all purposes as Exhibits "B" and "C" are true and correct copy of documents sent by the Defendants to various Texas consumers..

4.   Attached hereto and incorporated for all purposes as Exhibit "D" is a true and correct copy of the Affidavit of Connie Garza, the original of which is attached to Plaintiffs' Motion to Remand.

5.   Attached hereto and incorporated for all purposes as Exhibit "E" is a true and correct copy of the Affidavit of Laura Pitchford, the original of which is attached to Plaintiffs' Motion to Remand.

4.   I have read the foregoing Motion for Leave to File First Amended Complaint, and the information contained in therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

_____
Suzanne M. Schwarz


SUBSCRIBED AND SWORN TO BEFORE ME on this the _19th_ day of _November_____, 2002.

_____
Notary Public, State of Texas
County of Cameron

ROBERT RODRIGUEZ
MY COMMISSION EXPIRES
March 16, 2005

11IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION | § | |
| FIRE UNDERWRITERS ASSOCIATION | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| FIRE INSURANCE EXCHANGE | § | |
| JOSE GUTIERREZ, TEXAS FARMERS | § | |
| INSURANCE COMPANY | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY OF TEXAS, MID-CENTURY | § | |
| INSURANCE COMPANY, AND | § | |
| FARMERS TEXAS COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **PLAINTIFFS ALBERT PULLEN and ZONIA PULLEN,** each

individually and on behalf of themselves and others, similarly situated, by and through their attorneys

of record, complaining of and against Defendants Farmers Group, Inc., Farmers Underwriters

Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange,

Jose Gutierrez, as agent, Texas Farmers Insurance Company, Mid-Century Insurance Company of

Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company and



in support thereof, respectfully files this Fourth Amended Class Action Complaint showing the Court and Jury as follows::

## I.

## JURISDICTION

The relief sought by the Plaintiffs is subject to the jurisdiction of this Honorable Court. The damages suffered and sought to be recovered by the Plaintiffs in this class exceed the minimum jurisdictional limits of this Court.

## II.

## VENUE

Venue is proper in Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred in such county. Furthermore, venue is proper in Cameron County, Texas, because the Plaintiffs resided in Cameron County, Texas, at the time their breach of express and implied warranties accrued, pursuant to Sections 15.032 and 15.033 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code.

## III.

## PARTIES

### Plaintiffs

Plaintiffs Albert Pullen and Zonia Pullen are residents of Cameron County, Texas, and bring this action both in their individual capacity and on behalf of all Texas residents who had insurance with Defendants during the last eighteen (18) months. This action is brought by Plaintiffs as a class action on their own behalf, and on behalf of all others similarly situated under Texas Rules of Civil Procedure Rule 42 and Texas Insurance Code Section 21.21.

There are common questions of law and fact in the action that relate to affect the rights of

each member of the class and the relief sought is common to the entire class.

The claims of the named plaintiffs are typical of the claims of the class, in that the claims of all members of the class depend on the showing of the acts of omissions of defendant giving rise to the right of plaintiffs to the relief sought here.  There is no conflict between any individual named plaintiffs and other members of the class with respect to this action, or with respect to the class for relief here set forth.  Accordingly, the name plaintiffs will fairly and adequately protect the interests of the class.  Furthermore, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class and the representative parties will fairly and adequately protect the interests of the class.

## Defendants

Defendant Farmers Group, Inc. is a Nevada corporation with its principal place of business in California and has previously been served and entered an appearance in this case.

Defendant Farmers Underwriters Association  is the attorney-in-fact of Farmers Insurance Exchange with its principal place of business and has previously been served and entered an appearance in this case.

Defendant Fire Underwriters Association is the attorney-in-fact of Fire Insurance Exchange with its principal place of business in California and has previously been served and entered and appeared in this case.

Defendant Farmers Insurance Exchange  is a foreign insurance carrier organized and existing under the laws of California with its principal place of business in California and has previously been served and entered an appearance in this case.

Defendant Fire Insurance Exchange is a foreign insurance carrier organized and existing under the laws of California with its principal place of business is in California and has previously been served and entered an appearance in this case.

Defendant Jose Gutierrez is in an insurance agent for the Defendants and is an adult individual who may be served with process at his place of business located at 1514 E. Los Ebanos, Brownsville, Texas 78520.

Texas Farmers Insurance Company is a Texas corporation with its principle place of business in Round Rock, Texas, and it may be served with process by serving its registered agent Gerard Galvan, 100 Farmers Circle, Round Rock, Texas 78728.

Mid-Century Insurance Company of Texas is a Texas corporation with its principle place of business in Round Rock, Texas, and it may be served with process by serving its registered agent Gerard Galvan, 100 Farmers Circle, Round Rock, Texas 78728.

Mid-Century Insurance Company is a Texas corporation with its principle place of business in Los Angeles, California, and it may be served with process by serving its registered agent Fred B. Werkinthin, 100 Congress Avenue, Austin, Texas 78701.

Farmers Texas County Mutual Insurance Company is a Texas corporation with its principle place of business in Round Rock, Texas and it may be served with process by serving its registered agent Gerard Galvan, 100 Farmers Circle, Round Rock, TX 78728.

Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company , Farmers Texas County Mutual Insurance Company and all other Farmers subordinates, affiliates, member exchanges, or d/b/a's have acted in the violations complained of and will be referred to as either "Farmers" or "Defendants

Farmers."

## IV.

### FACTS AND CAUSES OF ACTION

At all relevant times, Defendants were in the business of providing insurance in Texas through itself or as part of a reciprocal exchange. Defendants had a fiduciary duty to their policyholders to act with good faith and fair dealing toward its policyholders. As part of the process of insuring their policyholders, however, during approximately the last eighteen (18) months, Defendants have been using the credit history of their policyholders as a significant factor in calculating premiums for such policyholders. Defendants accessed and used such credit information without notifying policyholders of the effect of doing so. Defendants used the credit information as part of a credit scoring system that was used as a basis for determining premiums and the amount of coverage. Defendants contracted with Fair, Isaac & Co. to obtain such credit score and, based on such score, placed each policyholder into a category between "A" and "Z." Based on such category, Defendants then calculated the policyholder's premium.

Defendants failed to adequately disclose to policyholders that they used their credit history to increase premiums or give discounts and failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Defendants used such credit history as a means to switch policyholders into higher, unregulated companies and did so without full disclosure. Additionally, Defendants, without the consent of the policyholders, accessed and utilized such information from Fair, Isaac & Co. and the Defendants shared such information, all to the Plaintiffs' detriment. As a result of Defendants' actions, their policyholders were damaged and discriminated

against.

Defendants further discriminated against Texas policyholders by charging them for catastrophes that occur in other states and also charging them disproportionately for catastrophes nationwide. Such charges resulted in increased premiums for Texas policyholders. Additionally, the Defendants failed to notify policyholders in the Exchanges that they charge a management fee based on the percentage of premiums collected, the terms of such fees, and that such fees benefit Defendants to the detriment of the Exchanges and the policyholders.

This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

By their conduct, the Defendants engaged in an unconscionable action or course of action. The Defendants took advantage of their position to a grossly unfair degree and are therefore liable to the Plaintiffs. The conduct of the Defendants resulted in a gross disparity between the value actually received and the value promised.

The Defendants' conduct constitutes false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices/Consumer Protection Act (The "DTPA"). Furthermore, Plaintiffs are "consumers" with the meaning of the DTPA, and Defendants, through their acts and omissions, violated the terms of the DTPA including one or more of the following respects:

a.    Falsely representing that goods or services are of a particular standard, quality, or grade;

b.    Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the

consumer into a transaction the consumer would not have entered into had the information been disclosed;

c.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

d.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

e.     Engaging in an unconscionable action or course of action that was a producing cause of damages. Plaintiffs also allege Defendants committed unlisted deceptive trade practices.

The foregoing representations violate Section 17.46(b) of the DTPA and are actionable.

Plaintiffs also bring this action against Defendants for breach of contract, breach of the duty of good faith and fair dealing, and breach of Article 21.21 of the Texas Insurance Code in connection with the insurance policies sold by Defendants. Plaintiffs have a direct cause of action against under Article 21.21 of the Texas Insurance Code, including, but not limited to, violations of Article 21.21 Sections 4 (1), (2), (7), and (11) of the Texas Insurance Code.

## V.

## DAMAGES

The conduct of Defendants, as described herein, was a producing cause of damages to the Plaintiffs. In addition, because such conduct involved knowing violations of the DTPA, Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs also seek the amount of their actual damages plus court costs and reasonable and

necessary attorneys' fees. Plaintiffs also seek treble damages as to Defendants' conduct that was knowingly committed in violation of the Texas Insurance Code.

Plaintiffs seek as damages monetary compensation for all actual, special, out-of-pocket losses, mental stress, consequential, punitive, and other pecuniary damages or losses which they may be justly entitled, including, but not limited to a refund of the insurance premium charged.

Plaintiffs further seek punitive damages against the Defendants for the Defendants' willful actions. Defendants, their agents, employees, and assignees knew or had actual subjective awareness of their actions but nevertheless proceeded with conscious indifference in an effort to maximize sales and profits at the expense of policyholders and in conscious disregard of the foreseeable harm caused by their actions. This conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, or willful and intentional disregard of an extreme degree of risk that the Plaintiffs would incur substantial injury. The Plaintiffs as well as others similarly situated therefore, are entitled to punitive damages for such malice. Because of all of the above and foregoing, the Plaintiffs have been damaged jointly ad severally, and against Defendants for exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following relief for themselves and all other members of the class:

1. Compensatory damages in an amount to be proven at trial, including any economic and pecuniary damages such as a refund of premiums charged and other losses to which they show themselves justly entitled;

2. Punitive Damages;

3. Reasonable and necessary attorneys fees;

4. Taxable costs of suit;

5. Pre and post judgment interest; and

6.    Such other and further relief as the Court may deem necessary or appropriate.


Respectfully Submitted,


Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557


OF COUNSEL:

**LAW OFFICES OF SUZANNE SCHWARZ, P.C.**
P.O. Box 532044
Harlingen, Texas  78553
Tel: (956) 440-0340
Fax: (956) 440-8252
Attorneys in Charge for Plaintiffs

Benigno "Trey" Martinez
State Bar No. 00797011
**MARTINEZ, BARRERA,& MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record by either facsimile, hand-delivery or certified mail, return receipt requested, on _____November 19, 2002_____, as follow:

Eduardo Roberto Rodriguez Esq.
Roberto Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas   78520

Layne E. Kruse, Esq.
Richard N. Carrell, Esq.
Gerard G. Pecht, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas    77010

Suzanne M. Schwarz

**DECLARATION** (Continued From Reverse Side)

Description of auto(s) or Trailer(s) or vehicle(s) is reflected in Item 3 of the Declarations.

Coverage is provided where a premium and a limit of liability are shown for the coverage.

The auto(s) or trailer(s) or vehicle(s) described in the policy will be principally garaged in the town or state shown in Item 1 of the Declarations, unless otherwise stated in Item 5 of the Declarations.

Any loss under Part D of the Personal Auto Policy is payable as interest may appear to the named insured and the lienholder(s), if any, shown in Item 6 of the Declarations.

**COVERAGE DESIGNATIONS - Personal Auto Policy**

A1 - Bodily Injury Liability

A2 - Property Damage Liability

B1 - Medical Payments

B2 - Personal Injury Protection

C - Uninsured/Underinsured Motorists Coverage
   BI means Bodily Injury Liability
   PD means Property Damage Liability -
   $250 Deductible Applicable to PD liability

D - Coverage for Damage to your Auto (vehicle) - Actual Cash Value Unless Otherwise Stated less Deductible

D1 - Other than Collision

D2 - Other than Collision - Specified Perils

D3 - Collision

D4 - Towing and Labor Costs Coverage

This Declarations page, when countersigned, becomes part of Policy Numbered on the reverse side and supersedes and controls anything in the policy contrary hereto but is otherwise subject to the Declarations, Insuring Agreements, Exclusions and Conditions hereof.

## 528A. LOSS PAYABLE CLAUSE MODIFIED

This endorsement forms a part of the policy to which attached, effective from its date of issue unless otherwise stated herein.

Loss or damage under Coverage for Damage to Your Auto shall be paid as interest may appear to you and the loss payee shown in the Declarations or in this endorsement. This insurance covering the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions, unless the loss results from your conversion, secretion or embezzlement of your covered auto. However, we reserve the right to cancel the policy as permitted by policy terms. Notice of the cancellation mailed to the loss payee at least ten days prior to the date the coverage for the loss payee will end terminates this agreement.

The insurance covering the loss payee's interest as specified in this loss payable clause will continue for subsequent policy periods regardless of any policy expiration date shown on the Declarations until we mail notice to the loss payee at least ten days prior to the date the coverage for the loss payee will end.

If you cancel the policy as permitted by policy terms we agree to mail notice of the cancellation to the loss payee at least ten days prior to the date the coverage for the loss payee will end. In any event, your coverage ends on the date of your cancellation.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.


**MID-CENTURY INSURANCE COMPANY OF TEXAS**
(A stock insurance company, herein called the Company)

**TEXAS FARMERS INSURANCE COMPANY**
(A stock insurance company, herein called the Company)

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**
(A county mutual insurance company, herein called the Company)


*Vice President*


**FORM 528A. -    LOSS PAYABLE CLAUSE - MODIFIED**
Texas Standard Automobile Endorsement
Prescribed January 1, 1984

EXHIBIT "B"
FALCON-DALLAS, TX

# TEXAS HOMEOWNERS POLICY

## RECIPROCAL POLICY CONDITIONS

**(Applicable only if policy is issued by the Fire Insurance Exchange or Farmers Insurance Exchange)**

**RECIPROCALS—SPECIAL DEFINITIONS AND PROVISIONS—PLAN OF OPERATION.** Wherever the words "Policy," "Insured," "Company," "Premium," and "President," occur herein they shall be taken and construed to mean "Contract," "Subscriber," "Reciprocal or Inter-Insurance Exchange," "Deposit," and "Attorney-in-Fact," respectively.

This policy is issued as an Inter-Insurance Exchange, by the Fire Underwriters Association or the Farmers Underwriters Association as Attorney-in-Fact for the Fire Insurance Exchange or the Farmers Insurance Exchange in accordance with the powers vested in it by an agreement, executed by subscribers.

Membership Fee paid for membership in the Exchange is not a part of the premium and is fully earned upon membership being granted and coverage effected. It is not returnable but shall be transferred to any subsequent owner of the property covered by this policy. Membership shall terminate upon cancellation of this policy.

**CONTINGENT LIABILITY.** No policyholder in this Exchange incurs any liability other than Deposit Premium or Premium paid; the Exchange having a free surplus in the amount defined by Article 19.03 of the Texas Insurance Code, of 1951, as amended, and in accordance with the Exchange's Articles of Agreement.

**PARTICIPATION.** The insured is by virtue of this policy a member of the Exchange, subject to the Articles of Agreement, reference to which is had and shall be entitled to such unabsorbed premium or dividend as may be declared by the advisory committee, subject, however, to approval in accordance with the provision of the Texas Insurance Code, of 1951, as amended.

The annual meeting of the members of the Fire Insurance Exchange shall be held at the Home Office of the Exchange at Los Angeles, California, on the first Monday following the 15th day of March of each year, at the hour of 10 A.M. and the annual meeting of the members of the Farmers Insurance Exchange shall be held at the Home Office of the Exchange at Los Angeles, California, the first Monday following the 15th day of March of each year at the hour of 2:00 P.M., unless the Board of Governors shall elect to change the time and place of such meeting, in which case, but not otherwise, written or printed notice shall be mailed to each member at his last known address at least ten days prior thereto. The Board of Governors shall be chosen by the subscribers from among themselves, at the annual meeting, or any special meeting held for that purpose, and shall have full power and authority to establish rules and regulations for the management of the Exchange not inconsistent with subscribers' agreement.

This policy shall not be effective unless countersigned on the Declarations Page by a duly authorized representative of the Company named on the Declarations Page. The Company named on the Declarations has caused this policy to be signed by the officers shown below.

TEXAS FARMERS INSURANCE COMPANY
FIRE INSURANCE EXCHANGE
    by Fire Underwriters Association, Attorney-in-Fact
FARMERS INSURANCE EXCHANGE
    by Farmers Underwriters Association, Attorney-in-Fact
MID-CENTURY INSURANCE COMPANY

*Secretary*                                    *Vice-President*

EXHIBIT "C"
FALCON-DALLAS, TX

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HIDALGO** | § |

BEFORE ME, the undersigned authority, personally appeared Connie Garza, who, being by me duly sworn, deposed as follows:

1.  My name is Connie Garza. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.

2.  I had automobile insurance with Texas Farmers Insurance Company.

3.  During the last two years, my automobile premiums increased and I was switched to a higher risk Farmers company. When I questioned them, I learned that the increase and switch to another company was due in part to my credit information and credit score. I was not informed where they had received the credit information from or my

**Affidavit**                                                                                          **Page 1**



right to dispute such information.

FURTHER AFFIANT SAYETH NOT.

Connie Garza

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___14th___ day of
___November___, 2002.

Notary Public, State of Texas
County of Hidalgo

MARISELA GALVAN
MY COMMISSION EXPIRES
JULY 18, 2005

**Affidavit**                                                                    **Page 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HIDALGO** | § |

BEFORE ME, the undersigned authority, personally appeared Laura Pitchford, who, being by me duly sworn, deposed as follows:

1.   My name is Laura Pitchford. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.

2.   I had automobile insurance with Farmers Insurance and its affiliate Mid-Century Insurance Company of Texas.

3.   When I received my premiums notice from Mid-Century Insurance Company of Texas this last year, the premiums had increased dramatically and I had also been switched to another affiliated company of Farmers Insurance.

Affidavit                                                                                           Page 1



4.  I received no explanation from my agent as to the reason for the increase. When I questioned my agent, I learned that my premiums had increased and I had been switched to another company because of my credit information. I did not receive any information from my agent on why my credit information was being used as a basis for increasing my premiums.

5.  When I disputed the information, I received a letter from Mid-Century Insurance Company of Texas stating that I had cancelled the insurance policy.

FURTHER AFFIANT SAYETH NOT.

_____
Laura Pitchford

SUBSCRIBED AND SWORN TO BEFORE ME on this the _14th_ day of _November_, 2002.

_____
Notary Public, State of Texas
County of ~~Cameron~~ Hidalgo

**Affidavit**                                          **Page 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ALBERT PULLEN ET AL.,                §
                                     §
            Plaintiffs,              §
                                     §
                                     §
V.                                   §          C.A. NO. B-02-206
                                     §
FARMERS GROUP, INC.,                 §
FARMERS UNDERWRITERS                 §
ASSOCIATION, FIRE UNDERWRITERS       §
ASSOCIATION, FARMERS INSURANCE       §
EXCHANGE, FIRE INSURANCE             §
EXCHANGE, AND JOSE GUTIERREZ         §
                                     §
            Defendants.              §

## ORDER FOR LEAVE TO FILE
## FOURTH AMENDED COMPLAINT

On the date set forth below came on to be considered *Plaintiffs' Motion for Leave to File*

*Fourth Amended Complaint.* Upon consideration of the pleadings, leave is hereby ***GRANTED***

for Plaintiffs to file their *Fourth Amended Complaint,* the original of which document is attached

as Exhibit "A" to the Motion for Leave. The Clerk of this Court is ***ORDERED*** to file mark

*Plaintiffs' Fourth Amended Complaint,* Exhibit "A" to Plaintiffs' Motion for Leave to File

Fourth Amended Complaint, as of the date of the entry of this Order.

DONE this _____ day of _____, 2002, in Brownsville,

Texas.


_____
UNITED STATES DISTRICT COURT JUDGE