6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., FARMERS | § | |
| UNDERWRITERS ASSOCIATION, | § | |
| FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS | § | |
| INSURANCE EXCHANGE, FIRE | § | |
| INSURANCE EXCHANGE, AND | § | |
| JOSE GUTIERREZ, | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS Albert Pullen and Zonia Pullen, on behalf of themselves

and others similarly situated, (hereinafter referred to as *"Plaintiffs"*) in the above-styled and

numbered cause, and files this their Motion to Remand. In support of their Motion to Remand,

Plaintiffs would respectfully show the Court the following:

### I.

### BACKGROUND

Plaintiffs, Texas residents, filed a class action lawsuit in the 107th Judicial District Court,

Cameron County, Texas against the Defendant Farmers Group, Inc. and its affiliates, member

exchanges, subordinates, d/b/a and Farmers Group related entities, including Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Defendant Jose Gutierrez, as Plaintiffs' agent.

In the lawsuit, Plaintiffs, individually and on behalf of other Texas consumers similarly situated, alleged that, as part of the process of insuring their policyholders, Defendants Farmers and Defendant Gutierrez, have been using the credit history of their policyholders as a significant factor in calculating premiums. The Defendants Farmers along with its agents used the credit information as part of a credit scoring system that was used as basis for determining premiums and the amount of coverage.

Plaintiffs allege Defendants failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Defendants used such credit history as a means to switch policyholders into higher, unregulated companies and did so without full disclosure. As a result of their action, the policyholders were damaged and discriminated against.

On October 25, 2002, Defendants filed a Notice of Removal based on diversity jurisdiction, alleging that the Defendant Jose Gutierrez was fraudulently joined. As set forth below, removal of this action was not proper because the Defendant Jose Gutierrez was not fraudulently joined. Additionally, four other companies - Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company - are necessary parties to this action, and Plaintiffs have filed leave of Court to add the parties to this lawsuit. Three of such companies are Texas entities. Diversity jurisdiction, therefore, does not exist. Thus, this action should be remanded back to state

court.

## II.

## DEFENDANTS CANNOT REMOVE THIS ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION

Complete diversity of citizenship between all plaintiffs and all defendants is required for diversity jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978). Diversity jurisdiction is destroyed if any plaintiff and any defendant are citizens of the same state. *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69-70 (1941); *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992). While it is not necessary that the plaintiffs be diverse from one another, it is required that all plaintiffs be diverse from all defendants. *Strawbridge v. Curtiss,* 7 U.S. 276, 3 Cranch 267, 2 L.Ed. 435 (1806); *In re Rodriguez.,* 79 F.3d 467, (5th Cir. 1996); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814-816 (5th Cir.1993), *cert. denied* 510 U.S. 868 (1993); *Brown v. Mine Safety Appliances Co.,* 753 F.2d 393, 394 (5th Cir. 1985).

### A.    Defendant Jose Gutierrez Was Not Fraudulently Joined By Plaintiffs.

In its Notice of Removal, Defendants allege that Defendant Jose Gutierrez, a Texas resident, has been fraudulently joined in an effort to defeat diversity. As set forth below, Jose Gutierrez was not fraudulently joinder and therefore removal was improper.

The Fifth Circuit has established a clear standard for determining when a defendant has been fraudulently joined. In order to establish fraudulent joinder, the Defendants, the removing parties, have the burden of showing either that there is no possibility as a matter of law that the Plaintiffs will be able to establish a cause of action against them or that there has been our-right fraud in Plaintiffs' pleading of jurisdictional facts. *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271

(5th Cir. 1992); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). The Fifth

Circuit has held that this burden is a heavy one, and the claim of fraudulent joinder must be

supported by clear and convincing evidence. *Burden v. General Dynamics Corp.*, 60 F.3d 213,

217 (5th Cir. 1995); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *Parks v.*

*New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962), *cert. denied,* 376 U.S. 949 (1964).

In determining if a party has been fraudulently joined, the court must evaluate all factual

allegations, and any uncertainties in controlling substantive law are reviewed in the light most

favorable to the non-removing party. *See B., Inc.*, 663 F.2d at 550.  The court does not

determine whether the plaintiff will actually prevail on the merits but merely considers whether

there is any possibility that plaintiff might prevail. *See Burden,* 60 F.3d at 216. Thus, if plaintiff

can set forth even one viable claim against any one of the in-state defendants, the Court must

remand the case. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert.*

*denied,* 464 U.S. 1039 (1984); *B., Inc.*, 663 F.2d at 550 ("if there is even a possibility that a state

court would find a cause of action stated against any one of the named in-state defendants on the

facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have

been properly joined, that there is incomplete diversity, and that the case must be remanded to the

state courts") (citations omitted).

Article 21.21 of the Texas Insurance Code prohibits insurance agents from engaging in

unfair or deceptive trade practices of insurance. *Liberty Mutual Ins. Co. v. Garrison Contractors,*

*Inc.,* 966 S.W.2d 482, 484-86 (Tex. 1998). An insurance agent may be held liable for violations

of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Id.*; *Jackson v.*

*Wilson,* 4 F. Supp.2d. 671, 672 (E.D. Tex. 1998).  It is well-established that an agent may be

responsible for failing to disclose material facts. *McCall v. UNUM Life Ins. Co. of Am.,* 2001

U.S. Dist. Lexis 18132 (N.D. Tex. Nov. 6, 2001); *Colonial County Mutual Ins. Co. v. Valdez*

30 S.W.3d 514, 521 (Tex. App. — Corpus Christi 2000, no pet). An insurer who fails to state

a material fact is liable for fraud and under the Texas Insurance Code. *See Ferguson v. Security*

*Life of Denver Ins. Co.,* 996 F. Supp. 597, 603-604 (N.D. Tex. 1998) (statements by insured

concerning his conversations with insurance agent were subject to differing interpretations, and

thus, insurer failed to prove no possibility of recovery against its agent);*Tenner v. Prudential Ins.*

*Co. Of Am.,* 872 F. Supp. 1571, 1574 (E.D. Tex. 1994) *Southwestern Bell Tel. Co. v. Garza,*

58 S.W.3d 214 (Tex. App. – Corpus Christi 2001, no writ).

In this case, the Defendant Jose Gutierrez and his agency underwrote the Plaintiffs'

insurance policy. Defendant Jose Gutierrez knew that the Defendants Farmers were accessing

Plaintiffs' credit information and using such information to determine and increase his premiums

and the amount of coverage they obtained. Defendant Gutierrez failed, however, to inform

Plaintiffs of such material facts. As set forth in the affidavit of the Plaintiff Albert Pullen,

Defendant Jose Gutierrez failed to inform him that his credit report and credit information was

being used as part of a credit score or that he would be placed in a category based on such credit

score. *See Affidavit of Alberto Pullen attached hereto as Exhibit "A."* Specifically, Mr. Pullen

provides the following:

> My name is Alberto Pullen. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.
>
> I own a home located at 1734 Honeydale in Brownsville, Texas. I have had homeowners' insurance with Farmers Insurance for over five years.
>
> My insurance agent for my homeowners' insurance is Jose Gutierrez, an agent for Farmers Insurance. Mr. Gutierrez' office is located at 1514 E. Los Ebanos, Brownsville, Texas 78520.

The premiums for my homeowners' insurance increased during the last year although the coverage decreased. Mr. Gutierrez never informed me that credit information would be used as part of a credit score or that I would be placed in a category based on such credit score. I was not informed by Mr. Gutierrez that my credit information could result in an increase in my insurance premiums.

I was under the impression that my agent had provided me with complete and accurate information, and I relied on his expertise in paying and securing my homeowner's insurance.

*See Exhibit "A."*

By failing to disclose material facts, the Plaintiffs have viable claims against the Defendant Jose Gutierrez under Article 21.21 of the Texas Insurance Code. In Plaintiffs' Petition filed in state court, Plaintiffs allege violations of Texas Insurance Code Article 21.21 § 4(1),(2),(7) and (11). Additionally, Plaintiffs make claims for violations of the Texas Deceptive Trade Practices Act in their state court petition. Defendant Gutierrez' conduct constitutes false, misleading, and deceptive acts in violation of the Texas Deceptive Trade Practices Act because his failure to disclose facts was intended to induce the Plaintiffs into a transaction the consumer would not have entered or otherwise. Tex. Bus. & Comm. Code §17.46(b)(23). *See Exhibit "A."*

Plaintiffs have claims against the Defendant Jose Gutierrez for his handling of Plaintiffs' insurance. Such claims include, but are not limited to, violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. As set forth in *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), an insurance agency may be held liable under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Plaintiffs have viable causes of action against the Defendant Jose Gutierrez. Thus, Defendants' claims of fraudulent joiner are unfounded, and removal of this action was improper.

**B.** **Plaintiffs Seek Leave to Add Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company as Defendants.**

Plaintiffs have filed leave of court to bring in as a Defendants Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company and Farmers Texas County Mutual Insurance Company. As set forth in the attached documents from the Defendant Farmers, all of the companies to be added to this lawsuit are affiliated with Defendant Farmers and sold insurance to Texas consumers. *See Exhibits "B" and "C."* Additionally, the attached documentation from the Texas Insurance Commission reflects that three of these companies — Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, and Farmers Texas County Mutual Insurance Company – are Texas companies. *See Exhibit "D," "E," and "F."*

The companies to be added as Defendants, including the Texas Defendants, are also part of the scheme and practice alleged in Plaintiffs' Petition. In this lawsuit, Plaintiffs have alleged that various Farmers' affiliates, member exchanges, subordinates and related entities were using the credit history of their policyholders to set premiums. Such companies not only accessed credit histories of Texas policyholders and failed to notify them of the effect of the premiums, but also, in some cases, switched them to other companies such as Farmers Texas County Mutual Insurance Company. Texas consumers — and potential class members in this lawsuit — have the same complaints against these Defendants, as the claims set forth in Plaintiffs' Petition. *See Exhibits "G" and "H."* For example, in her Affidavit, Connie Garza, a Texas consumer, sets forth her complaints against Texas Farmers Insurance Company, a Texas company and the provider of her automobile insurance, as follows:

> My name is Connie Garza. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.
>
> **I had automobile insurance with Texas Farmers Insurance Company.**
>
> **During the last two years, my automobile premiums increased and I was**

> switched to a higher risk Farmers company. **When I questioned them, I learned that the increase and switch to another company was due in part to my credit information and credit score. I was not informed where they had received the credit information from or my right to dispute such information.**

(Emphasis Added). *See Exhibit "G."*

Laura Pitchford, who had an automobile policy with the Texas company Mid-Century

Insurance Company of Texas, also complains of the company's actions as follows:

> My name is Laura Pitchford. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.
>
> I had automobile insurance with Farmers Insurance and its affiliate Mid-Century Insurance Company of Texas.
>
> **When I received my premiums notice from Mid-Century Insurance Company of Texas this last year, the premiums had increased dramatically and I had also been switched to another affiliated company of Farmers Insurance.**
>
> **I received no explanation from my agent as to the reason for the increase. When I questioned my agent, I learned that my premiums had increased and I had been switched to another company because of my credit information. I did not receive any information from my agent on why my credit information was being used as a basis for increasing my premiums.**
>
> **When I disputed the information, I received a letter from Mid-Century Insurance Company of Texas stating that I had cancelled the insurance policy.**

(Emphasis added). *See Exhibit "H."* Ms. Pitchford was switched from Mid-Century Insurance

Company of Texas to Farmers Texas County Mutual Insurance Company, a Texas company. *See*

*Exhibit "I."* Another Texas consumer, George Galindo, had his automobile premiums with Mid-

Century Insurance Company of Texas and had an increase due in part to his credit score. *See Exhibit*

*"J."* As with the other Texas Farmers consumers, Mr. Galindo was not informed at the time of the

use of his credit information as well as his right to dispute such information.

As the Affidavits and documents reflect, the allegations of Texas class members and potential

class members against these Defendants are the same as made against the Defendants already parties to this class action lawsuit.    Thus, the additional Defendants are necessary parties to this lawsuit.

28 U.S.C. § 1447(e) provides the following regarding the addition of Defendants after removal:

### Section 1447. Procedure after removal generally

(e)    If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Since amendments to pleadings, particularly those affecting jurisdiction, are to be freely permitted, Plaintiffs should be allowed to amend their Petition and join Texas Farmers Insurance Company, Mid-Century Insurance Company, Mid-Century Insurance Company of Texas, and Farmers Texas County Mutual Insurance Company as Defendants.    *See Dussouy v. Gulf Coast Inv. Corp,* 660 F.2d 594, 597 (5th Cir. 1981); *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. 1981).    Furthermore, since this case is in its initial stages, adding such Defendants will not cause undue delay or undue surprise to Defendants.    Accordingly, the absence of bad faith on the part of Plaintiffs, as well as the absence of undue delay or undue surprise, renders the amendment of Plaintiffs' Petition both valid and permissible by this District Court.    *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962).

As set forth above, Plaintiffs have requested leave to add four Defendants to this action. Three of those companies – Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, and Farmers Texas County Mutual Insurance Company – are  Texas companies.   Such parties are necessary Defendants to this class action lawsuit. Thus, diversity jurisdiction does not exist and this case should be remanded back to state court.

## III.

## CERTIFICATE OF CONFERENCE

On November 18, 2002, the attorney for the Defendants in the above-referenced mater, was contacted regarding the Motion to Remand, and he stated that he was opposed to the Motion. This Motion is therefore presented to the Court for determination.

## IV.

## COSTS AND EXPENSES

This court should impose appropriate costs, expenses, and attorneys' fees incurred as a result of improper removal since there was no basis for claiming that this court has jurisdiction on any basis over the causes of action asserted in the Plaintiffs' petition. *See* U.S.C. §1447. The notice of removal only had the purpose and effect of causing unnecessary delay and increasing the costs of litigation. For this reason, Plaintiffs would move that this Honorable Court order Defendants to pay to Plaintiffs all costs and expenses, including attorneys' fees incurred by Plaintiffs as a result of this removal.

## V.

## CONCLUSION

Removal of this action to federal court is not proper. The Defendant Jose Gutierrez was not fraudulently joined; rather, Plaintiffs have viable claims against him. Additionally, Plaintiffs seek leave to add four additional Defendants that are necessary to this action. Three of such Defendants are Texas companies. Thus, diversity of citizenship among all the parties to the lawsuit does not exist, as the Plaintiffs and Defendants are citizens of the state of Texas. Plaintiffs therefore request that this action be remanded to state court.

Respectfully submitted,

*Suzanne M. Schwarz*
Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557

**OF COUNSEL:**

**LAW OFFICES OF SUZANNE M. SCHWARZ, P.C.**
Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557
P.O. Box 532044
Harlingen, Texas   78553
Tel: (956) 440-0340
Fax: (956) 440-8252
Attorneys in Charge for Plaintiffs

**MARTINEZ, BARRERA, & MARTINEZ, L.L.P.**
Benigno "Trey" Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
**ATTORNEYS FOR PLAINTIFFS**

## *CERTIFICATE OF CONFERENCE*

I hereby certify that on November 18, 2002, I contacted Layne Kruse, the attorney for the Defendants in the above-referenced matter, regarding this Motion to Remand.  He stated that he was opposed to the Motion. This Motion is therefore presented to the Court for determination.

*Suzanne M. Schwarz*
Suzanne M. Schwarz

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record by either facsimile, hand-delivery or certified mail, return receipt requested, on _____ *November 19, 2002.* _____, as follows:

Eduardo Roberto Rodriguez, Esq.
Roberto Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas   78520

Layne E. Kruse, Esq.
Richard N. Carrell, Esq.
Gerard G. Pecht, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas   77010

_____
Suzanne M. Schwarz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., | § | |
| FARMERS UNDERWRITERS | § | |
| ASSOCIATION, FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS INSURANCE | § | |
| EXCHANGE, FIRE INSURANCE | § | |
| EXCHANGE, AND JOSE GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF SUZANNE SCHWARZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared Suzanne Schwarz, who, being by me duly sworn, deposed as follows:

1.    My name is Suzanne M. Schwarz. I am over 18 years of age and have never been convicted of a crime. I am an attorney licensed to practice law in the State of Texas, and have been so licensed since 1989. I am an attorney for the Plaintiffs in the above styled and numbered cause. I am fully competent and authorized in all respects to make this Affidavit on behalf of said Plaintiffs. I have personal knowledge of the matters set forth herein and, unless stated to the contrary, the same are true and correct.

2.    Attached hereto and incorporated for all purposes as Exhibits "B," "C," "H,", "I," and "J" are true and correct copies of documents sent by the Defendants to various Texas consumers.

3.    Attached hereto and incorporated for all purposes as Exhibit "D," "E," and "F," are

true and correct copies of documents received from the Texas Insurance Commission.

4.    I have read the foregoing Motion for Remand, and the information contained in therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.



Suzanne M. Schwarz

SUBSCRIBED AND SWORN TO BEFORE ME on this the _18th_ day of _November_, 2002.

Notary Public, State of Texas
County of Cameron

ROBERT RODRIGUEZ
MY COMMISSION EXPIRES
March 16, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF CAMERON** | § |

BEFORE ME, the undersigned authority, personally appeared Alberto Pullen, who, being

by me duly sworn, deposed as follows:

1.  My name is Alberto Pullen. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.

2.  I own a home located at 1734 Honeydale in Brownsville, Texas. I have had homeowners' insurance with Farmers Insurance for over five years.

3.  My insurance agent for my homeowners' insurance is Jose Gutierrez, an agent for Farmers Insurance. Mr. Gutierrez' office is located at 1514 E. Los Ebanos, Brownsville, Texas 78520.

Affidavit                                                                                           Page 1



4.      The premiums for my homeowners' insurance increased during the last year although the coverage decreased. Mr. Gutierrez never informed me that credit information would be used as part of a credit score or that I would be placed in a category based on such credit score. I was not informed by Mr. Gutierrez that my credit information could result in an increase in my insurance premiums.

5.      I was under the impression that my agent had provided me with complete and accurate information, and I relied on his expertise in paying and securing my homeowner's insurance.

FURTHER AFFIANT SAYETH NOT.

_____
Alberto Pullen

SUBSCRIBED AND SWORN TO BEFORE ME on this the **14th** day of
**November** , 2002.

ANABEL GUERRA
Notary Public, State of Texas
My Commission Expires
September 20, 2006

_____
Notary Public, State of Texas
County of Cameron

**DECLARATION** (Continued From Reverse Side)

Description of auto(s) or Trailer(s) or vehicle(s) is reflected in Item 3 of the Declarations.

Coverage is provided where a premium and a limit of liability are shown for the coverage.

The auto(s) or trailer(s) or vehicle(s) described in the policy will be principally garaged in the town or state shown in Item 1 of the Declarations, unless otherwise stated in Item 5 of the Declarations.

Any loss under Part D of the Personal Auto Policy is payable as interest may appear to the named insured and the lienholder(s), if any, shown in Item 6 of the Declarations.

**COVERAGE DESIGNATIONS** - Personal Auto Policy

A1 - Bodily Injury Liability

A2 - Property Damage Liability

B1 - Medical Payments

B2 - Personal Injury Protection

C - Uninsured/Underinsured Motorists Coverage
   BI means Bodily Injury Liability
   PD means Property Damage Liability -
   $250 Deductible Applicable to PD liability

D - Coverage for Damage to your Auto (vehicle) - Actual Cash Value Unless Otherwise Stated less Deductible

D1 - Other than Collision

D2 - Other than Collision - Specified Perils

D3 - Collision

D4 - Towing and Labor Costs Coverage

This Declarations page, when countersigned, becomes part of Policy Numbered on the reverse side and supersedes and controls anything in the policy contrary hereto but is otherwise subject to the Declarations, Insuring Agreements, Exclusions and Conditions hereof.

## 528A. LOSS PAYABLE CLAUSE MODIFIED

This endorsement forms a part of the policy to which attached, effective from its date of issue unless otherwise stated herein.

Loss or damage under Coverage for Damage to Your Auto shall be paid as interest may appear to you and the loss payee shown in the Declarations or in this endorsement. This insurance covering the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions, unless the loss results from your conversion, secretion or embezzlement of your covered auto. However, we reserve the right to cancel the policy as permitted by policy terms. Notice of the cancellation mailed to the loss payee at least ten days prior to the date the coverage for the loss payee will end terminates this agreement.

The insurance covering the loss payee's interest as specified in this loss payable clause will continue for subsequent policy periods regardless of any policy expiration date shown on the Declarations until we mail notice to the loss payee at least ten days prior to the date the coverage for the loss payee will end.

If you cancel the policy as permitted by policy terms we agree to mail notice of the cancellation to the loss payee at least ten days prior to the date the coverage for the loss payee will end. In any event, your coverage ends on the date of your cancellation.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

**MID-CENTURY INSURANCE COMPANY OF TEXAS**
(A stock insurance company, herein called the Company)

**TEXAS FARMERS INSURANCE COMPANY**
(A stock insurance company, herein called the Company)

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**
(A county mutual insurance company, herein called the Company)

*Vice President*

**FORM 528A. -   LOSS PAYABLE CLAUSE - MODIFIED**
Texas Standard Automobile Endorsement
Prescribed January 1, 1984

**EXHIBIT**
"B"

# TEXAS HOMEOWNERS POLIC(

## RECIPROCAL POLICY CONDITIONS

**Applicable only if policy is issued by the Fire Insurance Exchange or Farmers Insurance Exchange)**

**ECIPROCALS—SPECIAL DEFINITIONS AND PROVISIONS—PLAN OF OPERATION.** Wherever the words 'olicy," "Insured," "Company," "Premium," and "President," occur herein they shall be taken and construed to mean 'ontract," "Subscriber," "Reciprocal or Inter-Insurance Exchange," "Deposit," and "Attorney-in-Fact," respectively.

s policy is issued as an Inter-Insurance Exchange, by the Fire Underwriters Association or the Farmers Underwriters Association Attorney-in-Fact for the Fire Insurance Exchange or the Farmers Insurance Exchange in accordance with the powers vested t by an agreement, executed by subscribers.

mbership Fee paid for membership in the Exchange is not a part of the premium and is fully earned upon membership being nted and coverage effected. It is not returnable but shall be transferred to any subsequent owner of the property covered his policy. Membership shall terminate upon cancellation of this policy.

**CONTINGENT LIABILITY.** No policyholder in this Exchange incurs any liability other than Deposit Premium or Premium i, the Exchange having a free surplus in the amount defined by Article 19.03 of the Texas Insurance Code, of 1951, as amended, in accordance with the Exchange's Articles of Agreement.

**RTICIPATION.** The insured is by virtue of this policy a member of the Exchange, subject to the Articles of Agreement, rence to which is had and shall be entitled to such unabsorbed premium or dividend as may be declared by the advisory mittee, subject, however, to approval in accordance with the provision of the Texas Insurance Code, of 1951, as amended.

annual meeting of the members of the Fire Insurance Exchange shall be held at the Home Office of the Exchange at Los Angeles, 'ornia, on the first Monday following the 15th day of March of each year, at the hour of 10 A.M. and the annual meeting e members of the Farmers Insurance Exchange shall be held at the Home Office of the Exchange at Los Angeles, California 1e first Monday following the 15th day of March of each year at the hour of 2:00 P.M., unless the Board of Governors shall to change the time and place of such meeting, in which case, but not otherwise, written or printed notice shall be mailed member at his last known address at least ten days prior thereto. The Board of Governors shall be chosen by the subscribers among themselves, at the annual meeting, or any special meeting held for that purpose, and shall have full power and authority tablish rules and regulations for the management of the Exchange not inconsistent with subscribers' agreement.

policy shall not be effective unless countersigned on the Declarations Page by a duly authorized representative of the Company ed on the Declarations Page. The Company named on the Declarations has caused this policy to be signed by the officers n below.

> TEXAS FARMERS INSURANCE COMPANY
> FIRE INSURANCE EXCHANGE
>   by Fire Underwriters Association, Attorney-in-Fact
> FARMERS INSURANCE EXCHANGE
>   by Farmers Underwriters Association, Attorney-in-Fact
> MID-CENTURY INSURANCE COMPANY

Secretary                                    Vice-President

**EXHIBIT "C"**

# TEXAS FARMERS INSURANCE COMPANY

█████████████████████████

<u>General Info</u>
<u>Contact Info</u>
<u>Types of Insurance</u>
<u>Attorney for Service</u>
<u>Ratings</u>
<u>Financial Info</u>
<u>Premiums</u>
<u>Complaint Ratios</u>
<u>Company History</u>
<u>Company Officers</u>

**General Information:**

| | |
|---|---|
| **Type of Entity:** | CL |
| **Status of TX License:** | Active |
| **NAIC Number:** | 21695 |
| **TDI Company Number:** | 81700 |
| **Company Type Code (Old/New):** | 07/61 |
| **FEIN:** | 941663548 |
| **Home City/State:** | Round Rock, TX |
| **Origin:** | Domestic |
| **Date of Incorporation:** | 08/25/1967 |
| **Date Licensed in Texas:** | 12/21/1967 |
| **Date License Cancelled:** | |
| **Company Status:** | Normal Operations |
| **Category:** | Fire & Casualty |
| **Class Code:** | Property & Casualty |

**Contact Information:**

| | |
|---|---|
| **Mailing Address:** | P O Box 149044 |
| | 100 Farmers Circle |
| | Austin TX 78714-9044 |
| **Office Number:** | (512) 238-4485 |
| **Toll Free Number:** | (800) 225-0011 |
| **Fax Number:** | (512) 238-4689 |

**Types of Insurance Licensed to Write:**

EXHIBIT
"D"
FALCON·DALLAS, TX

Case 1:02-cv-00206   Document 6   Filed in TXSD on 11/19/2002   Page 20 of 40

| Air Physical Damage | Aircraft Liability | Allied Coverages |
|---|---|---|
| Auto Liability | Auto Physical Damage | Boiler & Machinery |
| Burglary & Theft | Employers'Liability | Fidelity & Surety |
| Fire | Forgery | Glass |
| Hail | Inland Marine | Liability Other |
| Livestock | Ocean Marine | Rain |
| Reinsurance All Lines | W. C. Emp. Liability | |

**Attorney for Service:**

Gerard Galvan
100 Farmers Circle
Round Rock TX 78728

**Rating By Financial Organization:**

The following organizations rate insurance companies on their financial strength and stability. Some of these companies charge for their services.
A.M. Best
Weiss Ratings Inc.
Standard & Poor's Corp.
Moody's Investors Service
Fitch IBCA, Duff and Phelps Ratings

**Financial Information:**

| As of: | Dec. 31, 1999 | Dec. 31, 2000 | Dec. 31, 2001 |
|---|---|---|---|
| Total Assets | $146,967,650 | $155,325,382 | $215,692,113 |
| Total Liabilities | $95,877,562 | $106,440,206 | $168,582,133 |
| Asset to Liability Ratio | 1.53 | 1.46 | 1.28 |
| Capital | $1,000,000 | $1,000,000 | $1,000,000 |
| Net Surplus | $50,090,083 | $47,885,181 | $46,109,984 |
| Net Life Ins | N/A | N/A | N/A |

**Premiums:**

| As of: | 1999 | 2000 | 2001 |
|---|---|---|---|
| Life and Annuities | N/A | N/A | N/A |
| Accident and Health | $0 | N/A | $0 |
| Property and Casualty | $359,834,019 | $317,474,962 | $213,624,923 |
| Total Texas Premium | $359,834,019 | $317,474,962 | $213,624,923 |

| National Premium | $366,757,360 | $320,037,968 | $215,164,277 |
|---|---|---|---|

**Complaint Information:**

|  | DEC 31, 2000 | | DEC 31, 2001 | | OCT 15, 2002 |
|---|---|---|---|---|---|
| **Justified Complaints:** | | | | | |
| Life and Annuity | 0 | | 0 | | 0 |
| Accident and Health | 0 | | 0 | | 0 |
| Homeowner | 15 | | 38 | | 41 |
| Automobile | 117 | | 130 | | 63 |
| **Complaint Ratio/Index** | Ratio | Index | Ratio | Index | |
| Life and Annuities | .0000 | .0000 | .0000 | .0000 | N/A |
| Accident and Health | .0000 | .0000 | .0000 | .0000 | N/A |
| Homeowner | .0121 | .7675 | .0375 | 1.4432 | N/A |
| Automobile | .0357 | .6693 | .1137 | 2.3092 | N/A |

Complaints against an insurance company are not part of the complaint tally above if the insurance company served only as a Third Party Administrator (TPA), a company hired simply to administer the paperwork of a health plan. Instead, they are included in the complaint record of the insurance company or HMO that hired the TPA. If a bonafide self-insured benefit plan hired the TPA, no complaint numbers are recorded as a part of the company/TPA's profile. Neither are profiles available for self-insured plans, as such plans are regulated under federal law.

**Company History:**

| Date | Event |
|---|---|
| 04-15-2002 | PENALTY OF $100,000 PAID BY COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS AND FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, ROUND ROCK, TEXAS FOR IMPOSING DRIVING RECORD PREMIUM SURCHARGES OUTSIDE THE APPLICABLE EXPERIENCE PERIODS IN TEXAS. |
| 07-06-2001 | APPROVED TO WITHDRAW FROM WRITING PERSONAL LINES PRIVATE PASSENGER AUTOMOBILE INSURANCE IN TEXAS. |
| 08-04-1998 | ACQUIRED BY ALLIED ZURICH P.L.C., ALLIED ZURICH HOLDING LIMITED, ZURICH FINANCIAL SERVICES, ZURICH INSURANCE COMPANY (93350) AND ZURICH ALLIED AG. |
| 03-25-1998 | PENALTY OF $25,000 PAID BY COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS AND FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY FOR PRIVATE PASSENGER AUTOMOBILE LIABILITY INSURANCE RATE VIOLATIONS IN TEXAS. |
| 11-05-1997 | MOVED HOME OFFICE FROM AUSTIN, TEXAS TO ROUND ROCK, TEXAS. |
| 11-05-1997 | ADDED EMPLOYERS' LIABILITY INSURANCE. |
| 07-21-1988 | ARTICLE 1.28, TEXAS INSURANCE CODE, WAS APPROVED TO MOVE THEIR BOOKS AND RECORDS OUT OF TEXAS |
| 01-01-1968 | ALL PRIVATE PASSENGER AUTOMOBILE POLICIES AND COMPREHENSIVE PERSONAL LIABILITY POLICIES WERE REINSURED BY FARMERS INSURANCE EXCHANGE (27800) LOS ANGELES, CALIFORNIA |

Case 1:02-cv-00206   Document 6    Filed in TXSD on 11/19/2002    Page 22 of 40

**Company Officers:**

| Title | Name/Address/Phone |
| --- | --- |
| President | John Philip Hageman |
| Secretary | Mark Allen Franciskovic |
| Treasurer | Wayne Michael Nyman |

# FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY

**General Info**
**Contact Info**
**Types of Insurance**
**Attorney for Service**
**Ratings**
**Financial Info**
**Premiums**
**Complaint Ratios**
**Company History**
**Company Officers**

## General Information:

| | |
|---|---|
| **Type of Entity:** | CL |
| **Status of TX License:** | Active |
| **NAIC Number:** | 24392 |
| **TDI Company Number:** | 28630 |
| **Company Type Code (Old/New):** | 56/77 |
| **FEIN:** | 741067657 |
| **Home City/State:** | Round Rock, TX |
| **Origin:** | Domestic |
| **Date of Incorporation:** | 12/04/1947 |
| **Date Licensed in Texas:** | 01/21/1948 |
| **Date License Cancelled:** | |
| **Company Status:** | Normal Operations |
| **Category:** | County Mutual Associations |
| **Class Code:** | Property & Casualty |

## Contact Information:

| | |
|---|---|
| **Mailing Address:** | P O Box 149044 |
| | 100 Farmers Circle |
| | Austin TX 78714-9044 |
| **Office Number:** | (512) 238-4485 |
| **Toll Free Number:** | (800) 225-0011 |



EXHIBIT "E"

**Fax Number:**        (512) 238-4689

Types of Insurance Licensed to Write:

| | | |
|---|---|---|
| Air Physical Damage | Allied Coverages | Auto Liability |
| Auto Physical Damage | Burglary & Theft | Fire |
| Hail | Inland Marine | Livestock |
| Ocean Marine | Reinsurance All Lines | |

Attorney for Service:

Gerard Galvan

100 Farmers Circle

Round Rock TX 78728

Rating By Financial Organization:

The following organizations rate insurance companies on their financial strength and stability. Some of these companies charge for their services.

A.M. Best
Weiss Ratings Inc.
Standard & Poor's Corp.
Moody's Investors Service
Fitch IBCA, Duff and Phelps Ratings

Financial Information:

| As of: | Dec. 31, 1999 | Dec. 31, 2000 | Dec. 31, 2001 |
|---|---|---|---|
| Total Assets | $13,314,534 | $25,159,450 | $69,293,492 |
| Total Liabilities | $1,598,182 | $12,446,615 | $54,816,688 |
| Asset to Liability Ratio | 8.33 | 2.02 | 1.26 |
| Capital | $0 | $0 | $0 |
| Net Surplus | $11,716,351 | $12,712,836 | $14,476,806 |
| Net Life Ins | N/A | N/A | N/A |

Premiums:

| As of: | 1999 | 2000 | 2001 |
|---|---|---|---|
| Life and Annuities | N/A | N/A | N/A |
| Accident and Health | $0 | $0 | $0 |

28630: Farmers Texas County Mutual Insurance Company                                    Page 3 of 4

| Property and Casualty | $74,305,633 | $109,332,197 | $271,396,353 |
|---|---|---|---|
| Total Texas Premium | $74,305,633 | $109,332,197 | $271,396,353 |
| National Premium | $74,305,632 | $109,332,196 | $271,396,353 |

**Complaint Information:**

| | DEC 31, 2000 | | DEC 31, 2001 | | OCT 31, 2002 |
|---|---|---|---|---|---|
| **Justified Complaints:** | | | | | |
| Life and Annuity | 0 | | 0 | | 0 |
| Accident and Health | 0 | | 0 | | 0 |
| Homeowner | 0 | | 3 | | 5 |
| Automobile | 35 | | 64 | | 130 |
| **Complaint Ratio/Index** | Ratio | Index | Ratio | Index | |
| Life and Annuities | .0000 | .0000 | .0000 | .0000 | N/A |
| Accident and Health | .0000 | .0000 | .0000 | .0000 | N/A |
| Homeowner | .0000 | .0000 | .0000 | .0000 | N/A |
| Automobile | .0214 | .4011 | .0162 | .3287 | N/A |

Complaints against an insurance company are not part of the complaint tally above if the insurance company served only as a Third Party Administrator (TPA), a company hired simply to administer the paperwork of a health plan. Instead, they are included in the complaint record of the insurance company or HMO that hired the TPA. If a bonafide selfinsured benefit plan hired the TPA, no complaint numbers are recorded as a part of the company/TPA's profile. Neither are profiles available for self-insured plans, as such plans are regulated under federal law.

**Company History:**

| Date | Event |
|---|---|
| 04-15-2002 | PENALTY OF $100,000 PAID BY COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS AND TEXAS FARMERS INSURANCE COMPANY, ROUND ROCK, TEXAS FOR CHARGING RATES IN EXCESS OF THOSE IT HAD FILED IN TEXAS. |
| 08-04-1998 | ACQUIRED BY ALLIED ZURICH P.L.C., ALLIED ZURICH HOLDING LIMITED, ZURICH FINANCIAL SERVICES, ZURICH INSURANCE COMPANY (93350) AND ZURICH ALLIED AG. |
| 03-25-1998 | PENALTY OF $25,000 PAID BY COMPANY, TEXAS FARMERS INSURANCE COMPANY AND MID-CENTURY INSURANCE COMPANY OF TEXAS FOR PRIVATE PASSENGER AUTOMOBILE LIABILITY INSURANCE RATE VIOLATIONS IN TEXAS. |
| 10-31-1997 | MOVED HOME OFFICE FROM AUSTIN, TEXAS TO ROUND ROCK, TEXAS. |
| 07-21-1988 | ARTICLE 1.28, TEXAS INSURANCE CODE, WAS APPROVED TO MOVE THEIR BOOKS AND RECORDS OUT OF TEXAS |

28630: Farmers Texas County Mutual Insurance Company                                Page 4 of 4

| 03-19-1962 | MOVED HOME OFFICE FROM BEAUMONT, TEXAS TO AUSTIN, TEXAS |
|---|---|
| 02-08-1962 | FORMERLY: JEFFERSON COUNTY MUTUAL INSURANCE COMPANY (02077). |
| 02-08-1962 | JEFFERSON COUNTY MUTUAL INSURANCE COMPANY |

**Company Officers:**

| Title | Name/Address/Phone |
|---|---|
| President | John Philip Hageman |
| Secretary | Mark Allen Franciskovic |
| Treasurer | Wayne Michael Nyman |

# MID-CENTURY INSURANCE COMPANY OF TEXAS

General Info
Contact Info
Types of Insurance
Attorney for Service
Ratings
Financial Info
Premiums
Complaint Ratios
Company History
Company Officers

**General Information:**

| | |
|---|---|
| Type of Entity: | CL |
| Status of TX License: | Active |
| NAIC Number: | 28673 |
| TDI Company Number: | 5820 |
| Company Type Code (Old/New): | 07/61 |
| FEIN: | 742448744 |
| Home City/State: | Round Rock, TX |
| Origin: | Domestic |
| Date of Incorporation: | 01/23/1987 |
| Date Licensed in Texas: | 03/13/1987 |
| Date License Cancelled: | |
| Company Status: | Normal Operations |
| Category: | Fire & Casualty |
| Class Code: | Property & Casualty |

**Contact Information:**

| | |
|---|---|
| Mailing Address: | P O Box 149044 |
| | 100 Farmers Circle |
| | Austin TX 78714-9044 |
| Office Number: | (512) 238-4485 |
| Toll Free Number: | (800) 225-0011 |
| Fax Number: | (512) 238-4689 |

**Types of Insurance Licensed to Write:**



EXHIBIT

"F"

Case 1:02-cv-00206 Document 6 Filed in TXSD on 11/19/2002 Page 28 of 40 Page 2 of 4

| Air Physical Damage | Aircraft Liability | Allied Coverages |
|---|---|---|
| Auto Liability | Auto Physical Damage | Boiler & Machinery |
| Burglary & Theft | Credit | Employers'Liability |
| Fidelity & Surety | Fire | Forgery |
| Glass | Hail | Inland Marine |
| Liability Other | Livestock | Ocean Marine |
| Rain | Reinsurance All Lines | W. C. Emp. Liability |

**Attorney for Service:**

Gerard Galvan

100 Farmers Circle

Round Rock TX 78728

**Rating By Financial Organization:**

The following organizations rate insurance companies on their financial strength and stability. Some of these companies charge for their services.

A.M. Best

Weiss Ratings Inc.

Standard & Poor's Corp.

Moody's Investors Service

Fitch IBCA, Duff and Phelps Ratings

**Financial Information:**

| As of: | Dec. 31, 1999 | Dec. 31, 2000 | Dec. 31, 2001 |
|---|---|---|---|
| Total Assets | $29,575,145 | $39,441,535 | $150,038,329 |
| Total Liabilities | $12,223,940 | $19,588,452 | $127,341,979 |
| Asset to Liability Ratio | 2.42 | 2.01 | 1.18 |
| Capital | $1,000,000 | $1,000,000 | $1,000,000 |
| Net Surplus | $16,351,205 | $18,853,085 | $21,696,352 |
| Net Life Ins | N/A | N/A | N/A |

**Premiums:**

| As of: | 1999 | 2000 | 2001 |
|---|---|---|---|
| Life and Annuities | N/A | N/A | N/A |
| Accident and Health | $0 | $0 | $0 |
| Property and Casualty | $709,912,287 | $721,139,104 | $793,716,066 |
| Total Texas Premium | $709,912,287 | $721,139,104 | $793,716,066 |

| National Premium | $709,912,287 | $721,139,105 | $793,716,066 |
|---|---|---|---|

**Complaint Information:**

| | DEC 31, 2000 | | DEC 31, 2001 | | OCT 15, 2002 |
|---|---|---|---|---|---|
| **Justified Complaints:** | | | | | |
| Life and Annuity | 0 | | 0 | | 0 |
| Accident and Health | 0 | | 0 | | 0 |
| Homeowner | 3 | | 10 | | 9 |
| Automobile | 217 | | 319 | | 274 |
| **Complaint Ratio/Index** | Ratio | Index | Ratio | Index | |
| Life and Annuities | .0000 | .0000 | .0000 | .0000 | N/A |
| Accident and Health | .0000 | .0000 | .0000 | .0000 | N/A |
| Homeowner | .0000 | .0000 | .0000 | .0000 | N/A |
| Automobile | .0203 | .3816 | .0311 | .6316 | N/A |

Complaints against an insurance company are not part of the complaint tally above if the insurance company served only as a Third Party Administrator (TPA), a company hired simply to administer the paperwork of a health plan. Instead, they are included in the complaint record of the insurance company or HMO that hired the TPA. If a bonafide self-insured benefit plan hired the TPA, no complaint numbers are recorded as a part of the company/TPA's profile. Neither are profiles available for self-insured plans, as such plans are regulated under federal law.

**Company History:**

| Date | Event |
|---|---|
| 04-15-2002 | PENALTY OF $100,000 PAID BY COMPANY, TEXAS FARMERS INSURANCE COMPANY AND FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, ROUND ROCK, TEXAS FOR IMPOSING DRIVING RECORD PREMIUM SURCHARGES OUTSIDE THE APPLICABLE EXPERIENCE PERIODS IN TEXAS. |
| 01-08-1999 | PENALTY OF $150,000 FOR VIOLATIONS WITH UNDERWRITING GUIDELINES FOR PRIVIATE PASSENGER AUTOMOBILE INSURANCE IN TEXAS. |
| 08-04-1998 | ACQUIRED BY ALLIED ZURICH P.L.C., ALLIED ZURICH HOLDING LIMITED, ZURICH FINANCIAL SERVICES, ZURICH INSURANCE COMPANY (93350) AND ZURICH ALLIED AG. |
| 03-25-1998 | PENALTY OF $25,000 PAID BY COMPANY, TEXAS FARMERS INSURANCE COMPANY AND FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY FOR PRIVATE PASSENGER AUTOMOBILE LIABILITY INSURANCE RATE VIOLATIONS IN TEXAS. |
| 11-05-1997 | MOVED HOME OFFICE FROM AUSTIN, TEXAS TO ROUND ROCK, TEXAS. |
| 07-21-1988 | ARTICLE 1.28, TEXAS INSURANCE CODE, WAS APPROVED TO MOVE THEIR BOOKS AND RECORDS OUT OF TEXAS |

**Company Officers:**

| Title | Name/Address/Phone |
|---|---|
| President | John Philip Hageman |
| Secretary | Mark Allen Franciskovic |
| Treasurer | Wayne Michael Nyman |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>AFFIDAVIT</u>

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HIDALGO** | § |

BEFORE ME, the undersigned authority, personally appeared Connie Garza, who, being by me duly sworn, deposed as follows:

1.  My name is Connie Garza. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.

2.  I had automobile insurance with Texas Farmers Insurance Company.

3.  During the last two years, my automobile premiums increased and I was switched to a higher risk Farmers company. When I questioned them, I learned that the increase and switch to another company was due in part to my credit information and credit score. I was not informed where they had received the credit information from or my

Affidavit                                                                                                    Page 1



right to dispute such information.

FURTHER AFFIANT SAYETH NOT.

_____
Connie Garza

SUBSCRIBED AND SWORN TO BEFORE ME on this the 14th day of
November, 2002.

_____
Notary Public, State of Texas
County of Hidalgo

> MARISELA GALVAN
> MY COMMISSION EXPIRES
> JULY 18, 2005

Affidavit                                                                 Page 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ,** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HIDALGO** | § |

BEFORE ME, the undersigned authority, personally appeared Laura Pitchford, who, being by me duly sworn, deposed as follows:

1.  My name is Laura Pitchford. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.

2.  I had automobile insurance with Farmers Insurance and its affiliate Mid-Century Insurance Company of Texas.

3.  When I received my premiums notice from Mid-Century Insurance Company of Texas this last year, the premiums had increased dramatically and I had also been switched to another affiliated company of Farmers Insurance.

Affidavit                                                                                              Page 1



4.    I received no explanation from my agent as to the reason for the increase. When I questioned my agent, I learned that my premiums had increased and I had been switched to another company because of my credit information. I did not receive any information from my agent on why my credit information was being used as a basis for increasing my premiums.

5.    When I disputed the information, I received a letter from Mid-Century Insurance Company of Texas stating that I had cancelled the insurance policy.

FURTHER AFFIANT SAYETH NOT.

_____
Laura Pitchford


SUBSCRIBED AND SWORN TO BEFORE ME on this the _14ᵗʰ_ day of _November_, 2002.

_____
Notary Public, State of Texas
County of ~~Cameron~~ Hidalgo


Affidavit                                                                                              Page 2

 FARMERS

**COMPANY NAME:**

MID-CENTURY INSURANCE COMPANY OF TEXAS
100 FARMERS CIRCLE    AUSTIN, TEXAS 78728-1299
N O T I C E   O F   C A N C E L L A T I O N

**INSURED'S NAME AND ADDRESS:**

LAURA PITCHFORD
PO BOX 720186
MCALLEN TX 78504-0186

**DATE MAILED:**    10-14-2002

**AGENT NUMBER:** 19 42 385



CANCELLATION DATE
OCTOBER 13  2002
EFFECTIVE AT
12:01 A.M.

**MONTHLY PAY PLAN:**

**POLICY NUMBER:**    19 02330-81-96

| VEH. | YEAR | MAKE | MODEL | VIN |
|------|------|------|-------|-----|
| #1 | 2000 | TOYOTA | LAND CRUISER AWD 4X4 4 DR | JT3HT05J7Y0113634 |
| #2 | 1997 | LINCOLN | MARK VIII | 1LNLM91V8VY660372 |
| #3 | **** | ************* | ************************* | ***************** |

AS YOU REQUESTED, WE HAVE CANCELLED YOUR POLICY.
IT HAS BEEN A PLEASURE TO TAKE CARE OF YOUR INSURANCE NEEDS.

**VEH.    LIENHOLDER OR OTHER INTEREST:**

#1    TOYOTA MOTOR CREDIT
      PO BOX 9490
      CEDAR RAPIDS

**VEH.    LIENHOLDER OR OTHER INTEREST:**

#2    FORD MOTOR CR CO
      PO BOX 5245
      SPRINGFIELD OH

**VEH.    LIENHOLDER OR OTHER INTEREST:**

#3



25-0219 1-87

10-14-2002

**TEXAS LIABILITY INSURANCE CARD**

LAURA  PITCHFORD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*

PO BOX 720186
MCALLEN TX 78504-0186

**FARMERS**

Policy Number:  19   04108-04-92

Effective Date:  10-13-2002

Expiration Date:  04-13-2003

| Veh. | Year | Make | Model | VIN |
|------|------|------|-------|-----|
| #1 | 2000 | TOYOTA | LAND CRUISER AWD 4X4 4 DR | JT3HT05J7Y0113634 |
| #2 | 1997 | LINCOLN | MARK VIII | 1LNLM91V8VY660372 |
| #3 | \*\*\*\* | \*\*\*\*\*\*\*\*\*\*\*\*\*\* | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |

FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY          **1-800-225-0011**

This policy provides at least the minimum amounts of liability insurance required by the Texas Motor Vehicle Safety Responsibility Act for the specified vehicle and named insureds and may provide coverage for other persons and other vehicles as provided by the insurance policy.

Agent Name: Manuelita G. Pena

Phone No:  (956) 631-0800

9-01      A1662201

---

## DO NOT PAY THE AMOUNT DUE.
## YOUR POLICY IS ON THE MONTHLY PAYMENT PLAN.

All premium charges or reductions in premium will be divided into equal monthly portions from the effective month to the renewal month and will be included on your monthly statement form.

## FARMERS INSURANCE EXCHANGE

If this is a change on an existing policy an **ADJUSTMENT WILL BE MADE** on your future monthly statements. *Please pay the amount shown on any outstanding Statement.*

25-2720  1-97

| Policy Number: 19  04108-04-92 |
|---|

A27201P1

**FARMERS**

## COMPANY NAME:

FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY
100 FARMERS CIRCLE　　AUSTIN, TEXAS 78728-1299

# DECLARATIONS
### TEXAS PERSONAL AUTO POLICY

| TRANSACTION TYPE: DELETE-VEH., MISC. |
|---|

| NAMED INSURED & MAILING ADDRESS: | |
|---|---|
| LAURA PITCHFORD<br>PO BOX 720186<br>MCALLEN TX 78504-0186 | POLICY NO: 19 04108-04-92<br>POLICY EDITION: 12TH<br>MONTHLY PAY PLAN: W594620<br>(FROM) EFFECTIVE DATE: 10-13-2002<br>**(TO) RENEWAL DATE: 04-13-2003<br>POLICY PERIOD: 6 MONTHS |
| | AGENT: Manuelita G. Pena<br>AGENT NO: 19 42 385　AGENT PHONE: (956) 631-0800 |

## DESCRIPTION OF VEHICLE
** 12:01 A.M. Standard Time at the address of the named insured as stated herein.

The auto(s) or trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.
(No., Street, Apt., Town or City, County, State, Zip Code)

| Veh. | Year | Make | Model | Vehicle Identification Number | Driving Record Sub Class |
|---|---|---|---|---|---|
| 1 | 2000 | TOYOTA | LAND CRUISER AWD 4X4 4 DR | JT3HT05J7Y0113634 | 00 |
| 2 | 1997 | LINCOLN | MARK VIII | 1LNLM91V8VY660372 | 00 |
| 3 | **** | ************** | ******************** | ***************** | |

## COVERAGES/PREMIUMS
\* ENTRIES IN THOUSANDS OF DOLLARS.

Coverage is provided where a premium and a limit of liability are shown for the coverage.

| Veh. | A - Liability Bodily Injury | Property Damage | C - Uninsured/ Underinsured Motorist Bodily Injury | P.D. | B1 - MED/ B2 - PIP | D - Coverage For Damage To Your Auto Other Than Collision | Collision Deductible | Towing and Labor Costs | Policy Endorsement(s) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | * 50 Each Person  * 100 Each Accident | * 50 Each Accident | * 50 Each Person  * 100 Each Accident | * 50 Each Accident | 2,500 PIP Each Person | 500 DED | 500 DED | $ 40 per disablement | COVERED $ 22.00 |
| | 140.00 | 88.00 | 27.00 | 28.00 | 33.00 | 248.00 | 272.00 | 3.00 | |
| 2 | * 50 Each Person  * 100 Each Accident | * 50 Each Accident | * 50 Each Person  * 100 Each Accident | * 50 Each Accident | 2,500 PIP Each Person | 500 DED | 500 DED | $ 40 per disablement | |
| | 116.00 | 73.00 | 27.00 | 28.00 | 33.00 | 208.00 | 199.00 | 3.00 | |
| 3 | * Each Person  * Each Accident | * Each Accident | * Each Person  * Each Accident | * Each Accident | Each Person | | | $ per disablement | |

## DISCOUNTS

| Veh. 1 | ANTI-THEFT DVCE<br>AUTO/HOMEOWNERS | MULTIPLE CAR<br>MC GRP TRF CR | PASSIVE RSTRNTS | PRIOR INSURANCE |
|---|---|---|---|---|
| Veh. 2 | ANTI-THEFT DVCE<br>AUTO/HOMEOWNERS | MULTIPLE CAR<br>MC GRP TRF CR | PASSIVE RSTRNTS | PRIOR INSURANCE |
| Veh. 3 | | | | |

56-1477 2ND EDITION 1-01　　　　　　*(Continued on Next Page)*　　　　　　10-09-2002　　　　C1477211

**DECLARATIONS - PERSONAL AUTO POLICIES**
POLICY ISSUED AT 100 FARMERS CIRCLE, AUSTIN, TEXAS BY
MID-CENTURY INSURANCE COMPANY OF TEXAS

07-01-02

If the premium shown is paid before the renewal date, this certificate renews the policy at the time, the date and the address shown below, subject to and as amended by any endorsement enclosed herewith. Otherwise coverage under this policy will cease without further notice at 12:01 A.M. Standard Time at the address of the named insured as stated herein, on the renewal date.

| | |
|---|---|
| **1. Named Insured & Mailing Address** | GEORGE GALINDO<br>JANIE GALINDO<br>501 PEARL DR<br>PHARR TX 78577-7722 |

42-377  **19 07995 71 67** MONTHLY BILLING
2. Policy Period    POLICY NUMBER    PLAN T874565
RENEWAL DATE

**From 08-13-02 To 02-13-03**   ** 12:01 A.M. Standard Time at the address of the named insured as stated herein

| 3. Auto No. 1 | A1 | I.D. NO. | Symbol | Rate Class |
|---|---|---|---|---|
| 94 PU/PU | XE | 384 | 11 | 1B-3 |
| Territory 57 | | Cycle Age Gr. | Dr. Rec. Sub. Cl. 00 | |

| 4. COVERAGE | LIMITS OF LIABILITY | | PREMIUM |
|---|---|---|---|
| A1 | 20 | 40 * each person | $ 89.00 |
| A2 | | 15 * each accident | $ 96.00 |
| B2 | 2500 | each person | $ 54.00 |
| C | 20 | 40 * BI each person / BI each accident | $ 18.00 |
| | 15 | PD each accident | $ 18.00 |
| D1 | 500 DED | | $ 55.00 |
| D3 | 500 DED | | $ 115.00 |
| D4 | 40 | per disablement | $ .50 |

AUTO NO. 1 SUB-TOTAL PREMIUM $ 445.50
* Entries in thousands of dollars

| 3. Auto No. 2 | | I.D. NO. | Symbol | Rate Class |
|---|---|---|---|---|

| 4. COVERAGE | LIMITS OF LIABILITY | | PREMIUM |
|---|---|---|---|
| | * each person | * each accident | $ |
| | each person | | $ |
| | * BI each person | * BI each accident / PD each accident | $ |
| | per disablement | | $ |

AUTO NO. 2 SUB-TOTAL PREMIUM $
* Entries in thousands of dollars

| 3. Auto No. 3 | | I.D. NO. | Symbol | Rate Class |
|---|---|---|---|---|

| 4. COVERAGE | LIMITS OF LIABILITY | | PREMIUM |
|---|---|---|---|
| | * each person | * each accident | $ |
| | each person | | $ |
| | * BI each person | * BI each accident / PD each accident | $ |
| | per disablement | | $ |

AUTO NO. 3 SUB-TOTAL PREMIUM $
* Entries in thousands of dolla

.00 Premium for endorsement(s)
445.50 ◄ **TOTAL PREMIUM**

AUTOMOBILE THEFT PREVENTION AUTHORITY FEE $ .50 (SEE ENCLOSED EXPLANATION)

**5. Exceptions***
**6. Lienholder(s)    AUTO NO 1**
      NISSAN MOTOR ACCEPT
      PO BOX 390888
      MINNEAPOLIS MN 55439

YOUR PREMIUM IS BASED ON THE FOLLOWING.
DRIVERS OF AUTO NO 1:  NO MALE DRIVER UNDER AGE 25, NO UNMARRIED FEMALE DRIVER UNDER AGE 21 OR ANY OPERATOR AGE 65 OR OVER ARE RATED ON THIS UNIT.  THE MOST FREQUENT OPERATOR IS AGE 30-49.  YOUNGER DRIVERS INCLUDED IF RATED ON ANOTHER CAR INSURED WITH US.
USE OF AUTO NO 1:  TO WORK OR SCHOOL MORE THAN 50% OF THE TIME.  NO BUSINESS USE.
DISCOUNTS ON AUTO NO 1:  ANTI-THEFT, AUTO/HOME

DISCOUNTS YOU MAY QUALIFY FOR:
PASS REST, MULTI-CAR, DEF DR CR, DRUG/ALC AWARE CR



EXHIBIT

AGENT-PAUL PEREZ-PH 956-687-8940

56-2321 8-96   **ATTACH TO YOUR POLICY**                Continued on the Reverse Side   C2321101

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC.,** | § | |
| **FARMERS UNDERWRITERS** | § | |
| **ASSOCIATION, FIRE** | § | |
| **UNDERWRITERS ASSOCIATION,** | § | |
| **FARMERS INSURANCE** | § | |
| **EXCHANGE,** | § | |
| **FIRE INSURANCE EXCHANGE,** | § | |
| **AND JOSE GUTIERREZ** | § | |
| | § | |
| **Defendants.** | | |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

On the date set forth below came on to be considered ***Plaintiffs' Motion to Remand.***    The Court, after considering the Plaintiffs' Motion to Remand, the Response, and the Notice of Removal, finds that Plaintiffs' Motion to Remand should be granted. It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Remand is GRANTED. This action will be remanded back to the 107th Judicial District Court of Cameron County, Texas. It is further

ORDERED, ADJUDGED AND DECREED that Defendants shall pay to Plaintiffs the amount of _____ in payment of attorneys' fees, plaintiffs' court costs, and expenses incurred as a result of the removal.

Order of Remand    Page 1

DONE this _____ day of _____, 2002, in Brownsville,

Texas.

_____
UNITED STATES DISTRICT COURT JUDGE