IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § § | |
| Plaintiffs, | § § § | |
| V. | § § | C.A. NO. B-02-206 |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, AND JOSE GUTIERREZ, | § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT**

**COME NOW PLAINTIFFS** and file this their Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint. In support of such Motion and such Reply, Plaintiffs would show the Court the following:

**I.**

Plaintiffs file this Reply to notify the parties and the Court that Plaintiffs are agreeing to submit to federal court jurisdiction and are no longer seeking remand of this action. Additionally Plaintiffs file this Reply to address mischaracterizations of the case as set forth in Defendants' Opposition to Plaintiffs' Motion for Leave the File Fourth Amended Complaint and Plaintiffs

Page 1

Motion to Remand, copies of which have previously been filed.

## II.

In their Opposition to Plaintiffs Motion for Leave, Defendants argue against joining additional Defendants because they allege that such addition is being requested solely to defeat diversity jurisdiction. Not only is such assertion untrue but the Plaintiffs agree to submit to this Court's jurisdiction and therefore withdraw their Motion to Remand. Accordingly, Defendants' arguments against the addition of such Defendants are no longer valid.

## III.

In their Third Amended Petition, Plaintiffs assert claims on behalf of all Texas policyholders. Thus, the lawsuit includes not only Texas homeowners but also automobile policyholders.

Defendants begin their Opposition to Plaintiffs' Motion for Leave by asserting that Plaintiffs should not be allowed to amend their Complaint to bring in additional Farmers entities because the State of Texas has already brought such a suit. In their Opposition, they state the following:

> The lawsuit brought by the State of Texas was instituted on August 5, 2002, and seeks, among other things, to recover for <u>Texas insureds</u> alleged over payments of premiums due in part to credit scoring.

They therefore represent to the Court that the lawsuit brought by the State of Texas on August 5, 2002 was on behalf of Texas insureds — clearly implying all Texas insureds. In fact, such lawsuit only addressed Texas <u>homeowners' claims</u> and not the claims of Texas automobile policyholders. As set forth in the State of Texas Petition, the State of Texas brought their suit against Defendant Farmers "for deceptive, misleading, and discriminatory <u>homeowners-insurance</u>

practices." Defendant Farmers characterization that the lawsuit was brought on behalf of "Texas insureds" is a misrepresentation defined to broaden the scope of the lawsuit brought in August 2002.

It was only on November 30, 2002 as part of the settlement between Farmers and the State of Texas that automobile policyholders were apparently included in such suit and settlement. Such settlement occurred after the Plaintiffs in this case filed their Petition, after this case was removed to federal court and even after the Plaintiffs' Motion to Remand and Motion to Leave were filed.

## IV.

Next, the Defendants apparently assert that Plaintiffs should not be allowed to add additional Defendants because the Plaintiffs were already aware of the identity of the additional parties. They base such "awareness" on other pending lawsuits — the *Villanueva* and *Paladino* lawsuits. Plaintiffs were not even aware of the *Villanueva* and *Paladino* lawsuits. To argue that the Plaintiffs cannot amend their Complaint because of lawsuits they did not even know about makes no legal sense.

Interestingly, however, a review of the *Villanueva* and *Paladino* lawsuits (which Defendants attached to their Response) supports Plaintiffs' claims against the Defendants. Such lawsuits establish that other Texas consumers have claims similar to the Plaintiffs' claims against the same Defendants. Yet, when Plaintiffs attempt to add such additional Defendants, who are already being sued in other lawsuits based on their actions, Defendants Farmers claims such actions are improper and made solely to defeat diversity.

The Defendants even go so far as to argue that the Plaintiffs should have joined the additional Defendants in their prior Petitions because some of their names appeared on

Defendants' insurance policy. Apparently, according to the Defendants, the fact that names of companies appear on an insurance policy is sufficient to add parties as Defendants. Plaintiffs in this case, however, chose to investigate before adding such Defendants. Now, the Defendants contend that such actions are dilatory.

### IV.

In their Response, the Defendants assert that the Defendant Jose Gutierrez was fraudulently joined in the lawsuit. They primarily base their argument on the fact that he has yet to be served. According to the Defendants, such failure to serve "confirms" his fraudulent joinder.

To the contrary, due to an error, Mr. Gutierrez was not served with citation. When Plaintiffs became aware that he had not been served, they requested citation and paid a fee for the sheriff to serve citation. The district court received the Defendant's Notice of Removal, and the citation was not issued. The Plaintiffs did not request citation from the federal court because they did not want to seek affirmative relief during the pendency of the Motion to Remand.

Thus, again, the Defendants construed a situation incorrectly and so that they could cite such situation to their best advantage. Since, as previously referenced, Plaintiffs are withdrawing their Motion to Remand and are submitting to federal jurisdiction, service will be requested on the Defendant Gutierrez through the federal court

### V.

Defendants mistakenly assert in their Opposition to Plaintiffs' Motion for Leave that the purpose of adding Defendants in this case is to destroy diversity. Since Plaintiffs have agreed to submit to federal jurisdiction, Defendants' assertions are moot. Plaintiffs request the Court grant their Motion for Leave.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court grant them leave to amend their complaint and for such other relief to which they may show themselves justly entitled.

Respectfully submitted,

Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557

OF COUNSEL:

**LAW OFFICES OF SUZANNE M. SCHWARZ, P.C.**
Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557
P.O. Box 532044
Harlingen, Texas   78553
Tel: (956) 440-0340
Fax: (956) 440-8252
Attorneys in Charge for Plaintiffs

**MARTINEZ, BARRERA, & MARTINEZ, L.L.P.**
Benigno "Trey" Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record by either facsimile, hand-delivery or certified mail, return receipt requested, on _____*January 3, 2003*_____, as follows:

Eduardo Roberto Rodriguez, Esq.
Roberto Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas    78520

Layne E. Kruse, Esq.
Richard N. Carrell, Esq.
Gerard G. Pecht, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas    77010

                                  _____
                                  Suzanne M. Schwarz