United States District Court
Southern District of Texas
FILED

JAN 1 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | C. A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., ET AL., | § | |
| Defendants. | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' WITHDRAWAL OF MOTION TO REMAND

Defendants Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange (collectively "defendants") file this their Response to Plaintiffs' Withdrawal of Motion to Remand.

#### SUMMARY OF ARGUMENT

This case was properly removed to this Court on diversity grounds. As established in defendants' Notice of Removal and defendants' Opposition to Plaintiffs' Motion to Remand, diversity jurisdiction exist among the proper parties, and the amount in controversy is satisfied. Plaintiffs, having withdrawn their Motion to Remand, no longer contest this Court's jurisdiction. Accordingly, this Court should enter the attached proposed order denying remand.

Plaintiffs, in withdrawing their Motion to Remand, concede all grounds on which they originally challenged this Court's jurisdiction. Although plaintiffs concede that diversity jurisdiction exists, they nonetheless seek leave to amend their complaint to add nondiverse parties as defendants, whose joinder will operate to destroy jurisdiction.[1] Plaintiffs are

---

[1] Contemporaneously with filing their Motion to Remand, plaintiffs' filed a Motion for Leave to File A Fourth Amended Complaint ("Motion for Leave"), wherein they seek to add Texas Farmers Insurance Company, Mid-

30393343.3

obviously cognizant of the effect of their proposed joinder, hence their reason for purporting to "agree" to submit to federal jurisdiction. Were plaintiffs permitted to join nondiverse parties, however, the joinder would destroy this Court's jurisdiction. Plaintiffs cannot join nondiverse defendants, the effect of which would be to destroy diversity jurisdiction, and then seek to cure this defect by agreeing to submit to federal jurisdiction.

Because defendants properly removed this case to this Court on diversity grounds and because the Court's jurisdiction over this matter is no longer contested by plaintiffs, defendants request the Court enter the attached proposed order denying remand.

## PROCEDURAL BACKGROUND

On October 25, 2002, defendants removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. *See* Notice of Removal (Dkt. No. 1). On November 19, 2002, plaintiffs filed a Motion to Remand (Dkt. No. 6). On that same day, plaintiffs also filed a Motion for Leave to File a Fourth Amended Complaint (Dkt. No. 5) to add nondiverse parties as defendants. On December 9, 2002, defendants filed their Oppositions to plaintiffs' Motion to Remand (Dkt. No. 8) and Motion for Leave to File a Fourth Amended Complaint (Dkt. No. 7). On January 3, 2002, plaintiffs, conceding that this Court has diversity jurisdiction, filed their Withdrawal of Motion to Remand (Dkt. No. 9) and their Reply to Defendants' Opposition to Plaintiffs' Motion for Leave (Dkt. No. 10) (the "Reply").

---

Century Insurance Company of Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company (Docket No.5).

30393343.3                                     2

## ARGUMENT AND AUTHORITIES

### A.    Plaintiffs Concede Diversity Jurisdiction

Plaintiffs no longer contest diversity and wholly concede that this Court has jurisdiction over this matter. Indeed, plaintiffs have withdrawn *__all__* arguments that they advanced in support of remand, warranting denial of plaintiffs' remand motion.

Importantly, plaintiffs admit that they have not served Jose Gutierrez ("Gutierrez"). This fact alone should be dispositive of the question of whether Gutierrez was fraudulently joined. Furthermore, plaintiffs do not even attempt to defend their conclusory, nonfact-specific allegations against Gutierrez, which are legally deficient as matter of law. Rather, in an apparent recognition that their allegations against Gutierrez fail to state a claim, plaintiffs now simply abandon their assertion that Gutierrez was not fraudulently joined and purport to "agree to submit" to jurisdiction. Plf. Mot. To Withdraw at 1. This Court has jurisdiction over this matter because Jose Gutierrez was fraudulently joined and because there is diversity among the proper parties —*not because plaintiffs now agree to submit diversity jurisdiction.*[2]

### B.    Plaintiffs' Position Is Legally Untenable

Plaintiffs urge that they have reconsidered their legal position and now "agree to submit" to jurisdiction, hence the withdrawal of their motion to remand. *See id.* at 1. However, in the same breath, plaintiffs request that the Court grant them permission to amend their complaint to add nondiverse parties as defendants, the effect of which would be to destroy diversity jurisdiction. Plaintiffs' position is legally indefensible.

---

[2]Plaintiffs never sought to defend their joinder of defendant Fire Insurance Exchange, who was also fraudulently joined. Nor did plaintiffs contest defendants' argument that the policyholders of Farmers Insurance Exchange should be realigned with plaintiff to reflect their unity of interest with plaintiff for purposes of diversity jurisdiction. *See* Defendants' Opposition to Plaintiffs' Motion t Remand (Docket No. 8).

30393343.3                                3

In support of their remand motion, plaintiffs originally argued that the nondiverse parties were "necessary parties" whose joinder would destroy diversity, requiring remand under 28 U.S.C. 1447(e).[3] Plaintiffs do not dispute that the joinder of these nondiverse parties would destroy diversity jurisdiction, but rather argue that because they *now* agree to submit to jurisdiction, the proposed joinder should be permitted. The fact that plaintiffs now agree that this Court has jurisdiction does not render insignificant their proposed joinder of nondiverse parties. Regardless of whether plaintiffs now concede diversity jurisdiction, their proposed joinder of nondiverse parties does not pass scrutiny under 28 U.S.C. 1447(e).

A defendant has a right to a federal forum. To protect this right, the Fifth Circuit and district courts in this circuit closely scrutinize post-removal conduct aimed at depriving defendants' of this fundamental right. *See, e.g., Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum"); *Ehrhardt v. Electrical & Instrumentation Unlimited of La.*, 137 F. Supp.2d at 765, 766 (E.D. Tex. 2001) ("[o]nce a case has been properly removed . . . there is very little that a plaintiff can do that will defeat federal subject matter jurisdiction and force a remand to state court."). Other decisions by other federal courts are in accord. *See, e.g., McCaulley v. Purdue Pharma, L.P.*, 172 F. Supp. 2d 803, 810 (W.D. Va. 2001) ("It is the defendants who will be prejudiced should they lose their federal forum, to which they now have a right.") (denying post-removal joinder of nondiverse parties

---

[3] 28 U.S.C. 1447(e) governs joinder after removal, rather than the ordinary joinder rules, including Fed. R. Civ. P. 19. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (the balancing of the competing interests of the defendant's interest in remaining in a federal forum and potential parallel proceedings is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party); 28 U.S.C. § 1447(e). The Farmers Defendants incorporate herein their briefing on 28 U.S.C. § 1447(e) in the Farmers Defendants Opposition to the Plaintiffs' Motion for Leave to amend (Dkt. No. 7) and their Sur-Reply to the Plaintiffs' Motion for Leave to amend which is filed of even date herewith.

under 28 U.S.C § 1447(e)). Here, plaintiffs wholly concede diversity jurisdiction but seek to add nondiverse parties, which will destroy jurisdiction.

Plaintiffs do not dispute that their proposed joinder of nondiverse parties would deprive this Court of diversity jurisdiction. Rather, plaintiffs argue only that their proposed joinder is insignificant and should be permitted because they *now* "agree" to submit to federal jurisdiction. Plf. Reply to Def. Opp. to Plf. Motion For Leave at 1. Plaintiffs' agreement to submit to federal jurisdiction notwithstanding, plaintiffs cannot defeat diversity jurisdiction by adding nondiverse parties as defendants, and then after having destroyed diversity jurisdiction, agree to submit to federal jurisdiction. *See, e.g., In Re Texas Consumers Finance Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973) (subject-matter jurisdiction cannot be conferred by consent, agreement, or conduct of parties); *Harllee v. City of Gulf Port*, 120 F.2d 41 (5th Cir. 1941) (parties cannot consent to federal jurisdiction).

## CONCLUSION

Because diversity jurisdiction is no longer contested, defendants request that the Court enter the attached proposed order denying remand. Defendants request all other and further relief to which they may be justly entitled.

Respectfully submitted,

*[signature]*

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Robert Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
1201 East Van Buren
Brownsville, Texas 78520 and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.217

Of Counsel:
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Layne E. Kruse
State Bar No. 11742550
Federal I.D. No. 2383
Richard N. Carrell
State Bar No. 03871000
Federal I.D. No. 4473
Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

Attorneys-in-Charge for Defendants

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 14, 2003.

_____
Eduardo Roberto Rodriguez