IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | C. A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., | § | |
| FARMERS UNDERWRITERS | § | |
| ASSOCIATION, FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS INSURANCE | § | |
| EXCHANGE, FIRE INSURANCE | § | |
| EXCHANGE, AND JOSE GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' EXPEDITED MOTION FOR LEAVE TO FILE SUR-REPLY CONCERNING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Pursuant to this Court's Rule 5(d), Defendants, Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange and Jose Gutierrez (collectively "Defendants"), file this their Expedited Motion for Leave to File Sur-reply Concerning Plaintiffs' Motion for Leave to File Fourth Amended Complaint (the "Motion for Leave to Amend") (Dkt. No. 5).

### I. SUMMARY OF ARGUMENT

Defendants request leave to file a Sur-reply because plaintiffs have withdrawn their Motion to Remand and now incorrectly assert that they may agree to submit to this Court's jurisdiction and thereby cure any defects in their Motion for Leave to Amend. Plaintiffs' Motion for Leave to Amend did not contain any information by which Defendants could anticipate plaintiffs' withdrawal of their Motion to Remand.

Defendants' substantial interests in remaining in this forum require the filing of a sur-

30393890.1

reply. Accordingly, it is in the interest of justice that Defendants request expedited leave to file their Sur-reply.

## II. STATEMENT OF ISSUES FOR THE COURT

Whether Defendants have alleged interests of justice sufficient to permit the Court to grant their request for expedited leave to file a Sur-Reply to plaintiffs' Motion for Leave to amend.

## III. ARGUMENT AND AUTHORITIES

On October 25, 2002, defendants removed this case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. On November 19, 2002, plaintiffs filed a Motion to Remand (Dkt. No. 6). On that same day, plaintiffs also filed a Motion for Leave to File a Fourth Amended Complaint (Dkt. No. 5) to add additional nondiverse defendants. On January 3, 2002, plaintiffs filed their Withdrawal of Motion to Remand (Dkt. No. 9) and their Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to Amend (Dkt. No. 10) (the "Reply").

Plaintiffs withdrew their Motion for Remand and agreed to submit to this Court's jurisdiction purportedly to cure defects in their Motion for Leave. However, as this Court presently has valid diversity jurisdiction, the Motion for Leave continues to be governed by 28 U.S.C. § 1447(e).

Diverse defendants' substantial interest in remaining in a federal forum would be adversely affected were the Court not to consider the Sur-reply addressing plaintiffs' Reply. In particular, plaintiffs now claim their agreement to submit to this Court's jurisdiction and withdrawal of their Motion to Remand cures all defects in their Motion for Leave to Amend. Plaintiffs also make concessions concerning the lack of prejudice to them were the Court to deny their Motion for Leave to Amend.

The surprise visited on Defendants by plaintiffs' recent actions and the allegations in

plaintiffs' Reply, together with a diverse defendants' right to proceed in a federal forum, weigh heavily in favor of granting this expedited motion.

> The key concept here is that the parties do not start out on an equal footing.... This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes...just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity.

*Bevels v. Am-State Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)). Defendants have a significant interest in proceeding in a federal instead of an out of state forum. *See, e.g., In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1206 (S.D. Ind. 2001) (the option of choosing the federal forum is the very purpose of the removal statutes).

The Fifth Circuit has held that a court should consider the following factors in considering whether to allow an amendment after remand that would destroy diversity jurisdiction:

- Whether the primary purpose of the amendment is to defeat federal jurisdiction;
- Whether the plaintiff has been diligent in requesting the amendment;
- Whether the plaintiff will be prejudiced if the amendment is denied; and
- Any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182. These factors weigh in Defendants favor. Lack of prejudice to plaintiffs and the equities favoring Defendants' interest in the federal forum weigh heavily in Defendants' favor. Plaintiffs' lack of diligence in pursing claims related to automobile coverage has placed plaintiffs behind two other putative class actions concerning automobile coverage. Finally, the fact that the plaintiffs assert they now do not have subjective intent to destroy diversity jurisdiction is of no moment. The effect would be the same.

## **CONCLUSION**

Because plaintiffs' recent actions could not have been anticipated by Defendants and because Defendants have a substantial interest in their right to choose the federal forum, Defendants submit the interests of justice require leave permitting Defendants to file their Sur-Reply to plaintiffs' Motion for Leave to Amend. For the foregoing reasons, Defendants request the Court grant the expedited relief requested herein and permit Defendants to file their Sur-Reply to plaintiffs' Motion for Leave to Amend. Defendants further request all such other and further relief to which they may be entitled.

Respectfully submitted,

*[signature]*

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Robert Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
1201 East Van Buren
Brownsville, Texas 78520 and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.217

Of Counsel:
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Layne E. Kruse
State Bar No. 11742550
Federal I.D. No. 2383
Richard N. Carrell
State Bar No. 03871000
Federal I.D. No. 4473
Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

Attorneys-in-Charge for Defendants

## CERTIFICATE OF CONFERENCE

On January 13, 2003, I conferred with counsel for plaintiffs concerning the necessity of the filing of this Motion and Plaintiffs' counsel informed me that she opposes this Motion.

_____
Eduardo Roberto Rodriguez

## CERTIFICATE OF SERVICE

This pleading was served on Plaintiffs' counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 14, 2003.

_____
Eduardo Roberto Rodriguez