*/3*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALBERT PULLEN  ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | C. A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., | § | |
| FARMERS UNDERWRITERS | § | |
| ASSOCIATION, FIRE UNDERWRITERS | § | |
| ASSOCIATION, FARMERS INSURANCE | § | |
| EXCHANGE, FIRE INSURANCE | § | |
| EXCHANGE, AND JOSE GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION
## FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Defendants, Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange and Jose Gutierrez (collectively "Defendants"), file this their Sur-reply to Plaintiffs' Motion for Leave to File Fourth Amended Complaint (the "Motion for Leave") (Dkt. No. 5).

### I. SUMMARY OF ARGUMENT

This Court presently has jurisdiction based on diversity of citizenship between the plaintiffs and the lawfully joined Defendants.  Plaintiffs, having withdrawn their Motion to Remand, incorrectly assert that they may agree to submit to this Court's jurisdiction and thereby cure any defects in their Motion for Leave.  Plaintiffs' newest tactic would lead to the same outcome Defendants described in their Opposition to the Motion for Leave--impermissible destruction of this Court's diversity jurisdiction.

The proposed amendment cannot survive the close scrutiny required under the applicable

30392349.1

legal rule, which is 28 U.S.C. § 1447(e), and plaintiffs will suffer no prejudice from denial of the Motion for Leave. Therefore, the Motion for Leave should be denied.

## II.  STATEMENT OF ISSUES FOR THE COURT

Whether plaintiffs' Motion for Leave is prohibited by 28 U.S.C. § 1447(e) and equitable consideration of the diverse defendants' interest in proceeding in a federal forum.

## III.  ARGUMENT AND AUTHORITIES

On October 25, 2002, Defendants removed this case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441.  On November 19, 2002, plaintiffs filed a Motion to Remand (Dkt. No. 6).  On that same day, plaintiffs also filed a Motion for Leave to File a Fourth Amended Complaint (Dkt. No. 5) to add additional nondiverse defendants.  On January 3, 2002, plaintiffs filed their Withdrawal of Motion to Remand (Dkt. No. 9) and their Reply to Defendants' Opposition to Plaintiffs' Motion for Leave (Dkt. No. 10) (the "Reply").

Plaintiffs withdrew their Motion for Remand and agreed to submit to this Court's jurisdiction[1] purportedly to cure defects in their Motion for Leave.  However, as this Court presently has valid diversity jurisdiction,[2] the Motion for Leave continues to be governed by 28 U.S.C. § 1447(e).  *See Templeton v. Nelloyd Lines,* 901 F.2d 1273, 1275-76 (5th Cir. 1990) (citing *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987)); *Perry v. Hartford Ins. Co. of the Midwest,* 196 F. Supp. 2d 447, 449 (E.D. Tex. 2002); *Ehrhardt v. Electrical & Instrumentation Unlimited of La.,* 137 F. Supp. 2d 765, 766 (E.D. Tex. 2001).  Therefore close

---

[1] Of course, Article III, Section 2 of the United States Constitution and 18 U.S.C. § 1332(a)(1) create and govern this Court's diversity jurisdiction.  Subject matter jurisdiction may not be conferred by agreement.  *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 850-51 (1986); *Gulf Guaranty Life Ins. Co. v. Conneticut Gen'l Life Ins. Co.,* 304 F.3d 476, 481 (5th Cir. 2002).

[2] In Defendants' Opposition to Motion to Remand (Dkt. No. 8), Defendants elaborated on the existence of diversity, which the plaintiffs previously half-heartedly contested.  Plaintiffs have now withdrawn their Motion to Remand.  Defendants Reply to plaintiffs' withdrawal of their Motion to Remand, incorporated herein, shows that plaintiffs'

scrutiny of the requested amendment is required. *See Ehrhardt,* 137 F. Supp. 2d at 766 (citing

*Hensgens,* 833 F.2d at 1182); *Alcantara v. Prudential Life Ins. Co. of American,* 75 F. Supp. 2d

563, 565 (E.D. Tex. 1999); *Smith v. Arkansas Louisiana Gas Co.,* 157 F.R.D. 34, 35-36 (E.D.

Tex. 1994).

By their Motion for Leave and purported consent to jurisdiction, the plaintiffs request this

Court do what Section 1447(e) prohibits under the circumstances here--join non-diverse

defendants and destroy this Court's diversity jurisdiction. Section 1447(e) specifies:

> If after removal the plaintiff seeks to join additional defendants whose joinder
> would destroy subject matter jurisdiction, the court may deny joinder, or permit
> joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Even if plaintiffs may have dissuaded this Court of any notion that the

proposed amendment is made in a bad faith attempt to destroy diversity, the amendment should

not be allowed.

In evaluating a motion for leave to amend to add additional non-diverse defendants in a

removed action, the Fifth Circuit has held that a court should consider the following factors:

- Whether the primary purpose of the amendment is to defeat federal jurisdiction;

- Whether the plaintiff has been diligent in requesting the amendment;

- Whether the plaintiff will be prejudiced if the amendment is denied; and

- Any other factors bearing on the equities.

*Hensgens,* 833 F.2d at 1182; *Perry,* 196 F. Supp. 2d at 449; *Alcantara,* 75 F. Supp. 2d at 565;

*Ehrhardt,* 137 F. Supp. 2d at 766; *Smith,* 157 F.R.D. at 35-36; *Lewis v. State Farm Lloyds,* 205

F. Supp.2d 706, 709 (S.D. Tex. 2002); *see also In re Bridgestone/Firestone, Inc., ATX, ATX II,*

129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001); *Jerido v. American General Life and Accident Co.,*

---

concession on the remand issue requires dismissal of all plaintiffs' claims against Jose Gutierrez, the insurance agent
fraudulently joined by plaintiffs.

127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001). A court must balance these factors to determine whether amendment should be allowed. *Perry*, 196 F. Supp. 2d at 449 (citing *O'Connor v. Automobile Ins. Co. of Hartford*, 846 F. Supp. 39, 41 (E.D. Tex. 1994)). *Accord Smith*, 157 F.R.D. at 36.

Plaintiffs new strategy fails this test. Plaintiffs still give no valid explanation in their Reply for the belated request to add additional defendants, and now plaintiffs make the incredible argument that they had no obligation to read their clients' insurance policies. Those policies disclosed the names of the proposed additional defendants. A plaintiff's failure to give a valid explanation as to why new defendants should be joined weights the balance in favor of denial of leave to file the proposed amendment. *See, e.g., In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205; *see also Jerido*, 127 F. Supp. 2d at 1325 (plaintiff offered no explanation as to why plaintiff sought to add the new defendant – supporting the interpretation that the aim was to destroy federal jurisdiction).

Other plaintiffs, Villanueva[3] and Paladino,[4] have previously filed putative class actions claims on behalf of automobile insureds. The automobile claims the Pullens desire to pursue against additional nondiverse defendants would be the third such class action. In addition, in their Reply, plaintiffs now concede that, as of November 30, 2002, the settlement between Farmers and the State of Texas will include automobile policyholders. Therefore plaintiffs have now shown the Court that no prejudice would result from a denial of leave to amend. Where there is no prejudice to the plaintiffs, pursuant to 28 U.S.C. § 1447(e) the Court should refuse to

---

[3] *Gilberto Villanueva, Jr., individually and on behalf of all others similarly situated, v. Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, and Farmers Texas County Mutual Insurance Company*, C.A. No. GN 0-01247, in the 53rd Judicial District Court of Travis County, Texas.

[4] *Michael Paladino, individually and on behalf of all others similarly situated v. Mid-Century Insurance Company of Texas, Texas Farmers Insurance Company, Farmers Texas County Mutual Insurance Company, and Farmers Group, Inc.*, C.A. No. GN200207, in the 250th Judicial District Court of Travis County, Texas.

permit amendment. *See, e.g., Ehrhardt*, 137 F. Supp. 2d at 766-67; *Smith*, 157 F.R.D. at 35-36; *Alcantara*, 75 F. Supp. 2d at 566; *Perry*, 196 F. Supp. 2d at 449-50.

It is also clear that plaintiffs and the class they purport to represent will suffer no prejudice by this Court's refusal to allow the requested amendment because plaintiffs have no standing as to the proposed new defendants and plaintiffs' proposed amendment does not satisfy the pleading requirements of the Federal Rules.

The law of standing also mandates dismissal of claims "in which the plaintiff has failed to make out a case or controversy between himself and the named defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979). Central to the concept of standing is that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. American United for Separation of Church of State, Inc.*, 454 U.S. 464, 474 (1982). Plaintiffs improperly rely on affidavits from putative class members, attesting to *their* relationship with the newly added defendants, but such a derivative standing theory has been authoritatively rejected by the United States Supreme Court:

> That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).

Plaintiffs' global allegations against all defendants include no indicia of which allegedly improper acts or omissions were committed by which defendant therefore plaintiffs have failed to state a claim against the new defendants. *See, e.g., Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 261 (5th Cir. 1995) (affirming a finding that the plaintiffs failed to state a

claim against a fraudulently joined insurance agent). This defect is not corrected in any of the plaintiffs' pleadings. Like the plaintiffs here, Cavallini based his allegations on global statements. *See id.*

Moreover, courts have recognized that "[c]laims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). The plaintiffs have failed to plead their claims with the particularity required by Rule 9(b). *See, e.g., Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *U.S. ex rel. Russell v. EPIC Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999). Plaintiffs' generic references to "Defendants" fall far short of the mark set by the Fifth Circuit. This defect is not cured by any of plaintiffs' pleadings.

Finally, the equities also favor Defendants.

> The key concept here is that the parties do not start out on an equal footing.... This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes...just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity.

*Bevels v. Am-State Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000) (citing *Hensgens*, 833 F.2d at 1181). Where, "in balancing the equities, the parties are not on equal footing," a court should "give consideration to the Defendant's right to choose the federal forum." *Jerido,* 127 F. Supp. 2d at 1326. Defendants have a significant interest in proceeding in a federal instead of an out of state forum. *See, e.g., In re Bridgestone/Firestone, Inc., ATX, ATX II,* 129 F. Supp. 2d at 1206 (the option of choosing the federal forum is the very purpose of the removal statutes).

## CONCLUSION

For the foregoing reasons, Defendants request the Court deny the Plaintiffs' Motion for

Leave to File Fourth Amended Complaint and grant Defendants all such other and further relief to which they may be entitled. Costs and attorney fees, if assessable at all, should be assessed against plaintiffs.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal I.D. No. 1944
Robert Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
1201 East Van Buren
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.217

Of Counsel:
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Layne E. Kruse
State Bar No. 11742550
Federal I.D. No. 2383
Richard N. Carrell
State Bar No. 03871000
Federal I.D. No. 4473
Gerard G. Pecht
State Bar No. 15701800
Federal I.D. No. 4784
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246

Of Counsel:
FULBRIGHT & JAWORSKI L.L.P.

Attorneys-in-Charge for Defendants

30392349.1                                              -7-

## CERTIFICATE OF SERVICE

This pleading was served on Plaintiffs' counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 14, 2003.

_____

Eduardo Roberto Rodriguez