United States District Court
Southern District of Texas
FILED

14

MAR 0 3 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN  ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | C. A. NO. B-02-206 |
| | § | |
| FARMERS GROUP, INC., ET AL. | § | |
| Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the Court's October 25, 2002 Order Setting Conference and Federal Rule of

Civil Procedure 26, plaintiffs and defendants file this their Joint Conference Report:

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties initiated the Rule 26 conference *via* telephone on February 10 and 11, 2003.

Suzanne M. Schwarz participated on behalf of plaintiff, and Layne E. Kruse and Carlos Rainer

participated on behalf of defendants.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

Defendants believe that the following cases may involve one or more of the same

defendants and may be related to this case:

- *The State of Texas et al. v. Farmers Group, Inc. et al.*; Cause No. GN203156; In the 261st Judicial District of Travis County, Texas;

- *Farmers Insurance Exchange and Fire Insurance Exchange v. Jose Montemayor, et al.*; Cause No. GN203156; In the 353rd Judicial District Court of Travis County, Texas;

- *Michael Paladino, et al., v. Farmers Group, Inc., et al.*; No. GN 200208; In the 261st District Court for Travis County, Texas;

- *Gilberto Villanueva et al. v. Farmers Group, Inc. et al.*, No GN 001347; In the 53rd Judicial District Court for Travis County, Texas;

30417085.2

- *Sandra Geter et al. v. Farmers Insurance Exchange, et al.*, C.A. NO. 1:02-CV-0649; In the United States District Court for the Eastern District of Texas (Beaumont Division);

- *Chapa et al. v. Farmer Insurance Group, Inc. et al.*; C.A. No. 02-231; In the United States District Court for the Southern District of Texas (Chorpus Christi Division); and

- *Clark et al. v. Farmers Group, Inc.*, C.A. No. A-02-CA427JN; In the United States District Court for the Western District of Texas (Austin Division).

3.    **Briefly describe what this case is about.**

*Plaintiffs' Statement:*

Plaintiffs assert that the defendants failed to properly disclose to Texas policyholders that they used their credit history to increase premiums or give discounts and the right of policyholders to contest their scores. Plaintiffs further assert that the defendants improperly used credit history to switch policyholders into higher, unregulated companies. Plaintiffs have requested that this matter be certified as a class action.

*Defendants' Statement:*

Defendants deny plaintiffs' allegations and do not believe that a class should be certified or that this matter should be litigated. The issues raised by plaintiffs' suit are being litigated in the suit brought by the Attorney General and Commissioner of Insurance on behalf of Texas policyholders against defendants, which was filed before this case. The State and defendants have also entered into a settlement agreement, which has been signed, publicly announced, and which is in the process of being submitted to the court for approval. In light of settlement of this prior litigation, defendants believe that this matter should be dismissed or stayed, and, if necessary, defendants will file a motion with the Court on this issue.

30417085.2                                  -2-

4.    **Specify the allegation of federal jurisdiction.**

*Plaintiffs' Statement:*

28 U.S.C. § 1332.

*Defendants' Statement:*

As established by Defendants' Notice of Removal (Dkt. No. 1), Defendants' Opposition to Remand (Dkt. No. 8), and Defendants' Response to Plaintiff's Withdrawal of Motion to Remand (Dkt. No. 11), diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint to add nondiverse parties under 28 U.S.C § 1447(e) (Dkt. No. 5). Defendants filed an opposition to plaintiffs' motion for leave (Dkt. No. 7). The parties whom plaintiffs seek to add are not necessary parties; moreover, their addition as defendants would deprive this Court of diversity jurisdiction. For the reasons set forth in defendants' opposition, defendants oppose any addition of new, nondiverse parties.

5.    **Name the parties who disagree and the reasons.**

*Plaintiffs' Statement:*

Plaintiffs have agreed to submit to federal jurisdiction. Additionally, plaintiffs anticipate that federal issues will be involved in this case.

*Defendants' Statement:*

Federal jurisdiction exist in this case independent of whether plaintiffs agree to submit to federal jurisdiction. As defendants have established in their briefing to the Court, diversity jurisdiction exist among the proper parties.

30417085.2                                              -3-

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

*Plaintiffs' Statement:*

Plaintiffs have previously filed a Motion for Leave to add as Defendant Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company.

*Defendants' Statement:*

Defendants do not anticipate that they will add any additional parties. Furthermore, defendants oppose plaintiffs' Motion for Leave to add Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, and Farmers Texas County Mutual Insurance Company as parties because their addition would destroy diversity jurisdiction. For the reasons set forth in defendants' Opposition to Plaintiffs' Motion for Leave (Dkt. No. 7), plaintiffs' motion for leave should be denied.

7.    **List anticipated interventions.**

None.

8.    **Describe class-action issues.**

*Plaintiffs' Statement:*

Plaintiffs assert that the defendants failed to disclose to Texas policyholders that they used their credit history to increase premiums or give discounts and the right of policyholders to contest their scores. Plaintiffs further assert that the defendants improperly used credit history to switch policyholders into higher, unregulated companies. Plaintiffs have requested that this matter be certified as a class action with all Texas policyholders similarly situated as part of the class.

30417085.2                                   -4-

*Defendants' Statement:*

Defendants deny plaintiffs' allegations and do not believe that a class should be certified or that this matter should be litigated in light of the settlement of prior litigation between the State and Farmers. The State and Farmers are in the process of submitting the settlement to the court for approval. Accordingly, defendants believe that this matter should be dismissed or stayed.

9.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosure.**

*Plaintiffs' Statement:*

Plaintiffs will make their initial disclosures prior to the Conference set for March 17, 2003, at 2:00 p.m.

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

10.    **Describe the proposed agreed discovery plan, including:**

   A.    **Response to all the matters raised in Rule 26(f).**

   *Plaintiffs' Statement:*

   (1)    Plaintiffs will need additional discovery pertaining to class certification which may affect some deadlines in this matter.

   (2)    Plaintiffs will need discovery pertaining to Defendants' use of Plaintiffs' credit reports as well as issued pertaining to class certifications.

   (3)    Plaintiffs will need additional discovery pertaining to class certification which may affect some deadlines in this matter.

   (4)    Plaintiffs request a Scheduling Order that contains deadlines for class certification.

   *Defendants' Statement:*

   Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

   B.    **When and to whom the plaintiff anticipates in may send interrogatories.**

   Plaintiffs will send interrogatories to the Defendants within one month of the Scheduling Order in this case.

   C.    **When and to whom the defendant anticipates I may send interrogatories.**

   Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the

30417085.2                                      -6-

settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking the deposition of defendants' corporate representatives, and certain insurance agents including Jose Gutierrez. Plaintiffs anticipate taking such deposition after plaintiffs receive defendants' responses to discovery.

**E.    Of whom and when the defendant anticipates taking oral depositions.**

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

**F.    When the plaintiff (or the party with the burden of proof as an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

*Plaintiffs' Statement:*

Plaintiffs anticipate designating their expert witnesses and provided reports by 90 days prior to trial.

30417085.2                                    -7-

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

*Plaintiffs' Statement:*

Plaintiffs anticipate taking the depositions of the defendants' experts within sixty days of their designation and defendants have provided expert reports.

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

30417085.2                                   -8-

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

*Plaintiffs' Statement:*

Plaintiffs anticipate taking the depositions of the defendants' experts within sixty days of their designation and receipt of defendants' expert reports.

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced.  In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures.  To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action.  The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

11.    **If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.**

*Plaintiffs' Statement:*

Plaintiffs will need additional discovery pertaining to class certification which may affect some deadlines in this case.

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced.  In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures.  To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action.  The

parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been propounded to date by either party.

13. **State the date the planned discovery can be reasonably completed.**

*Plaintiffs' Statement:*

Discovery should be completed 60 days before trial.

*Defendants' Statement:*

Defendants believe that this matter has already been resolved in prior litigation between the State and Farmers, where a settlement has been publicly announced. In light of the settlement of this prior litigation, defendants do not believe that the parties should make initial disclosures. To the contrary, this matter should be dismissed or stayed in light of the settlement. Accordingly, defendants plan to file a motion to dismiss, or alternatively, to stay this action. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in Rule 26(f) meeting.**

*Plaintiffs' Statement:*

Plaintiffs will agree to mediate this matter after discovery is substantially complete.

*Defendants' Statement:*

The dispute that forms the basis of plaintiffs' suit has already been resolved through settlement of prior litigation between the State and Farmers. In light of the settlement, this matter should be dismissed or stayed. The parties, if necessary, will file an amended joint

30417085.2                                          -10-

conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

*Plaintiffs' Statement:*

Plaintiffs will work with the defendants to attempt to resolve this matter.

*Defendants' Statement:*

The dispute that forms the basis of plaintiffs' suit has already been resolved through settlement of prior litigation between the State and Farmers. In light of the settlement, this matter should be dismissed or stayed. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

16. **From the attorneys' discussions with the client, sate the alternative dispute resolution technique that are reasonably suitable, and state when such a technique may be effectively used in this case.**

*Plaintiffs' Statement:*

Plaintiffs believe that mediation is appropriate.

*Defendants' Statement:*

The dispute that forms the basis of plaintiffs' suit has already been resolved through settlement of prior litigation between the State and Farmers. In light of the settlement, this matter should be dismissed or stayed. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties; joint position on a trial before a magistrate judge.**

The parties do not agree to a magistrate judge.

30417085.2                                        -11-

18.  **State whether a jury demand has been made and if it was made on time.**

*Plaintiffs' Statement:*

Plaintiffs are requesting a jury trial.

*Defendants' Statement:*

The dispute that forms the basis of plaintiffs' suit has already been resolved through settlement of prior litigation between the State and Farmers. In light of the settlement, this matter should be dismissed or stayed. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

19.  **Specify the number of hours it will take to present the evidence in this case.**

*Plaintiffs' Statement:*

Plaintiffs anticipate 40 hours of testimony.

*Defendants' Statement:*

The dispute that forms the basis of plaintiffs' suit has already been resolved through settlement of prior litigation between the State and Farmers. In light of the settlement, this matter should be dismissed or stayed. The parties, if necessary, will file an amended joint conference report and a proposed scheduling order to the Court after the Court has considered and ruled on defendants' motion to dismiss and/or stay.

20.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

*Plaintiffs' Statement:*

Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. No. 5).

*Defendants' Statement:*

Defendants' Motion for Leave to File Sur-Reply in Support of Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. No. 12). In addition, defendants plan

30417085.2                                    -12-

to file a motion to dismiss and/or stay this matter in light of the settlement of prior litigation between the State and Farmers.

**21.    List other pending motions.**

None.

**22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

Defendants plan to file a motion to dismiss and/or stay this matter in light of the settlement of prior litigation between the State and Farmers.

**23.    Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listed the date of filing for original and other amendments.**

Plaintiffs have already filed their Disclosure of Interested Parties.    Defendants have already filed their Disclosures of Interested Parties (Dkt. No. 4).

**24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Plaintiffs:

Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557
LAW OFFICES OF SUZANNE SCHWARZ, P.C.
P.O. Box 532044
Harlingen, Texas  78553
Tel:  (956) 440-0430
Fax:  (956) 440-8252

Benigno "Trey" Martinez
State Bar No. 00797011
Federal I.D. No. 23945
MARTINEZ, BARRERA, & MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Tel:  (956) 546-7159
Fax:  (956) 544-4602

Defendants:                          Eduardo Roberto Rodriguez
                                     State Bar No. 1714400
                                     Federal I.D. No. 1944
                                     Robert Patrick Rodriguez
                                     State Bar No. 24002861
                                     Federal I.D. No. 22949
                                     RODRIGUEZ, COLVIN & CHANEY, L.L.P.
                                     1201 East Van Buren
                                     Brownsville, Texas  78520
                                     Tel:  (956) 542-7441
                                     Fax:  (856) 541-2170

                                     Layne E. Kruse
                                     State Bar No. 11742550
                                     Federal I.D. No. 2383
                                     Richard N. Carrell
                                     State Bar No. 0387100
                                     Federal I.D. No. 4473
                                     Gerard G. Pecht
                                     State Bar No. 15701800
                                     Federal I.D. No. 4784
                                     FULBRIGHT & JAWORSKI, L.L.P.
                                     1301 McKinney, Suite 5100
                                     Houston, Texas  77010-3095
                                     Tel:  (713) 651-5151
                                     Fax:  (713) 651-5246

30417085.2                              -14-

Respectfully submitted,


Suzanne M. Schwarz
State Bar No. 17872300
LAW OFFICES OF SUZANNE SCHWARZ, P.C.
P.O. Box 532044
Harlingen, Texas 78553
Telephone: 956.440.0340
Telecopier: 956.440.8252

Benigno "Trey" Martinez
State Bar No. 00797011
Federal I.D. No. 23945
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone: 956.546.715
Telecopier: 956.544.0602

Attorneys-in-Charge for Plaintiffs

_Eduardo Roberto Rodriguez_ *By Suzanne Schroig with permission*
Eduardo Roberto Rodriguez
State Bar No. 17144000
Robert Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

FULBRIGHT & JAWORSKI L.L.P.

Layne E. Kruse
State Bar No. 11742550
Richard N. Carrell
State Bar No. 03871000
Gerard G. Pecht
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Attorneys-in-Charge for Defendants

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on March 3 , 2003.

_____
Suzanne M. Schwarz

30417085.2                                    -17-