IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 23 2006

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ALBERT PULLEN ET AL., § § Plaintiffs, § § § V. § § FARMERS GROUP, INC., § FARMERS UNDERWRITERS § ASSOCIATION, FIRE § UNDERWRITERS ASSOCIATION, § FARMERS INSURANCE EXCHANGE, § FIRE § INSURANCE EXCHANGE, § AND JOSE GUTIERREZ, § § Defendants. § | C.A. NO. B-02-206 |

**PLAINTIFFS' RESPONSE TO JOSE GUTIERREZ'S MOTION TO DISMISS
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS Albert Pullen and Zonia Pullen, on behalf of themselves and others similarly situated, (hereinafter referred to as "Plaintiffs") in the above-styled and numbered cause, and file this their Response to Jose Gutierrez's Motion to Dismiss or, Alternatively, for Summary Judgment and Brief in Support. In support of such Response, Plaintiffs would respectfully show the Court the following:

I.

BACKGROUND

In this lawsuit, Plaintiffs, Texas residents, filed a class action lawsuit against the Defendant

Farmers Group, Inc. and its affiliates, member exchanges, subordinates, d/b/a and Farmers Group related entities, including Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, and Defendant Jose Gutierrez, as Plaintiffs' agent.

In the lawsuit, Plaintiffs, individually and on behalf of other Texas consumers similarly situated, alleged that, as part of the process of insuring their policyholders, Defendants Farmers along with its agents, including Defendant Gutierrez, have been using the credit history of their policyholders as a significant factor in calculating premiums. The Defendants Farmers along with its agents used the credit information as part of a credit scoring system that was used as basis for determining premiums and the amount of coverage.

Plaintiffs allege Defendants Farmers and its agents, including Defendant Gutierrez, failed to disclose the effect of the policyholder's score and credit history on the amount of premiums charged or coverage obtained. Defendants Farmers further failed to adequately disclose that the policyholders had the right to contest or update their score or the effect of their credit history on their score. Defendants Farmers used such credit history as a means to switch policyholders into higher, unregulated companies and did so without full disclosure. As a result of their action, the policyholders were damaged and discriminated against.

Plaintiffs assert that Defendant Gutierrez, the Plaintiffs' agent, knew that the Defendants Farmers were accessing Plaintiffs' credit information and using such information to determine and increase their premiums and the amount of coverage they obtained. Defendant Gutierrez failed, however, to inform Plaintiffs of such material facts.

The Defendants have filed a Motion to Dismiss or Alternatively Motion for Summary Judgment. In their Motion, the Defendants claim the lawsuit should be dismissed for two reasons: (1) Defendants claim that Plaintiffs signed a full release, releasing all claims; and (2) the State's

Class Action Settlement will have preclusive action regarding this matter. Additionally, in the Motion to Dismiss filed by Jose Gutierrez, the Defendant contends that the Plaintiffs failed to state a claim against Jose Gutierrez. As set forth below, such arguments are without merit. Thus, the Plaintiffs respectfully request that the Motion be denied.

## II.

## PLAINTIFFS' SETTLEMENT OF A PRIOR LAWSUIT DOES NOT OPERATE AS RES JUDICATA IN THIS LAWSUIT

In support of their Motion to Dismiss, the Defendant contend that a prior lawsuit filed against the Defendants and ultimately settled constitutes res judicata. To the contrary, the prior lawsuit involved property damage to the Plaintiffs' home – not issues involving improper credit scoring as alleged in this Lawsuit. As set forth in the actual settlement document signed in the prior lawsuit, such lawsuit dealt with the following:

> [C]laim and/or claims made by Plaintiffs/Releasors for any and all mold, water damage, foundation damages, plumbing leaks, property damages, roof damages and/or leaks, air conditioning damages and/or leaks and cosmetic damages to the dwelling located at 1734 Honeydale Road, Brownsville, Texas and personal goods at that dwelling, under Homeowners Policy No. 0921239513 and Claim No. P6 104197 and other pending claims, with the original dates of loss reported to be on or about September 26, 2001, and as set forth in Plaintiffs' pleadings.

A true and correct copy of the signed Settlement Agreement and General Release is attached as Exhibit "A." The current lawsuit does not involve damages to the Plaintiffs' home; rather, the lawsuit pertains to alleged improper credit scoring.

Furthermore, in the prior lawsuit, the settlement agreement, drafted by the Defendants, does not define the term "claims" to include issues pertaining to credit scoring. Instead, the term "claims" was defined as follows:

> The claims which are contemplated by this Settlement Agreement and General Release include, but are not limited to, any and all mold, domestic water leaks, roof damages or leaks,

> sewer drain leaks, air conditioning damages and/or leaks, shower pan leaks, hot water heater leaks, or other plumbing leaks or repairs, cosmetic and/or foundation repairs and/or mold remediation and/or repairs and/or work performed or to be performed to the Plaintiffs'/Releasors' property, all mold damages, water damage, plumbing leaks, roof damages and/or leaks, air conditioning leaks and/or damages and/or foundation settling or damage of any kind, all interior damage of any kind, all roof damages of any kind, all claims for lost rent, all claims for additional living expenses (loss of use), all claims for damages for personal injuries, to personal property, furniture or fixtures, any damage or malfunction to said dwelling as described herein, and any personal injury manifested prior to or caused by any cause and/or peril occurring on or before the date of this Release (hereinafter referred to as "the claims").

*See* Exhibit "A." Thus, while the definition of "claims" was extremely broad, it did not and does not cover claims pertaining to credit scoring. Therefore, the Defendants' Motion to Dismiss should be denied.

### III.

### THE LAWSUIT BROUGHT BY THE STATE OF TEXAS IS ON APPEAL AND THEREFORE NOT A FINAL DETERMINATION

In its second argument as to dismissal, the Defendants claim that the class action lawsuit brought by the State of Texas and its settlement will function as re judicata as to this lawsuit. At the time that the Defendants filed their Motion to Dismiss, a class action settlement as to credit scoring had been reached between the State of Texas and Farmers. Such settlement was preliminarily approved on May 19, 2003. Plaintiffs acknowledge that a final settlement in such case would impact this particular lawsuit. There are, however, however, issues involving the State of Texas settlement and, as of the date of this Response, the settlement is not final. In fact, the Third Court of Appeals reversed the trial court's order preliminarily certifying the settlement class, which ruling has been appealed and is currently pending before the Texas Supreme Court on petition for review.

If the settlement with the State should not be approved, this case should be allowed to proceed and the Defendants' argument as to the settlement's preclusive effect would not be valid.

In the various Supplements to the Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure that have been filed in this Lawsuit, the Defendants and Plaintiffs have updated the Court on the status of the appeal of the State lawsuit and settlement. A copy of the latest Supplement, filed February 17, 2006, is attached as Exhibit "B." Plaintiffs request that the Court stay a decision regarding dismissal of this Lawsuit pending the final approval hearing to be conducted on the preliminarily-approved State settlement. *See* Exhibit "B."

## IV.

## PLAINTIFFS HAVE STATED A CLAIM AGAINST DEFENDANT JOSE GUTIERREZ

In their Motion for Dismissal, Defendants argue that the Plaintiffs have failed to state a claim as to the Defendant Jose Gutierrez and he should be dismissed. As set forth below, Jose Gutierrez was properly joined in the Lawsuit and should not be dismissed.

Article 21.21 of the Texas Insurance Code prohibits agents from engaging in unfair or deceptive trade practices of insurance. ***Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,*** 966 S.W.2d 482, 484-86 (Tex. 1998). It is well-established that an agent may be responsible for failing to disclose material facts. ***Colonial County Mutual Ins. Co. v. Valdez*** 30 S.W.3d 514, 521 (Tex.App. — Corpus Christi 2000, no pet). As set forth in ***Colonial,*** 30 S.W.3d at 523; ***Ferguson v. Security Life of Denver Ins. Co.,*** 996 F. Supp. 597, 603 (N.D. Tex. 1998) (statements by insured concerning his conversations with insurance agent were subject to differing interpretations, and thus, insurer failed to prove no possibility of recovery against its agent); ***Jackson v. Wilson,*** 4 F.Supp.2d. 671, 672 (E.D. Tex. 1998); ***Tenner v. The Prudential Ins. Co. Of Am.,*** 872 F.Supp. 1571, 1574 (E.D. Tex. 1994).

In this case, the Defendant Jose Gutierrez and his agency underwrote the Plaintiffs' insurance policy. He knew that the Defendants Farmers were accessing Plaintiffs' credit information and using such information to determine and increase his premiums and the amount of coverage they obtained. Defendant Gutierrez failed, however, to inform Plaintiffs of such material facts. As set forth in the affidavit of the Plaintiff Albert Pullen, Defendant Jose Gutierrez failed to inform him that his credit report and credit information was being used as part of a crecit score or that he would be placed in a category based on such credit score. He was never informed that his premiums would be based on his credit score. ***See Affidavit of Alberto Pullen***, a true and correct copy of which is attached hereto as Exhibit "C" ( the original of which has previously been filed with the Court). Specifically, Mr. Pullen provides the following:

> My name is Alberto Pullen. I am over 18 years of age and am competent to make this Affidavit in all respects. Unless otherwise stated, I have personal knowledge of the facts set forth herein. I am making this Affidavit under my own free will.
>
> I own a home located at 1734 Honeydale in Brownsville, Texas. I have had homeowners' insurance with Farmers Insurance for over five years.
>
> My insurance agent for my homeowners' insurance is Jose Gutierrez, an agent for Farmers Insurance. Mr. Gutierrez' office is located at 1514 E. Los Ebanos, Brownsville, Texas 78520.
>
> The premiums for my homeowners' insurance increased during the last year although the coverage decreased. Mr. Gutierrez never informed me that credit information would be used as part of a credit score or that I would be placed in a category based on such credit score. I was not informed by Mr. Gutierrez that my credit information could result in an increase in my insurance premiums.
>
> I was under the impression that my agent had provided me with complete and accurate information, and I relied on his expertise in paying and securing my homeowner's insurance.

The Plaintiffs have set forth a viable claim against the Defendant under the Texas Insurance Code. Additionally the Defendant Gutierrez' conduct constitutes false, misleading, and deceptive acts in violation of the DTPA including, but not limited to, his failure to disclose was intended to

induce the Plaintiffs into a transaction the consumer would not have entered.

Plaintiffs have causes of action against Defendant Gutierrez under the Texas Insurance Code for his failure to state a material fact that is necessary to make other statements made in misleading considering the circumstances under which the statements were made and failing to disclose matters required to be disclosed by law.

## V.

## CONCLUSION

Defendants have failed to set forth a proper basis for dismissal of this Lawsuit. Since this Lawsuit involves claims regarding credit scoring rather than property damage to the Plaintiffs' home, dismissal is not proper. Furthermore, unless and until the State settlement is approved and final, such lawsuit has no preclusive effect on this lawsuit. Additionally, as to the Defendant Jose Gutierrez, he is a proper party to this Lawsuit. Plaintiffs request that the Defendant Jose Gutierrez's Motion to Dismiss or Alternatively Motion for Summary Judgment be denied.

Respectfully submitted,

Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557

OF COUNSEL:

**LAW OFFICES OF SUZANNE M. SCHWARZ, P.C.**
Suzanne M. Schwarz
State Bar No. 17872300
Federal I.D. No. 16557
P.O. Box 532044
Harlingen, Texas 78553
Tel: (956) 440-0340
Fax: (956) 440-8252
Attorneys in Charge for Plaintiffs

**MARTINEZ, BARRERA, & MARTINEZ, L.L.P.**
Benigno "Trey" Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record by either facsimile, hand-delivery or certified mail, return receipt requested, on _____ February 23, 2006 _____, as follows:

Eduardo Roberto Rodriguez, Esq.
Roberto Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas   78520

Layne E. Kruse, Esq.
Carlos Rainer, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas   77010

_____
Suzanne M. Schwarz