IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN   ET AL., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | C. A. NO. B-02-206 |
| § | | |
| FARMERS GROUP, INC., ET AL., § | | |
| Defendants. § | | |

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS,
OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange (collectively "Defendants" or "Farmers ") file this their Reply to the Plaintiffs' Response to Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment on the following grounds.

*Introduction*

Defendants moved to dismiss or, alternatively, for judgment as a matter of law on the pleadings because:

(a) Plaintiffs' release in their Cameron County Suit encompasses this action;

(b) the Order of Dismissal in the Cameron County Suit bars this action under the doctrine of res judicata;

(c) the pending class settlement in Travis County in the State's suit against Farmers when approved will bar this action under the doctrine of res judicata; and,

(d) the first-filed rule warrants dismissal in favor of the Travis County suit.

In their Response, Plaintiffs do not actually refute any of the bases for the Defendants' motion, submit no genuine issues of material fact and wholly fail to address the legal authority in the Defendants' motion. They simplistically rely on a small portion of the release, ignore its other provisions and do not address the res judicata effect of the Order of Dismissal in the

31088037.1

Cameron County Suit. Although these grounds alone suffice to support a dismissal of this action, at a minimum, the procedural status of the petition for review by the Supreme Court of the settlement in the Travis County matter warrants a stay or continuation of the status quo in this proceeding. Plaintiffs correctly state that the Third Circuit Court of Appeals reversed and remanded the Travis County Court's preliminary approval of Farmers' settlement with the State of Texas; however, that decision is presently the subject of a petition for review by the Texas Supreme Court. Farmers' settlement with the State when ultimately approved will bar the Plaintiffs' claims here.

### A. Plaintiffs' Description of the Release in the Cameron County Suit is Both Incomplete and Far Too Narrow.

In their Response, Plaintiffs erroneously describe a release of their previous suit filed in state district court in Cameron County, Texas[1] as a very narrow release. Plaintiffs rely on the list of claims specifically included in the Release.[2] However, the Release expressly states that the list of claims specified by the Plaintiffs in the Response is <u>not</u> an all inclusive list. Although Plaintiffs include in their Response the following text introducing the listing of types of claims, they ignore the plain meaning of the introductory language that "[t]he claims which are contemplated by this Settlement Agreement and General Release *include, but are not limited to,*" the listing of claims upon which Plaintiffs rely.[3]

---

[1] *See* Plaintiffs' Original Petition (at Exhibit A) in Cause No. CL 2002-05-2123-C; *Alberto and Zonia Pullen, et al. v. Farmers Insurance Group a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P.Meuch*; In the 197th Judicial District Court Cameron County, Texas (the "Cameron County Suit"). All references to Exhibits in this Reply are to Exhibits attached to the Defendants' Motion to Dismiss or, Alternatively for Judgment.

[2] *See* Response at pp. 3-4 *cf.* Exhibit B, Settlement Agreement and General Release, the "Release."

[3] *See* Exhibit B, Release at pp. 2-3 (emphasis added).

Plaintiffs, in fact, signed a much broader release than they acknowledge in the Response. They "agreed to settle all of the claims made the basis of the [Cameron County Suit]."[4] In the Cameron County Suit, Plaintiffs claimed that Farmers misrepresented the terms and conditions of their insurance policy.[5] Plaintiffs agreed in the Release not only to settle and release the *less than* comprehensive list of claims in the Response at pp. 2-3, but also "all claims that were asserted or assertable" in the Cameron County Suit "whether or not . . . specifically set forth in the Release." Pertinent language from the Release follows:

> Plaintiffs/Releasors and Defendants/Releasees [including Farmers and Jose Gutierrez] have agreed to settle *all of the claims made the basis of the [Cameron County Suit]* . . .
>
> Plaintiffs/Releasors agree that as to Defendants/Releases [including Farmers and Jose Gutierrez] that *all claims are being released* . . . .
>
> This Release contemplates *all claims that were asserted or assertable* in the above-referenced lawsuit . . . .
>
> Plaintiffs/Releasors *release and forever discharge* Defendants/Releasees [including Farmers and Jose Gutierrez], all member exchanges, all related entities, and their affiliates, subsidiaries, heirs, assigns, employees, agents, assignees, successors in interest, insurers, adjusters, representatives and attorneys, *of and from any and all claims liabilities . . . whether or not such claims are specifically set forth in the Release* . . .
>
> The Releasing Parties *hereby RELEASE and FOREVER DISCHARGE* Defendants/Releasees, Farmers Insurance Group a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P. Meuch, all member exchanges, all related entities, their heirs and assigns and their respective principals, partners, past or present officers, directors, shareholders, insurers, adjusters, employees, attorneys, agents, servants, representatives, subsidiaries, predecessors, successors, affiliated or associated entities, assigns, heirs, executors, administrators and insurance companies (hereinafter referred to as "Defendants/Releasees/Released Parties"), *of and from any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind or nature, whether heretofore or hereafter accruing and whether now known or not known to the parties*, including, but not limited to, damages for or because of

---

[4] *See* Exhibit B, Release at p. 2.

[5] *See* Exhibit A, Plaintiffs' Original Petition.

any matter or thing admitted or suffered to be done by the Defendants/Releases/Released Parties *prior to and including the date of the signing of this Release that directly or indirectly arise out of the claim numbers set forth herein, and all other pending claims.*[6]

Now the Plaintiffs seek to avoid their broad release of "any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind or nature, whether heretofore or hereafter accruing and whether now known or not known to the parties . . . that were asserted or assertable . . . .whether or not such claims are specifically set forth in the Release."[7]

### B. Plaintiffs Submit No Genuine Issue of Material Fact Regarding the Release.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56 (c ). The non-movant may not rest on the pleadings, but rather must provide specific facts showing the existence of a genuine issue for trial. *E.g., Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

Because Plaintiffs' Response includes no effort to demonstrate a genuine issue of material fact with respect to the Release, Defendants alternative Motion for Summary Judgment based upon the Release should be granted.

### C. The State Court's Order Of Dismissal Dismissing Plaintiffs' Claims With Prejudice Constitutes Res Judicata and a Bar to This Litigation.

In addition, the Cameron County Suit has been dismissed with prejudice as to all claims made by the Pullens in that matter, as follows:

---

[6] Exhibit B (emphasis added).

[7] *See* Exhibit B (emphasis added). Plaintiffs in this action are being represented by the same counsel, Benigno "Trey" Martinez, who represented plaintiffs in their Cameron County Suit.

> IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that all claims by Alberto and Zonia Pullen, individually and on Behalf of Minor Ana Frances Pullen, Sofia and Maria Christina Pullen against Farmers Insurance Group [*sic*] a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P. Meuch *are hereby dismissed with prejudice* to the refiling of same . . . .[8]

Because of the expansive nature of the claims in the Cameron County Suit, the state Court's Order of Dismissal operates as a bar to this action under the doctrine of res judicata. Plaintiffs' allegations in this case arise from the same nucleus of operative facts that gave rise to Plaintiffs' action in the Cameron County Suit. The comparison of these claims set forth in Defendants' Motion bears repeating here. Specifically, Plaintiffs sued Farmers, based on their insurance policy, for alleged misrepresentations and violations under the Deceptive Trade Practices Act (the "DTPA") and the Texas Insurance Code, alleging that Farmers violated the DTPA and Insurance Code by:

> a. Falsely representing that goods or services are of a particular standard, quality, or grade;
>
> b. Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce [plaintiffs] into a transaction [plaintiffs] would not have entered into had the information been disclosed; and
>
> c. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.[9]

Similar allegations were made by Plaintiffs against Farmers in the Cameron County Suit, again based on their insurance policy, where Plaintiffs alleged that Farmers made misrepresentations and violated the DTPA and Insurance Code by:

> j. representing that goods or services are of a particular standard, quality, grade . . . ;

---

[8] Exhibit C, Order of Dismissal (emphasis added).

[9] Exhibit F, Third Amended Class Action Petition at pp. 5-6.

    k.    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

    m.    Failing to disclose information concerning goods or services that was known at the time of the transaction if the failure to disclose was intended to induce [plaintiffs] into a transaction [plaintiffs] would not have entered into had the information been disclosed.[10]

Because claims asserted by Plaintiffs in this action could have been (or in fact were) brought in the Cameron County Suit, they are barred by the res judicata effect of the Order of Dismissal.

**D.**    ***This Case is Duplicative of Prior State Court Litigation Brought By The State of Texas.***

    *1.*    *The Pullens Copied the Claims Brought by the State in the Travis County Proceeding.*

Plaintiffs' complaint here is nothing more than a duplication of the lawsuit previously filed by the State of Texas for the benefit of Farmers' Texas policyholders seeking damages and injunctive relief on matters related to Farmers' use of credit scoring and Farmers' underwriting practices in the State of Texas.[11] Among other things, the State alleged that Farmers improperly used the credit histories of Texas policyholders to calculate premiums and failed to adequately disclose to Texas policyholders that Farmers used credit scoring in its underwriting practices. The State also claimed that Farmers failed to adequately disclose a management fee charged Texas policyholders and that Farmers improperly charged Texas policyholders for catastrophes occurring in other states.

Plaintiffs' allegations here are nothing more than a copy of the allegations in the State's Travis County petition. Plaintiffs specifically allege, as did the State of Texas in the previously

---

[10] Exhibit A, Plaintiffs' Original Petition (Cameron County Suit) at p. 5.

[11]*See* Exhibit D, the State's Amended Petition in *State of Texas and The Texas Commissioner of Insurance v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange*, C.A. No. GV 202501, in the 261st Judicial District Court of Travis County, Texas.

filed Travis County Suit, that Farmers violated the Texas Insurance Code and DTPA by improperly applying credit scoring in calculating premiums for Texas policyholders, failing to adequately disclose to policyholders that it used their credit history in calculating premiums, and failing to disclose to policyholders that it charged a management fee.[12]  The allegations are identical to those made by the State in its suit against Farmers.

> 2.  *Farmers' Statewide Class Action Settlement is Comprehensive and Encompasses this Matter.*

After Defendants removed this case to this Court, the State of Texas and Farmers announced a comprehensive state-wide settlement on behalf of Farmers' policyholders in Texas. The settlement was signed by the State and Farmers and, on June 27, 2003, the Court in Travis County preliminarily approved the settlement.  The preliminary approval was ordered after an extensive hearing held over a period of four days.  The statewide settlement includes substantial monetary compensation (estimated at over $100 million—the largest property and casualty insurance settlement in the history of the State of Texas) and injunctive relief, both retrospective and prospective, in favor of Texas policyholders who have homeowners insurance and automobile insurance with Farmers.  The settlement the State entered with Farmers on behalf of Texas policyholders resolves all issues raised here by the Plaintiffs.

> 3.  *The Procedural Status of the Settlement Approval is Not a Basis for Denial of Defendants' Motion to Dismiss.*

The settlement agreement was designed to conclude completely the litigation surrounding the challenged insurance practices for the benefit of Texas policyholders.  After an elaborate hearing, the district court certified three settlement classes and preliminarily approved the settlement agreement.  The only issue on appeal is the propriety of the class certification ruling

---

[12] *See* Exhibit F, Plaintiffs' Third Amended Class Action Petition pp. 4-5.

in regard to the Third Circuit Court of Appeals' reasoning that the State Attorney General was required to make all of the showings required of a private litigant seeking to represent a class and that he should have either been a member of the class or solicited an individual insured to serve as a nominal class representative. *Lubin v. Farmers Group, Inc.*, 157 S.W.3d 113, 127 (Tex. App. – Austin 2005, pet. filed). Farmers has petitioned the Texas Supreme Court for review of the Third Circuit's ruling, presenting the question of whether the Texas Attorney General was required to solicit an individual plaintiff to function as a class representative before he could bring a class action on behalf of Farmers' policyholders in Texas to recover damages.

    4.    *Farmers' Settlement with the State on Behalf of Policyholders Will Also Have Preclusive Effect.*

The issues raised by the Plaintiffs here are identical to those raised in the State's Travis County suit against Farmers and involves the same putative class members. Accordingly, this Court should, at a minimum stay this proceeding or maintain the status quo because of the procedural status of the Travis County suit. A class settlement there will operate to bar this action. The Court need not expend its judicial resources in allowing this case to proceed when Plaintiffs make the same allegations as did the State in its suit against Farmers.

E.    *The First-to-File Rule Warrants Dismissal in Favor of the Travis County Suit.*

This action is wholly duplicative of the State's suit, which was filed <u>before</u> this action and which includes a pending settlement. Thus, this Court, in addition, has discretion to dismiss this action in light of the first-to-file rule adopted by the Fifth Circuit. *See, e.g., Save Power Limited v. Synteck Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (federal court has discretion to dismiss suit in light of previously filed suit). The Fifth Circuit adheres to the first-to-file rule to "avoid the waste of duplication... [and] piecemeal resolution of issues that call for a uniform

result." *West Gulf*, 751 F.2d at 729; *Save Power*, 121 F.2d at 950; *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971).

## Conclusion

Defendants therefore request that the Court dismiss this action and render judgment for Defendants. In the alternative, Defendants respectfully request that the Court stay this action pending final resolution of the approval of Farmers' settlement in the Travis County suit. Defendants also request all other and further relief to which they are justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP.

By \_\_/s/ Eduardo Roberto Rodriguez
Eduardo Roberto Rodriguez
Fed. ID. No. 1944
State Bar No. 00000080
Robert Patrick Rodriguez
Fed.ID. No. 2949
State Bar No. 24002861
1201 East Van Buren
Brownsville, Texas 78520 and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

Layne E. Kruse
State Bar No. 11742550
Richard N. Carrell
State Bar No. 03871000
Gerard G. Pecht
State Bar No. 15701800
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246

Attorneys-in-Charge for Defendants

## CERTIFICATE OF SERVICE

    This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on March 9th, 2006. to counsel of record as hereinbelow noted:

Susanne Schwarz  
Law Office of Suzanne Schwarz, P.C.  
P. O. Box 532044  
Harlingen, TX  78553

Benigno "Trey" Martinez  
Martinez, Barrera & Martinez  
1201 E. Van Buren  
Brownsville, TX  78520

                                                               /s/ Eduardo Roberto Rodriguez  
                                                                 Eduardo Roberto Rodriguez

Case 1:02-cv-00206    Document 40    Filed in TXSD on 03/09/2006    Page 10 of 10