IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN ET AL., <br> Plaintiffs, | § § § | |
| v. | § | C. A. NO. B-02-206 |
| FARMERS GROUP, INC., ET AL., <br> Defendants. | § § § § | |

**REPLY TO OPPOSITION TO DEFENDANT JOSE GUTIERREZ'S
MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Jose Gutierrez ("Gutierrez") files this Reply to the Plaintiffs' Response to Gutierrez' Motion to Dismiss, or Alternatively, for Summary Judgment on the following grounds.

*Introduction*

Gutierrez moved to dismiss or, alternatively, for judgment as a matter of law on the pleadings because:

(a) Plaintiffs' allegations are legally insufficient to state a claim against Gutierrez;

(b) Plaintiffs' release in their Cameron County Suit encompasses this action;

(c) the Order of Dismissal in the Cameron County Suit bars this action under the doctrine of res judicata; and,

(d) the pending class settlement in Travis County in the State's suit against Farmers when approved will bar this action under the doctrine of res judicata.

In their Response, Plaintiffs attempt unsuccessfully to bolster their claims against Gutierrez. An attempt to supplement allegations to a complaint in a pleading responsive to a motion to dismiss is of no legal effect. Further, Plaintiffs do not actually refute any of the bases for Gutierrez' motion, do not submit any genuine issues of material fact and wholly fail to address the legal authority in Gutierrez' motion.

31089339.2

Although the deficiencies in Plaintiffs' allegations against Gutierrez suffice, further grounds for dismissal are found in Plaintiffs' release of Gutierrez and the res judicata effect of the Order of Dismissal in the previously filed Cameron County Suit.

In the event that the foregoing grounds together (if not individually) do not support dismissal of Gutierrez, at a minimum, the procedural status of the petition for review by the Supreme Court of the settlement in the Travis County matter warrants a stay or continuation of the status quo in this proceeding. Plaintiffs correctly state that the Third Circuit Court of Appeals reversed and remanded the Travis County Court's preliminary approval of Farmers' settlement with the State of Texas; however, that decision is presently the subject of a petition for review by the Texas Supreme Court. Farmers' settlement with the State when ultimately approved will bar the Plaintiffs' claims here.

### A.    *Plaintiffs Fail to State a Claim Against Gutierrez.*

*1    Pursuant to Fed. R. Civ. P. 9(b) Conclusory Group Pleadings are Legally Insufficient to State a Claim Against Gutierrez.*

The Fifth Circuit has consistently held that conclusory group allegations are legally insufficient to state a claim. *See, e.g., Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 261 (5th Cir. 1995) (holding that a complaint failed to state a claim against insurance agent where no substantive allegations were made directly against the agent and no specific facts were alleged supporting a claim against the agent). Plaintiffs fail to specify in their Third Amended Petition (the "Petition")[1] a factual basis for recovery against Gutierrez sufficient to avoid dismissal. In the Petition, Plaintiffs name Gutierrez in the caption, introductory paragraph and the paragraph identifying his address for service of process. No substantive allegations were

---

[1] Attached as Exhibit F to Gutierrez' Motion to Dismiss or, Alternatively for Judgment. All references to Exhibits in this Reply are to Exhibits attached to Gutierrez' Motion to Dismiss or, Alternatively for Judgment.

made against Gutierrez and no specific facts are alleged in support of a claim against Gutierrez. Although Plaintiffs purport in the Petition to assert causes of action against Gutierrez for violations of the Texas Deceptive Trade Practices Act (the "DTPA") and art. 21.21 of the Texas Insurance Code, they offer no specific facts or substantive allegations supporting those claims. Claims alleging violations of the DTPA and art. 21.21 are subject to the specificity requirements of Rule 9(b). *See, e.g., Frith v. Guardian Life Ins. Co.,* 9 F. Supp. 2d 734, 737, 742 (S.D. Tex. 1998).

Plaintiffs attempt to bolster their otherwise insufficient allegations against Gutierrez in their Response. A plaintiff cannot use a response to a motion to dismiss as a vehicle to supply facts absent from the complaint. *In re Baker Hughes Secs. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001) ("[I]t is axiomatic that [a] complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Plaintiffs' claims against Gutierrez therefore should be dismissed pursuant to Fed. R. Civ. P. 9(b). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) [of the Federal Rules of Civil Procedure] is a dismissal on the pleadings for failure to state a claim.'" *Frith v. Guardian Life Ins. Co.,* 9 F. Supp. 2d at 737, 741.

2. *Plaintiffs' Breach of Contract and Breach of the Duty of Good Faith Claims Against Gutierrez Also Fail as a Matter of Law.*

Claims of breach of contract and breach of the duty of good faith and fair dealing against Gutierrez fail because the Plaintiffs do not articulate or allege any grounds to support a finding of a "special relationship" between Plaintiffs and Gutierrez sufficient to impose liability on Gutierrez for breach. There exists no special relationship between the insured and the agent here. *See, e.g., Cavallini,* 44 F.3d at 261 (holding that insured had no claim for breach of the duty of good faith and fair dealing against agent because there is no special relationship between the insured and agent, but only between the insured and the carrier). *See also French v. State*

*Farm Ins. Co.,* 156 F.R.D. 159, 163 (S.D. Tex. 1994) ("Agents are not parties to the insurance contract, and there is no special relationship between the insured and the agent giving rise to a duty of good faith and fair dealing."); *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999) (plaintiffs failed to state a claim for breach of contract against insurance agent who was not a party to the insurance contract in dispute).

**B.     Plaintiffs' Description of the Release in the Cameron County Suit is Both Incomplete and Far Too Narrow.**

In their Response, Plaintiffs erroneously describe a release of their previous suit filed against Gutierrez and Farmers Insurance Group in state district court in Cameron County, Texas[2] as a very narrow release. Plaintiffs rely on the list of claims specifically included in the Release.[3] However, the Release expressly states that the list of claims specified by the Plaintiffs in the Response is <u>not</u> an all inclusive list. Although Plaintiffs include in their Response the following text introducing the listing of types of claims, they ignore the plain meaning of the introductory language that "[t]he claims which are contemplated by this Settlement Agreement and General Release *include, but are not limited to*," the listing of claims upon which Plaintiffs rely.[4]

Plaintiffs, in fact, signed a much broader release than they acknowledge in the Response. They "agreed to settle all of the claims made the basis of the [Cameron County Suit]."[5] In the Cameron County Suit, Plaintiffs claimed that Gutierrez and Farmers misrepresented the terms

---

[2] *See* Plaintiffs' Original Petition (at Exhibit A) in Cause No. CL 2002-05-2123-C; *Alberto and Zonia Pullen, et al. v. Farmers Insurance Group a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P.Meuch*; In the 197th Judicial District Court Cameron County, Texas (the "Cameron County Suit").

[3] *See* Response at pp. 3-4 *cf.* Exhibit B, Settlement Agreement and General Release, the "Release."

[4] *See* Exhibit B, Release at pp. 2-3 (emphasis added).

[5] *See* Exhibit B, Release at p. 2.

and conditions of their insurance policy.[6] Plaintiffs agreed in the Release not only to settle and release the *less than* comprehensive list of claims in the Response at pp. 2-3, but also "all claims that were asserted or assertable" in the Cameron County Suit "whether or not . . . specifically set forth in the Release." Pertinent language from the Release follows:

> Plaintiffs/Releasors and Defendants/Releasees [including Farmers and Jose Gutierrez] have agreed to settle *all of the claims made the basis of the [Cameron County Suit]* . . .
>
> Plaintiffs/Releasors agree that as to Defendants/Releasees [including Farmers and Jose Gutierrez] that *all claims are being released* . . . .
>
> This Release contemplates *all claims that were asserted or assertable* in the above-referenced lawsuit . . . .
>
> Plaintiffs/Releasors *release and forever discharge* Defendants/Releasees [including Farmers and Jose Gutierrez], all member exchanges, all related entities, and their affiliates, subsidiaries, heirs, assigns, employees, agents, assignees, successors in interest, insurers, adjusters, representatives and attorneys, *of and from any and all claims liabilities . . . whether or not such claims are specifically set forth in the Release* . . .
>
> The Releasing Parties *hereby RELEASE and FOREVER DISCHARGE* Defendants/Releasees, Farmers Insurance Group a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P. Meuch, all member exchanges, all related entities, their heirs and assigns and their respective principals, partners, past or present officers, directors, shareholders, insurers, adjusters, employees, attorneys, agents, servants, representatives, subsidiaries, predecessors, successors, affiliated or associated entities, assigns, heirs, executors, administrators and insurance companies (hereinafter referred to as "Defendants/Releasees/Released Parties"), *of and from any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind or nature, whether heretofore or hereafter accruing and whether now known or not known to the parties*, including, but not limited to, damages for or because of any matter or thing admitted or suffered to be done by the Defendants/Releases/Released Parties *prior to and including the date of the signing of this Release that directly or indirectly arise out of the claim numbers set forth herein, and all other pending claims*.[7]

---

[6] *See* Exhibit A, Plaintiffs' Original Petition.

[7] Exhibit B (emphasis added).

Now the Plaintiffs seek to avoid their broad release of "any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind or nature, whether heretofore or hereafter accruing and whether now known or not known to the parties . . . that were asserted or assertable . . . .whether or not such claims are specifically set forth in the Release."[8]

C. *Plaintiffs Submit No Genuine Issue of Material Fact Regarding the Release.*

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56 (c ). The non-movant may not rest on the pleadings, but rather must provide specific facts showing the existence of a genuine issue for trial. *E.g., Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). Because Plaintiffs' Response includes no effort to demonstrate a genuine issue of material fact with respect to the Release, Gutierrez' alternative Motion for Summary Judgment based upon the Release should be granted.

D. *The State Court's Order Of Dismissal Dismissing Plaintiffs' Claims With Prejudice Constitutes Res Judicata and a Bar to This Litigation.*

In addition, the Cameron County Suit has been dismissed with prejudice as to all claims made by the Pullens in that matter, as follows:

> IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that all claims by Alberto and Zonia Pullen, individually and on Behalf of Minor Ana Frances Pullen, Sofia and Maria Christina Pullen against Farmers Insurance Group [*sic*] a/k/a Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J.P. Meuch *are hereby dismissed with prejudice* to the refiling of same . . . .[9]

---

[8] *See* Exhibit B (emphasis added). Plaintiffs in this action are being represented by the same counsel, Benigno "Trey" Martinez, who represented plaintiffs in their Cameron County Suit against Gutierrez and Farmers.

[9] Exhibit C, Order of Dismissal (emphasis added).

Because of the expansive nature of the claims in the Cameron County Suit, the state Court's Order of Dismissal operates as a bar to this action under the doctrine of res judicata. The purported claims asserted against Gutierrez in this action (to the extent any of Plaintiffs' otherwise legally insufficient allegations could be viable) were or could have been brought in the Cameron County Suit. In the Cameron County Suit, again based on their insurance policy, Plaintiffs alleged misrepresentations and violations of the DTPA and Insurance Code. Because claims asserted against Gutierrez by Plaintiffs in this action could have been (or in fact were) brought in the Cameron County Suit, they are barred by the res judicata effect of the Order of Dismissal.

**E.      *This Case is Duplicative of Prior State Court Litigation Brought By The State of Texas.***

   *1.      The Pullens Copied the Claims Brought by the State in the Travis County Proceeding.*

Plaintiffs' allegations here (although some are lodged against Gutierrez) are nothing more than a copy of the allegations in the State's Travis County petition.[10] Plaintiffs specifically allege, as did the State of Texas in the previously filed Travis County Suit, violations of the Texas Insurance Code and DTPA by improperly applying credit scoring in calculating premiums for Texas policyholders, failing to adequately disclose to policyholders that it used their credit history in calculating premiums, and failing to disclose to policyholders that it charged a management fee.[11] The substantive allegations here are identical to those made by the State.

---

[10] *See* Exhibit D, the State's Amended Petition in *State of Texas and The Texas Commissioner of Insurance v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange*, C.A. No. GV 202501, in the 261st Judicial District Court of Travis County, Texas.

[11] *See* Exhibit F, Petition pp. 4-5.

    2.    *Farmers' Statewide Class Action Settlement is Comprehensive and Encompasses this Matter.*

After the defendants removed this case to this Court, the State of Texas and Farmers announced a comprehensive state-wide settlement on behalf of Farmers' policyholders in Texas that includes substantial monetary compensation and injunctive relief, both retrospective and prospective, in favor of Texas policyholders who have homeowners insurance and automobile insurance with Farmers. The settlement the State entered with Farmers on behalf of Texas policyholders resolves all issues raised here by the Plaintiffs.

    3.    *The Procedural Status of the Settlement Approval is Not a Basis for Denial of Defendants' Motion to Dismiss.*

The settlement agreement was designed to conclude completely the litigation surrounding the challenged insurance practices for the benefit of Farmers' Texas policyholders. After an elaborate hearing, the district court certified three settlement classes and preliminarily approved the settlement agreement. The only issue on appeal is the propriety of the class certification ruling in regard to the Third Circuit Court of Appeals' reasoning that the State Attorney General was required to make all of the showings required of a private litigant seeking to represent a class and that he should have either been a member of the class or solicited an individual insured to serve as a nominal class representative. *Lubin v. Farmers Group, Inc.*, 157 S.W.3d 113, 127 (Tex. App. – Austin 2005, pet. filed).

    4.    *Farmers' Settlement with the State on Behalf of Policyholders Will Also Have Preclusive Effect.*

The issues raised by the Plaintiffs here are identical to those raised in the State's Travis County suit against Farmers and involves the same putative class members. Accordingly, this Court should, at a minimum stay this proceeding or maintain the status quo because of the procedural status of the Travis County suit. A class settlement there will operate to bar this

action. The Court need not expend its judicial resources in allowing this case to proceed when Plaintiffs make the same allegations as did the State in its suit against Farmers.

## Conclusion

Gutierrez therefore requests that the Court dismiss this action and render judgment in his favor. In the alternative, Gutierrez respectfully requests that the Court stay this action pending final resolution of the approval of Farmers' settlement in the Travis County suit. Gutierrez also requests all other and further relief to which he may be justly entitled.

        Respectfully submitted,

        RODRIGUEZ, COLVIN, CHANEY & SAENZ, LLP.

By   /s/ Eduardo Roberto Rodriguez
      Eduardo Roberto Rodriguez
      Fed. ID. No. 1944
      State Bar No. 00000080
      Robert Patrick Rodriguez
      Fed.ID. No. 2949
      State Bar No. 24002861
      1201 East Van Buren
      Brownsville, Texas 78520 and/or
      P.O. Box 2155
      Brownsville, Texas 78522
      Telephone: 956.542.7441
      Telecopier: 956.541.2170

      Layne E. Kruse
      State Bar No. 11742550
      Richard N. Carrell
      State Bar No. 03871000
      Gerard G. Pecht
      State Bar No. 15701800
      FULBRIGHT & JAWORSKI L.L.P.
      1301 McKinney, Suite 5100
      Houston, Texas 77010
      Telephone: 713-651-5151
      Telecopier: 713-651-5246

Attorneys-in-Charge for Defendants

## **CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on March 9th, 2005.

Susanne Schwarz
Law Office of Suzanne Schwarz, P.C.
P. O. Box 532044
Harlingen, TX 78553

Benigno "Trey" Martinez
Martinez, Barrera & Martinez
1201 E. Van Buren
Brownsville, TX 78520

      /s/ Eduardo Roberto Rodriguez
Eduardo Roberto Rodriguez