IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT PULLEN & ZONIA PULLEN, § | | |
| *on behalf of themselves & others* § | | |
| *similarly situated,* § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. B-02-206 | |
| § | | |
| FARMERS GROUP, INC., FARMERS § | | |
| UNDERWRITERS ASSOC., FIRE § | | |
| UNDERWRITERS ASSOC., FARMERS § | | |
| INSURANCE EXCHANGE, FIRE § | | |
| INSURANCE EXCHANGE, & § | | |
| JOSE GUTIERREZ, § | | |
| § | | |
| Defendants. § | | |

## ORDER & OPINION

BE IT REMEMBERED, that on March 27, 2006, the Court **GRANTED IN PART** and **DENIED IN PART** Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 16] and **GRANTED** Defendant Jose Gutierrez' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 17].

### I. Introduction

This class action insurance contract dispute ("the federal class action"), began on September 23, 2002, prior to removal, when the named plaintiffs, Albert Pullen and Zonia Pullen ("Plaintiffs"), filed suit in the 107th Judicial Court of Cameron County [Dkt. No. 1]. In addition to the case before this Court, two earlier state court cases overlap with the parties and issues involved in this case.

1

### A. The individual suit

In May 2002, the Pullens filed a suit ("the individual suit") against Farmers Insurance, Farmers Insurance Exchange, and agent Jose Guitierrez in the 197th Judicial District Court of Cameron County involving water damage to their home and the resulting insurance claim. The individual suit resulted in a settlement and release signed on December 16, 2002 [Dkt. No. 16, Ex. A, B, & C].

### B. The Attorney General's suit

In August 2002, the Texas Attorney General filed suit against eleven insurers, including five of the defendants in the case before this court, on behalf of policyholders based on claims identical to those in this case, including the insurers' failure to disclose the use of credit scoring to determine premiums and the charging of a management fee in insurance exchange arrangements ("the Attorney General's suit") [Dkt. No. 16, Ex. D]. A class settlement was proposed. A hearing for preliminary approval of the proposed class settlement was held in May 2003, and the 261st District Court of Travis County, Texas issued an order of preliminary approval in June 2003 [Dkt. No. 37, Ex. A]. Before any final approval hearing was held, insureds Lubin, Villanueva, Paladinao, and Hooks intervened and objected to the class settlement agreement. *See Lubin v. Farmers Group, Inc.*, 157 S.W.3d 113, 119 (Tex. App. – Austin 2005). The Third Court of Appeals held that the class was improperly certified because the Attorney General did not comply with the Texas Insurance Code requirements governing class actions. *Id.* at 116. This matter is currently before the Texas Supreme Court on petition for review filed on March 3, 2005. *Farmers Group, Inc. v. Lubin*, Case No. 05-0169 (Tex. Sup. Ct.). No final approval hearing on the proposed settlement has been held.

### C. The federal class action

Plaintiffs complain, on behalf of themselves and others similarly situated ("the class members"), in the third amended petition, about acts and omissions of the Defendants: Farmers Group, Inc.; Farmers Underwriters Association; Fire Underwriters Association; Farmers Insurance Exchange; Fire Insurance Exchange; and insurance agent Jose

Guitierrez [Dkt. No. 1]. Specifically, Plaintiffs allege Defendants failed to adequately disclose the use and effect of credit history in determining premiums and failed to disclose the policyholders' right to contest the credit history used by the insurers. Additionally, Plaintiffs allege Defendants switched the policies of those with poor credit histories to unregulated companies charging higher rates for less coverage. Finally, Plaintiffs allege they were charged a management fee by Defendants without notice. All of these allegations are included in the Attorney General's suit as well. Plaintiffs contend that these alleged acts and omissions constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing.

The matters before this Court in Defendants' motions to dismiss [Dkt. No. 16, 17] are the effect of the release in the individual case and the effect of the proposed settlement of the Attorney General's suit on the pending federal class action.

## II. Procedural Background

In October 2002, Defendants removed this class action [Dkt. No. 1]. Although Plaintiffs initially filed a Motion to Remand, they withdrew the motion in January 2003 [Dkt. No. 6, 9]. In March 2003, Defendants filed these motions to dismiss [Dkt. No. 16, 17]. Following two continuances, the Court denied the motions without prejudice to reurging by the parties [Dkt. No. 24]. The parties have supplemented their Joint Discovery/Case Management Plan six times to inform the Court of the progress of the Attorney General's suit and to request amendments to the scheduling order. The Court has amended the pretrial deadlines five times. The Sixth Supplement to Joint Discovery/Case Management Plan Under Rule 26 of the Federal Rules of Civil Procedure is before the Court at this time [Dkt. No. 37]. On February 8, 2006, the Court reconsidered the previous denial of the motions to dismiss and established new response deadlines [Dkt. No. 36]. Plaintiffs filed their Response to Defendants Motion to Dismiss [Dkt. No. 38] and their Response to Jose Guitierrez's Motion to Dismiss [Dkt. No. 39], and Defendants replied [Dkt. No. 40, 41]. The Court now considers Defendants' Motion to Dismiss, or Alternatively, for Summary

Judgment [Dkt. No. 16] and Defendant Jose Gutierrez' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 17].

### III. Standard for Analysis
### A. Standard for Judgment on the Pleadings

Defendants file the motions under Rule 12(c) of the Federal Rules of Civil Procedure as motions for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact, and if the pleadings show that the moving party is entitled to prevail as a matter of law." *Smith v. McMullen*, 589 F. Supp. 642, 644 (S.D. Tex. 1984)(*citing Greenberg v. General Mills Fund Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)).

### B. Conversion of 12(c) Motion to Rule 56 Summary Judgment Motion

However, if, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(c). *See Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). The Defendants submitted seven exhibits with the motions to dismiss. Six of the seven exhibits are state court petitions, orders, and notices. Defendants also submitted the release between the Plaintiffs and those defendants named in the individual suit [Dkt. No. 16, Ex. B]. The Court considers this release and converts this motion to a Rule 56 motion for summary judgment. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n. 4 (5th Cir. 1998).

When a motion for judgment on the pleadings is converted to a motion for summary judgment, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion. Fed. R. Civ. P. 12(c). Defendants entitled the motions as motions to dismiss, or alternatively, for summary judgment [Dkt. No. 16, 17]. Additionally, Defendants filed the motions pursuant to Rule 56 and included tables of authorities. This case was filed over three years ago and has proceeded slowly due to the progress of the Attorney General's suit settlement. Finally, in its February 8, 2006 order, the Court

established new response deadlines ensuring the parties an opportunity to provide thorough authority and argument. Therefore, the parties have received notice and an opportunity to respond to the motion as a motion for summary judgment.

### C. Standard for Summary Judgment

Summary judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*; *see also Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex Corp.*, 477 U.S. at 323, the party "need not negate the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 323).

If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (citing *Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See id.* (citing *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *see also* Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary judgment

should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

### IV. Broad Release Bars Claims of Named Plaintiffs

A release is an agreement or contract in which one party agrees that a duty or obligation owed by the other party is discharged immediately on the occurrence of a condition. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). In order to effectively release a claim, the instrument must "mention" the claim to be released. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). However, it is not necessary for the parties to explicitly identify every potential cause of action. *Keck, Mahin, & Cate v. National Union Fire Ins.*, 20 S.W.3d 692, 698 (Tex. 2000). A claim may be "mentioned" without being specifically enumerated. *Memorial Med. Ctr. of East Texas v. Keszler*, 943 S.W.2d 433, 435 (Tex. 1997). A release may encompass unknown claims. *Id.* A release "operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and is an absolute bar to any right of action on the released matter." *Dresser Indus. Inc.*, 853 S.W.2d at 508.

A release is subject to the rules of construction governing contracts. *Coppedge-Link v. State Farm Ins.*, 2004 WL 1572913 (Tex. App. – Austin)(not designated for publication). Courts must give effect to the true intentions of the parties and read the instrument as a whole rather than isolating certain phrases or sentences. *Id.*

Defendants argue that the release signed by the parties to the individual suit is broad and thus, bars the claims in the federal class action. Plaintiffs argue that the release is narrow and should be construed narrowly so as to permit this suit.

Farmers Insurance Group, Farmers Insurance Exchange, Jose Gutierrez Insurance, Jose Gutierrez, and J. P. Meuch executed a settlement agreement and general release with Alberto and Zonia Pullen "to settle all of the claims made the basis of the above-captioned lawsuit" [Dkt. No. 16, Ex. B]. The agreement acknowledged that the pleadings in the individual suit alleged violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of contract, bad faith, breach of the

covenant of good faith and fair dealing, fraud, negligent misrepresentation and conspiracy. In addition to referring to the enumerated claims in the pleadings, the agreement listed claims contemplated by the Agreement as "including, but not limited to" specific mold and water damage claims. The parties released all claims that "were asserted or assertable" in the lawsuit and "any and all other claims and/or causes of action surrounding said claims." Plaintiffs released and forever discharged Defendants "from any and all claims, liabilities, and suits arising out of or resulting from 'the claims,' as defined above, whether or not such claims [were] specifically set forth in this Release." The language of the instrument as a whole is broad, and the claims identified include those claims alleged in the pleadings.

In *Victoria Bank & Trust Co. v. Brady*, a settlement agreement that released the parties from claims "attributable to the above described loan transaction" did not bar other tort claims concerning other transactions between the same parties. 811 S.W.2d 931, 938 (Tex. 1991). At that time, the Texas Supreme Court narrowly construed general categorical releases and only considered claims clearly within the subject matter of the release as discharged. *Id.* However, in 2000, the Texas Supreme Court distinguished the decision in *Brady* from a case in which the release was not limited to a specific transaction. *Keck, Mahin, & Cate*, 20 S.W.3d at 698. When the instrument covers "all demands, claims, causes of action of any kind whatsoever," it is a broad-form release and is clearly broader than the release in *Brady*. *Id.* Now, "courts will construe broadly drafted releases to encompass a wide variety of claims." *Baty v. Protech Ins. Agency*, 63 S.W.3d 841, 849 (Tex. App. –Houston [14th Dist.] 2001).

In this federal class action, the release from the individual suit should be construed broadly. The release barred claims based on the DTPA, the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing between the parties. The federal class action complains of violations of the DTPA and the Texas Insurance Code as well as a breach of contract and breach of the duty of good faith and fair dealing. These specific claims are mentioned in the release and thus, should be barred from future litigation between the parties if they were assertable at the time of the release.

Two concerns are apparent in state court treatment of suits between the parties to a release. On the one hand, an insurance company and an insured may continue to have a relationship based on the insurance contract despite a broad release. *Barth v. Royal Ins.*, 2004 WL 2904306 *2 (Tex. App.– Corpus Christi)(not designated for publication). On the other hand, a party may complain of the released party's behavior after the fact as a way to express dissatisfaction with the settlement. *Coppedge-Link v. State Farm Life Ins.*, 2004 WL 15272913 *5 (Tex. App. – Austin)(not designated for publication). In *Barth*, the parties executed four release agreements following a plumbing leak at the insured's home. 2004 WL 2904306 at *2. While the insured argued that the releases were limited in scope to the claims arising out of the leak, the Thirteenth Court of Appeals held that the broad language of the release barred actions related to the handling of the claim as well. *Id.* While an ongoing relationship between an insured and an insurer may give rise to new claims, claims assertable at the time of the release may be barred by a broad release. Under the present facts, Plaintiffs brought the federal class action prior to the signing of the release, so both parties understood the allegations to be assertable claims at the time of the settlement. Additionally, the timing indicates that both parties entered into the agreement with knowledge of the additional claims.

Plaintiffs entered into a broad release with Defendants Farmers Insurance Group, Farmers Insurance Exchange, and agent Jose Gutierrez barring any of the claims from the individual lawsuit including violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of contract, and breach of the covenant of good faith and fair dealing. These causes of actions overlap those brought by the Plaintiffs in the federal class action and are barred by the broad release in the previous suit. Therefore, the Court **DISMISSES** all claims against Farmers Insurance Group, Farmers Insurance Exchange, and Jose Gutierrez brought by the Plaintiffs. All claims brought by the Plaintiffs against Farmers Underwriters Association, Fire Underwriters Association, and Fire Insurance Exchange remain.

### V. Effect of Unique Defense Against Named Plaintiffs on Class

Plaintiffs bring their claims individually and on behalf of those similarly situated. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, typicality is required for class certification. When the named plaintiff has executed a release with the defendant prior to the class action, the plaintiff is not an adequate representative of the class due to a defense unique to that named plaintiff. *Mathews v. Sears Pension Plan*, 1996 WL 199746 *5 (N.D. Ill.). Class certification is inappropriate when the "class representative is subject to unique defenses which threaten to become the focus of the litigation." *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 64 (D. Conn. 2003). A representative plaintiff should not be permitted to impose such a disadvantage on the class. *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974).

Here, Plaintiffs attempt to bring suit against Defendants on behalf of themselves and those similarly situated. Any unnamed party who is actually similarly situated to the Plaintiffs, in that the party has executed a release, is barred from bringing these claims against the Defendants named in the release. Other parties with claims against Defendants who have not signed a release are not similarly situated. Thus, the Court **DISMISSES** all claims by named and unnamed parties against Farmers Insurance Group, Farmers Insurance Exchange, and Jose Gutierrez. Therefore, the Court **GRANTS** Defendant Jose Gutierrez' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 17]. All claims brought by named and unnamed parties against Farmers Underwriters Association, Fire Underwriters Association, and Fire Insurance Exchange remain. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 16].

### VI. Effect of Proposed Settlement in Attorney General's Suit

Although the Texas Third Court of Appeals preliminarily approved the proposed settlement for all class members in the Attorney General's suit in June 2003, there is no final settlement agreement yet. Therefore, the Court declines to consider the effect of the settlement of the Attorney General's suit until such time as a final settlement agreement is approved or the Texas Supreme Court rules on the certification of the class.

## VII. Conclusion

In the past, the Court has amended the scheduling order in response to the parties' supplements to the Joint Discovery/Case Management Plan. In response to the Sixth Supplement to the Joint Discovery/Case Management Plan [Dkt. No. 37], the Court **STAYS** the proceedings before this Court until the Attorney General's suit is resolved by final approval of the proposed settlement or ruling by the Texas Supreme Court. The Court **ORDERS** the parties to submit a status report to the Court within 10 days of the resolution of the state class action.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 16]. The Court **GRANTS** Defendant Jose Gutierrez' Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 17].

DONE at Brownsville, Texas, this 27th day of March, 2006.

_____
Hilda G. Tagle
United States District Judge