IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALBERT PULLEN  ET AL.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C. A. NO. B-02-206** |
| | § | |
| **FARMERS GROUP, INC., ET AL.,** | § | |
| **Defendants.** | § | |

## TENTH  SUPPLEMENT TO JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the Court's April 29, 2008 Order and Federal Rule of Civil Procedure 26,

plaintiffs and defendants file this their Tenth Supplement to their Joint Conference Report, as

directed by the Court in light of the Preliminary Certification of the Settlement Class and Preliminary

Approval of the Class Action Settlement in the Travis County suit brought by the Texas Attorney

General and Texas Department of Insurance against Farmers, which is now pending in Travis

County, Austin, Texas:

**3.    Briefly describe what this case is about.**

*Plaintiffs' Statement:*

Plaintiffs assert that the defendants failed to properly disclose to Texas policyholders that

they used their credit history to increase premiums or give discounts and the right of policyholders to

contest their scores.  Plaintiffs further assert that the defendants improperly used credit history to

switch policyholders into higher, unregulated companies.  Plaintiffs have requested that this matter

be certified as a class action.

*Defendants' Statement:*

Defendants deny plaintiffs' allegations and do not believe that a class should be certified or that this matter should be litigated. As defendants explained at the Scheduling Conference held before this Court on March 17, 2003 and in their papers filed with this Court, the issues raised by plaintiffs' suit have already been fully resolved in a class action suit brought by the Texas Attorney General and Commissioner of Insurance on behalf of Texas policyholders against defendants, which was filed before this action.

The Attorney General and defendants entered into a class settlement agreement which has an estimated value of $117.5 million. The trial court in Travis County Austin, Texas held a preliminary approval hearing on May 19, 2003, which concluded on May 22, 2003. The Court heard testimony from various witnesses, including representatives from the Texas Department of Insurance, including Commissioner Jose Montemayor and Karina Casari, former deputy Commissioner, and Jeff Body, Deputy Attorney General, Stephen Leaman, former Executive Vice-President for Farmers Group, Inc., Professor Samuel Issacharoff, a class action expert from Columbia Law School, formerly with the University of Texas School of Law, and David Appel, an actuary expert. The trial court also received documentary evidence from the State and Farmers. Intervenors, representing other class members, were provided an opportunity to cross examine witnesses and offer evidence challenging the propriety and adequacy of the settlement. After a full hearing in which the trial court considered

2

all of the evidence presented, the trial court preliminarily certified the settlement class and preliminarily approved the class settlement. *See* Order of Preliminary Approval at Exhibit A. In light of the trial court's certification and approval of the class action settlement in the Attorney General suit, defendants believe that this matter should be dismissed. In the alternative, defendants believe that the Court should, at a minimum, allow its stay order in this action to remain in effect pending the final approval hearing to be conducted on the preliminarily-approved settlement.

#### *Joint Statement*

On March 27, 2006, the Court granted in part and denied in part Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment and granted Defendant Jose Gutierrez' Motion to Dismiss, or Alternatively for Summary Judgment. Pursuant to the Court's ruling, all claims brought in this lawsuit by plaintiffs against Farmers Insurance Group, Farmers Insurance Exchange and Jose Gutierrez were dismissed. Further, pursuant to the Court's order, all claims brought in this lawsuit by named and unnamed parties against Farmers Insurance Group, Farmers Insurance Exchange and Jose Gutierrez were dismissed. All claims brought in this lawsuit by named and unnamed parties against Farmers Underwriters Association, Fire Underwriters Association, and Fire Insurance Exchange remain.

In the preliminarily-approved class action settlement between the Texas Attorney General and Texas Department of Insurance and Farmers, Intervenors opposing the settlement appealed the preliminary certification of the settlement class to the Third Court of Appeals in Austin, Texas. *See*

3

Exhibit B. The Third Court of Appeals issued an order staying the issuance of notice to class members. *See* Exhibit C. Oral argument was heard by the Third Court of Appeals on December 17, 2003. The Third Court of Appeals subsequently reversed the trial court's order preliminarily certifying the settlement class, which ruling has been appealed and is currently pending before the Texas Supreme Court on petition for review. Oral argument occurred on January 25, 2007. In an opinion issued on April 27, 2007, the Texas Supreme Court reversed the Third Court of Appeals decision. The Court sent the matter back to the Third Court of Appeals for further consideration.

Pursuant to the Court's April 29, 2008 Order and in light of the pending appeal of the preliminary class certification in the Attorney General class action suit, plaintiffs and defendants are submitting a proposed Amended Scheduling Order. *See* Exhibit D.

Respectfully submitted,

Suzanne M. Schwarz
State Bar No. 17872300

LAW OFFICES OF SUZANNE        SCHWARZ,
P.C.
P.O. Box 532044
Harlingen, Texas 78553
Telephone:  956.440.0340
Telecopier:  956.440.8252

Benigno "Trey" Martinez
State Bar No. 00797011

4

Federal I.D. No. 23945
MARTINEZ, BARRERA & MARTINEZ,
L.L.P.1201 E. Van Buren
Brownsville, Texas 78520
Telephone:  956.546.715
Telecopier:  956.544.0602

Attorneys-in-Charge for Plaintiffs

*Eduardo Roberto Rodriguez*    *By Signature & Authority*
Eduardo Roberto Rodriguez    *w/ permission from*
State Bar No. 17144000    *Carlos Nerei*
Robert Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170

FULBRIGHT & JAWORSKI L.L.P.

Layne E. Kruse
State Bar No. 11742550
Richard N. Carrell
State Bar No. 03871000
Gerard G. Pecht
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Telecopier:  713-651-5246

Attorneys-in-Charge for Defendants

6

30417085.6

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on ___May, 15___, 2008.



CAUSE NO. GV202501

| | |
|---|---|
| THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, and THE TEXAS COMMISSIONER OF INSURANCE, <br><br> Plaintiffs, <br><br> v. <br><br> FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, and TRUCK UNDERWRITERS ASSOCIATION, <br><br> Defendants. | IN THE DISTRICT COURT <br><br><br> OF TRAVIS COUNTY, TEXAS <br><br><br><br> 261ST JUDICIAL DISTRICT |

## ORDER OF PRELIMINARY APPROVAL

This matter came on for hearing May 19-22, 2003, for preliminary approval of the Settlement Agreement and Stipulation of December 18, 2002, as amended on June 13, 2003, ("Settlement Agreement") between the State of Texas, the Texas Department of Insurance, and the Texas Commissioner of Insurance, on behalf of Texas policyholders of the Defendants in the classes defined below (collectively, the "State") and Fire Underwriters Association, Farmers Group, Inc. d/b/a Farmers Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company,

30471449.1



Truck Insurance Exchange, and Truck Underwriters Association (collectively, the "Farmers Parties"). The State and the Farmers Parties have moved jointly, pursuant to Texas Rule of Civil Procedure Rule 42(e) and Texas Insurance Code article 21.21 § 18(g), for an Order of Preliminary Approval (the "Order") (1) preliminarily approving the settlement of all claims asserted in the above-captioned cause (the "Action"), the terms of which are set forth in the Settlement Agreement which has been filed with the Clerk of the Court, and (2) approving the proposed notice to the Classes.

The Court having read and considered the Settlement Agreement and attached exhibits, including the proposed Notice of Proposed Class Settlement, the proposed Claim Form, the proposed form of Final Judgment, exhibits, pleadings and record in this case, the evidence and other materials presented at the hearing, and argument of counsel and applicable authorities, finds that there exists substantial and sufficient grounds for entering this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.

2.      Pursuant to Rule 42 and Texas Insurance Code article 21.21 §§ 17 & 18, this Court hereby certifies, only for purposes of effectuating the Settlement Agreement, the following Settlement Classes (the "Settlement Classes"):

(i)     All of the Exchanges' Texas homeowners insurance policyholders (a) whose homeowners insurance policy incepted (including renewals) from December 28, 2001, through and including December 27, 2002, or (b) who received a notice at any time after November 14, 2001, that their HO-B policy would not be renewed (the "Rate Class");

(ii)    All of the Exchanges' Texas homeowners insurance policyholders who according to Farmers' records were eligible to receive discounts for FPRA, age of home, or territory from November 16, 2000, through and including December 10, 2002 (the "Discount Class"); and

304716v5.1

-2-

(iii)    All Texas homeowners or automobile insurance policyholders of the Exchanges or the Automobile Insurance Providers who according to Farmers' records were provided or should have been provided a Credit Usage Notice from October 1, 1999, through February 28, 2003 (the "Credit Usage Notice Class").

3.    The Court hereby acknowledges and confirms the State, through the Office of the Attorney General, to fulfill the role of the Settlement Classes' Counsel. The Court finds that the Attorney General's office is authorized to bring this class action by the *parens patriae* authority granted in section 17 of article 21.21 of the Insurance Code and Rule 42 of the Texas Rules of Civil Procedure.

4.    Alternatively, if the requirements of Rule 42(a) & (b) and article 21.21 § 18(a) & (b) must be satisfied, then, with respect to the Settlement Classes, this Court finds and concludes that each of those requirements has been met, specifically: (a) each of the Settlement Classes is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Classes which predominate over any individual questions; (c) the claims or defenses brought by the State on behalf of Farmers' policyholders are typical of the claims or defenses of the Settlement Classes and the State is authorized to bring claims on behalf of the Settlement Classes; (d) in negotiating and entering into the Settlement Agreement, the State has fairly and adequately represented and protected the interests of the Settlement Classes; (e) the questions of law or fact common to the Settlement Classes predominate over any questions affecting only individual members; and (f) certifying this Action as a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    The Court further finds that there has been no collusion between the State and the Farmers Parties with respect to negotiating the Settlement Agreement and that the State has represented, and will continue to represent, the interests of the Farmers' policyholders fairly and adequately and without a conflict of interest. Accordingly, the Court preliminarily approves

(a) the Settlement Agreement, including the terms and the releases set forth therein, as being fair, just, reasonable, and adequate as to each of the parties thereto, and (b) the Settlement Funds described therein, including the Prospective Rate Reduction, Retrospective Rate Reduction, Individualized Discount Adjustment, and Credit Usage Notice Adjustment Fund, and the proposed additional consideration, subject to the right of any member of the Settlement Classes to exclude himself or herself from the Settlement Classes in accordance with the terms set forth in the Settlement Agreement, and to show cause, if any exists, why a Final Judgment should not be entered in accordance with the terms of the Settlement Agreement.

6.     A hearing (the "Settlement Hearing") shall be held before this Court on September 29, 2003, at 9:00 a.m. in the 55th Judicial District Court Room: (a) to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved, and whether the Final Judgment should be entered as to claims asserted therein, or which could have been asserted, against the Released Parties on the merits; (b) to determine whether the Settlement Classes members' right to adequate representation has been satisfied; and (c) to reserve jurisdiction to effect and enforce the Settlement Agreement.

7.     The Farmers Parties shall disseminate notice of the proposed Settlement Agreement and Settlement Hearing to putative members of the Settlement Classes within thirty (30) days of the date of this Order. A copy of the Notice of Proposed Class Settlement (the "Notice"), together with a copy of the Claim Form, substantially in the form attached hereto as Exhibit A, shall be mailed by first-class U.S. mail, postage prepaid, to all members of the Settlement Classes at the address of each such person as set forth in the records of the Released Parties or as otherwise may be identified through reasonable effort. In addition, commencing within seven (7) days of the date of this Order and continuing until the date of the Settlement

Hearing, the Office of the Attorney General, the Texas Department of Insurance, and the Farmers Parties shall post on their respective Internet web-sites (www.oag.state.tx.us, www.tdi.state.tx.us and www.farmers.com) the Notice and a Summary Notice of Settlement, substantially in the form attached hereto as Exhibit B ("Summary Notice").

8.    The Court approves the form of Notice, the Summary Notice, and the Claim Form, and finds that the procedures established for mailing and distributing such notices substantially in the manner and form set forth in paragraph 7 of this Order meet the requirements of Rule 42 of the Texas Rules of Civil Procedure, article 21.21 § 18 of the Texas Insurance Code, and due process, and constitute the best notice practicable under the circumstances.

9.    To effectuate the provision of notice provided in paragraph 7 hereof, the Farmers Parties shall be responsible for the receipt of all responses from the members of the Settlement Classes and, until further order of this Court, shall preserve all entries of appearance, Claim Forms, requests for exclusion, and any and all other written communications from members of the Settlement Classes or any other person in response to the Notice. The costs of notification of the Settlement Classes as provided herein, including printing, mailing, and posting on the Internet of all required notices, shall be borne by the party charged with the responsibility for such actions in paragraph 7 of this Order.

10.    Three (3) days before the date fixed by this Court for the Settlement Hearing, the State and the Farmers Parties shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the distribution of the Summary Notice by posting on the web-sites identified in paragraph 7 shall have been made, showing that such mailing and publication have been made in accordance with this Order.

30471643.1

11.    Each member of the Settlement Classes will be bound by the proposed settlement provided for in the Settlement Agreement, and by the Final Judgment or any other determination by this Court affecting the Settlement Classes, unless such member shall mail, by first-class U.S. mail, a written request for exclusion from the Settlement Classes, post-marked no later than August 29, 2003, addressed to "Exclusion Requests", c/o Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN 55440-9348. Such request for exclusion must state (a) the name, address and telephone number of the person seeking exclusion; (b) whether such person has a homeowners or automobile insurance policy from the Farmers Parties, or both; (c) the date of inception of such policy(ies) and the most recent date of renewal for such policy(ies), if available; (d) the policy number(s), if available; and (e) that the person making the request wishes to be excluded from the Settlement Classes. Because the Settlement Agreement is intended to be a resolution of all Released Claims, any person requesting exclusion must either exclude himself or herself from the Settlement Agreement in its entirety, or submit to the Settlement Agreement in its entirety. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph and in the Notice. If a member of the Settlement Classes requests to be excluded, that person will not receive any benefit from the Retrospective Rate Reduction, the Individualized Discount Adjustment, or the Credit Usage Notice Adjustment Fund provided for in the Settlement Agreement, in the event the Settlement Agreement is approved by the Court, nor will such person be permitted to participate further in the Action. Any Class Member who does not request exclusion in the manner provided for herein may, but need not, enter an appearance in this Action at his or her own cost through counsel of his or her own choice. If a member of the Settlement Classes does not enter an appearance, that person's interests will be represented by the State in the Action.

300471648.1                                    -6-

12.    Any member of the Settlement Classes who has not requested exclusion from the Settlement Classes may appear at the Settlement Hearing, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including (a) the requested approval of the Settlement Agreement as fair, adequate, and reasonable, and/or (b) the requested entry of the Final Judgment.    A member of the Settlement Classes cannot request exclusion from the Settlement Classes AND object to the Settlement Agreement.    For any objection to be considered by the Court, the objector must mail a valid written objection, and it must be postmarked by no later than August 29, 2003.    In order to be valid, the written objection must set forth (a) a reference, at the top, to "State of Texas v. Farmers, Cause No. GV202501," (b) a statement as to whether the objector intends to appear at the Settlement Hearing, either in person or through counsel, (c) a detailed statement of the specific basis for the objection, (d) the name that is set forth on the Notice that was sent to the objector, (e) the objector's current name, if different from the name set forth on the Notice, (f) the objector's current address, (g) the objector's current telephone number and, if available, telecopier number, (h) the objector's type of policy and policy number, and (i) the objector's signature or that of his or her authorized representative.    Three copies of the written objection must be sent, the first addressed to the District Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to David C. Mattax, Chief, Financial Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548, and the third addressed to Richard N. Carrell, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010-3095.    If an objection does not include all of the required information or if it is not timely mailed to the three correct addresses, then it shall be invalid and it will not be considered by the Court.    Any member of the Settlement Classes who does not object in the manner provided shall be deemed to have waived

such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Agreement and the proposed Final Judgment.

13.   If the Court gives final approval to the Settlement Agreement and enters a final judgment, in order to be entitled to participate in the Credit Usage Notice Adjustment Fund portion of the Settlement Agreement, a member of the Credit Usage Notice Class who has not requested exclusion from the Settlement Classes must submit a Claim Form, substantially in the form attached as Exhibit C hereto, to the Farmers Parties at the address set forth in the Notice. Such Claim Form must be completed and postmarked on or before May 15, 2004. Any member of the Credit Usage Notice Class who does not submit a completed Claim Form shall not be entitled to share in the Credit Usage Notice Adjustment Fund but nonetheless shall be bound by the terms of the Settlement Agreement and by the Final Judgment and any other Order of this Court approving the Settlement Agreement, including all releases therein, and shall be barred and enjoined in this or any other action from asserting any Released Claims.

14.   Members of the Rate and Discount Classes shall automatically receive their share of Settlement Funds upon final approval of the Settlement Agreement and entry of final judgment, unless they file a written request for exclusion from the Settlement Classes as provided in paragraph 11 herein.

15.   The Court expressly retains the power to adjourn the Settlement Hearing without any further notice other than an announcement at the Settlement Hearing of adjournment thereof, and to approve, modify, or disapprove the Settlement Agreement without further notice to members of the Settlement Classes. The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed settlement herein.

30-91649.1

-8-

16.    The administration of the Settlement Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Fund, shall be under the authority of the Court. The parties to this Settlement Agreement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement Agreement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the Settlement Agreement and the administration thereof except for their own willful misconduct.

17.    The parties to the Settlement Agreement are directed to carry out their obligations under the Settlement Agreement.

18.    In the event that the Settlement Agreement is not approved by the Court, or the Court enters the Final Judgment and it is vacated or modified on appeal, or otherwise altered in a material way, or the Effective Date for any other reason does not occur, and if any party to the Settlement Agreement thereafter exercises its right to terminate the Settlement Agreement as provided therein, then the Settlement Agreement and any actions to be taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any party hereto; (b) shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in this or any other forum, judicial, administrative, or otherwise, except proceedings to enforce the Settlement.

30491647.1

-9-

SIGNED _June 27_____, 2003.

_[signature]_

PRESIDING JUDGE

30491649.1

-10-

CAUSE NO. GV202501

| | | |
|---|---|---|
| THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE, | § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| v. | § § | |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, AND TRUCK UNDERWRITERS ASSOCIATION, | § § § § § § § § § § § § § § § | OF TRAVIS COUNTY, TEXAS |
| | § | 261ST JUDICIAL DISTRICT |
| Defendants. | | |

## NOTICE OF PROPOSED CLASS SETTLEMENT

### THIS NOTICE AFFECTS YOUR RIGHTS.
### PLEASE READ THE COMPLETE NOTICE CAREFULLY.

TO:    ALL FARMERS INSURANCE EXCHANGE OR FIRE INSURANCE EXCHANGE TEXAS HOMEOWNERS POLICYHOLDERS (A) WHOSE HO-A POLICIES (INCLUDING TDP-1) INCEPTED OR WERE RENEWED AT ANY TIME DURING THE PERIOD OF DECEMBER 28, 2001 THROUGH AND INCLUDING DECEMBER 27, 2002, OR (B) WHO RECEIVED A NOTICE AT ANY TIME AFTER NOVEMBER 14, 2001, THAT THEIR HO-B POLICY (INCLUDING HO-PROTECTOR PLUS (PIP), HO380 ENDORSEMENT, TDP-2, TDP-3, DF-BUILDER'S RISK, AND HO-A WITH HO-170 ENDORSEMENT (COLLECTIVELY REFERRED TO HEREIN AS "HO-B")) WOULD NOT BE RENEWED.

ALL FARMERS INSURANCE EXCHANGE OR FIRE INSURANCE EXCHANGE TEXAS HOMEOWNERS POLICYHOLDERS WHO ACCORDING TO FARMERS

RECORDS WERE ELIGIBLE TO RECEIVE DISCOUNTS FOR FARMERS PROPERTY RISK ASSESSMENT ("FPRA"), AGE OF HOME, OR TERRITORY FROM NOVEMBER 16, 2000 THROUGH AND INCLUDING DECEMBER 10, 2002.

ALL TEXAS HOMEOWNERS OR AUTO INSURANCE POLICYHOLDERS OF FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, OR TRUCK INSURANCE EXCHANGE WHO ACCORDING TO FARMERS RECORDS WERE PROVIDED OR SHOULD HAVE BEEN PROVIDED A NOTICE OF ADVERSE ACTION BASED ON CREDIT HISTORY AT ANY TIME FROM OCTOBER 1, 1999 THROUGH FEBRUARY 28, 2003.

A lawsuit is pending in the 261st Judicial District Court of Travis County, Texas (Cause No. GV202501) (the "Action") in which the Attorney General of the State of Texas has brought suit in the name of the State of Texas, the Texas Department of Insurance, and the Texas Commissioner of Insurance (hereafter collectively defined as the "State"), and has filed a class action claiming that one or more of Fire Underwriters Association, Farmers Group, Inc. d/b/a Farmers Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association (collectively, "Farmers Parties") failed to disclose information with respect to their calculation of premiums, committed unfair and deceptive acts or practices in the business of insurance, and unfairly discriminated against Texas policyholders of the Farmers Parties in the business of insurance. The State also alleges anticompetitive practices with respect to the Farmers Parties' sale and marketing of their homeowners and automobile insurance policies.

The Farmers Parties have denied the State's allegations and alleged numerous affirmative defenses. The Farmers Parties have also counterclaimed, seeking declaratory relief that its practices do not violate Texas law.

The Court has conditionally ruled that this Action may be maintained on behalf of three classes (collectively, the "Settlement Classes") defined as:

(1)  Rate Class: All of the Exchanges' (Farmers Insurance Exchange and Fire Insurance Exchange) Texas homeowners insurance policyholders (a) whose homeowners insurance policy incepted (including renewals) from December 28, 2001, through and including December 27, 2002, or (b) who received a notice at any time after November 14, 2001, that their HO-B policy would not be renewed;

(2)  Discount Class: All of the Exchanges' Texas homeowners insurance policyholders who according to Farmers records were eligible to receive discounts for FFRA, age of home, or territory from November 16, 2000, through and including December 10, 2002; and

(3)  Credit Usage Notice Class: All Texas homeowners or automobile insurance policyholders of the Exchanges or the Automobile Insurance Providers (Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, and Truck Insurance Exchange) who according to Farmers records were provided or should have been provided a notice of adverse action based on credit history ("Credit Usage Notice") from October 1, 1999, through February 28, 2003.

The purpose of this Notice of Proposed Class Settlement is to advise persons included in the Settlement Classes of the filing and status of the Action and of your rights with respect to a proposed settlement of the Action (including certain rights which you can lose if not protected). If this notice is addressed to you, you are according to Farmers' records a member of one or more of these classes. If this notice is not personally addressed to you and you believe that you may be a class member, or have any questions, then you can contact Rust Consulting, Inc. at 1-888-222-0691.

The rights of class members include the right to be excluded from the Settlement Class. If you do not request exclusion from the settlement, you will become a "Settlement Class Member." Please read this entire Notice of Proposed Class Settlement carefully to understand your rights and options.

## TERMS OF PROPOSED SETTLEMENT

1.     Subject to the Court's final approval, on December 18, 2002, the State and the Farmers Parties signed a Settlement Agreement and Stipulation, and subsequently signed an Amended Settlement Agreement and Stipulation, ("Settlement Agreement") which provides that Settlement Class Members within the Rate Class ("Rate Class Members") shall be eligible to receive or participate in the following:

Retrospective Rate Reduction. Rate Class Members who were insured under an HO-A policy form issued by the Exchanges at any time during the period commencing on December 28, 2001 up to and including November 10, 2002 (the "Credit Period"), shall receive a Retrospective Rate Reduction in the amount of 6.8% of the HO-A base premium earned by the Exchanges during those policies' actual term. For the above referenced Rate Class Members whose policy is no longer in effect or is not renewed at the next renewal date after the 30th day following the Effective Date (as defined in the Settlement Agreement), the Retrospective Rate Reduction shall be paid by means of a refund check based on each individual HO-A policy's base rate premium earned during the Credit Period. For the above referenced Rate Class Members whose policy is renewed at the next renewal date after the 30th day following the Effective Date (as defined in the Settlement Agreement), the Retrospective Rate Reduction shall be applied as credit. Unearned policy premiums that may be returned to the policyholder shall not include the credit. YOU DO NOT HAVE TO DO ANYTHING TO QUALIFY AND RECEIVE THE RETROSPECTIVE RATE REDUCTION.

2.     In addition, the Settlement Agreement provides that Settlement Class Members within the Discount Class ("Discount Class Members") shall be eligible to receive or participate in the following:

Individualized Discount Adjustment. Discount Class Members who did not receive discounts for FFRA, age of home, and territory at the level agreed to by

the State and the Farmers Parties as defined in the Settlement Agreement ("Agreed Discounts") shall receive an "Individualized Discount Adjustment" payment. The Individualized Discount Adjustment payment for each Discount Class Member shall equal the amount by which the premium actually charged for the Discount Class Member's HO-A policy exceeded the premium that would have been charged if the Farmers Parties had adopted discounts for FPRA, age of home, and territory elements at the Agreed Discounts on a revenue neutral basis ("IDA Eligibility").

The amount of the Individual Discount Adjustment, if any, will be different for each policyholder depending on insurance score, age of home and the territory in which the home is located. As a result, the Individualized Discount Adjustment will not be calculated until you renew your policy, or, if your policy is no longer in effect or you choose not to renew your policy, until your refund check is due. IF YOU ARE ELIGIBLE YOU DO NOT HAVE TO DO ANYTHING TO RECEIVE THE INDIVIDUALIZED DISCOUNT ADJUSTMENT.

3.    In addition, the Settlement Agreement provides that Settlement Class Members within the Credit Usage Notice Class ("Credit Usage Notice Class Members") shall be eligible to receive or participate in the following:

a)    Revised Credit Usage Notice. For new and renewed Texas homeowners and automobile policies, the Farmers Parties shall replace the existing Credit Usage Notice with a new Credit Usage Notice, the terms of which have been agreed upon jointly between the State and the Farmers Parties. The new notice must be in a minimum of 12 point type and clearly marked as "IMPORTANT INSURANCE INFORMATION." The text will be on a separate piece of paper of any other writing and the notice will not be attached to or incorporated into any other document.

b)    Credit Usage Notice Adjustment Fund. Credit Usage Notice Class Members are also eligible to assert a claim against the Credit Usage Notice Adjustment Fund. The Credit Usage Notice Adjustment Fund is a fund established by the Farmers Parties for the purpose of reimbursing any overcharges that may have occurred to homeowners or automobile insurance policyholders whose policies were issued by the Farmers Parties in Texas and who paid a premium for automobile or homeowners insurance that would have been less, but for erroneous credit information on the individual's credit history maintained at the credit bureau which led the Farmers Parties to provide premium discounts lower than would have resulted from correct credit information or to assignment to a company affiliated with the Farmers Parties having a higher premium structure. If you believe that you are eligible for recovery from the Credit Usage

304916741                                    -5-

Notice Adjustment Fund, you must submit the Claim Form attached to this Notice of Proposed Class Settlement as Exhibit A postmarked by May 15, 2004.

WITH REGARD TO THE INDIVIDUALIZED DISCOUNT ADJUSTMENT AND THE CREDIT USAGE NOTICE ADJUSTMENT FUND, RELEASED PARTIES HAVE COMMITTED TO A PAYMENT OR CREDIT OF 100% OF ANY PREMIUM DIFFERENTIAL RESULTING FROM THE ADJUSTMENT PROCESS SET FORTH IN THE IMMEDIATELY PRECEDING PARAGRAPHS 2 AND 3. IT IS NOT FEASIBLE TO CALCULATE IN ADVANCE THE AMOUNT, IF ANY, TO BE PAID TO EACH CLASS MEMBER. THESE CALCULATIONS, WHICH WILL REQUIRE INDIVIDUALIZED CALCULATIONS, WILL BE MADE BY RELEASED PARTIES AND REPORTED TO THE OFFICE OF THE ATTORNEY GENERAL AND THE TEXAS DEPARTMENT OF INSURANCE, AND WILL BE SUBJECT TO VERIFICATION BY THE TEXAS DEPARTMENT OF INSURANCE.

4.    Prospective Rate Reduction. In addition, the Settlement Agreement provides that the Exchanges' Texas homeowners insurance policyholders who renew or receive a new homeowners insurance policy with the Farmers Parties after November 10, 2002 and prior to September 1, 2003 shall pay premiums (or are paying premiums) calculated based on a 6.8% reduction in the statewide average base rate indications for all classes in effect as of November 10, 2002. This reduction, however, may be reduced and may not occur if legislation or regulation subsequently requires rate reductions or rollbacks, but in no event will there be less than a 6.8% base rate reduction through either the Settlement, legislation or a combination of the two. The Farmers Parties also have agreed to refrain from any increase in those base rates that would take effect prior to midnight on August 31, 2003, provided, however, that rates can be changed to include charges for any existing endorsement or any new endorsements approved by TDI or for coverage changes requested by policyholders. This 6.8% reduction in the base rate will not necessarily result in a 6.8% reduction in each policyholder's premium upon renewal,

304416741

-6-

because each policy's premium depends on a number of variables, including the coverage a policyholder may choose, an increase or decrease in the value of the home insured, and other factors. However, the 6.8% reduction in the base rate will reduce the amount of the premium that otherwise would have been charged by the Exchanges. The Exchanges shall adopt discounts, applicable through August 31, 2003, based on FPRA, age of home, and territory elements in consultation with the State and consistent with sound actuarial principles. The effect of the new discount will vary from one policyholder to another. Because some policyholders who do not receive the Individualized Discount Adjustment benefited from the way the Exchanges calculated rates under the previous system, they may see a net increase in their premium under the new adopted discounts at their next policy renewal. Collectively, the relief described in this paragraph is referred to as the Prospective Rate Reduction.

5.      Any policyholder whose HO-B policy was non-renewed by Farmers Insurance Exchange and who accepted an HO-A policy from Fire Insurance Exchange between December 28, 2001 and March 29, 2002, upon request, will be offered an HO-A policy from Farmers Insurance Exchange, if they qualify.

6.      Pursuant to the Settlement Agreement, the Farmers Parties also agree, for the benefit of all Settlement Class Members, (a) not to require that individuals desiring to purchase homeowners insurance from the Farmers Parties also purchase automobile insurance from the Farmers Parties, or vice versa, and not to refuse to deal in good faith with any homeowners insurance customer who purchases automobile insurance from another carrier, or vice versa; (b) not to enter into any contracts, combinations, or conspiracies in restraint of trade to boycott homeowners insurance consumers or competitors, whether directly or by artificially reducing and constricting the writing of mold and water-damage-related homeowners insurance coverage;

and (c) not to enter into any contract, combinations, or conspiracies in restraint of trade to raise, standardize or otherwise fix prices by artificially reducing and constricting the writing of mold and water-damage-related homeowner's coverages. The agreements by the Farmers Parties described in this paragraph are collectively referred to as the "Injunctive Relief."

7.    In addition to these settlement terms, the Farmers Parties have agreed to pay a total of $2 million to the State for its attorneys' fees, expenses, and costs of investigation.

8.    Under the terms of the Settlement Agreement, the State of Texas, the Office of the Attorney General, the Texas Department of Insurance, the Texas Commissioner of Insurance, and the Settlement Class Members, on behalf of themselves and their heirs, assigns and successors, FULLY RELEASE AND FOREVER DISCHARGE the following entities ("Released Parties"):

> Farmers Group, Inc., individually and d/b/a Farmers Underwriters Association, and Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association, as well as their affiliates, officers, employees, agents, directors or governors, representatives, attorneys, predecessors, successors and assigns,

from any and all "Released Claims," which is defined in the Settlement Agreement as follows:

> "Released Claims" means and includes, with respect to homeowners insurance offered or sold by the Released Parties, all existing, known and unknown claims, demands and causes of action against the Released Parties, whether pending or threatened, suspected or unsuspected, contingent or non-contingent, for all existing, known and unknown damages and remedies that arise out of or relate to the acts and/or occurrences alleged in the AG Lawsuit, or in the Cease and Desist Order or the Administrative Proceedings, or in the OAG CIDs to the extent any such acts or occurrences took place prior to November 30, 2002 including but not limited to issues concerning or related to a management fee or fees, the placement of policyholders in a particular insuring entity, the age of home discount, the refunded catastrophe load, the decision to no longer offer HO-B policies (including HO-Protector Plus (PTP), HO380 endorsement, TDP-2, TDP-3, DF-Builder's Risk, and HO-A with HO-170 endorsement (collectively referred to herein as "HO-B")), the offering of HO-A policies in place of HO-B policies,

territorial discounts, credit scoring, the use of the Farmers Property Risk Assessment, or the rates that the Released Parties have charged for homeowners policies and endorsements and all notices and statements that the Released Parties have made or issued in connection with the above, including but not limited to the notices of non-renewal of the HO-B policies and notices issued pursuant to the Fair Credit Reporting Act. The State's release of claims against Texas Farmers Insurance Company related to credit scoring is expressly based on Texas Farmers Insurance Company's representation that it does not and has not used credit scores, insurance scores, credit reports or any other method of calculating premiums based on credit history. "Released Claims" also include any claims, demands, or causes of action to the effect that the discounted rates adopted by the Exchanges from November 11, 2002 through and including August 31, 2003, are unfair, unreasonable, discriminatory, misleading or excessive. With respect to the automobile insurance offered or sold by the Released Parties, "Released Claims" includes all existing claims, demands, and causes of action related only to the disclosure or nondisclosure of consumer credit information or the disclosure or nondisclosure of the use or effect of using consumer credit information, including claims under the Fair Credit Reporting Act. "Released Claims" does not include individual claims or complaints about claims payments, handling or processing pursued by individual claimants directly or such individual claims or complaints about claims payments, handling or processing as may be pursued by TDI under Article 21.55, Texas Insurance Code, which are identified in a schedule which has been provided by TDI to the Farmers Parties. Remedies for any such scheduled claims or complaints, if pursued by the TDI, shall be limited to the payment of interest under article 21.55, section 6, of the Texas Insurance Code (which interest is not part of the total value of this settlement), as the result of non-compliance with that statute, and may not include fines or penalties or any other relief, except relief may include corrective action respecting procedures. "Released Claims" also does not include claims that have been asserted in Cause No. GV000271, *State of Texas v. Texas Farmers Insurance Company, et al.*, which is pending in the 200th Judicial District Court of Travis County, Texas, and which relates to betterment in the context of automobile insurance in the Texas market.

The Prospective Rate Reduction, the Retrospective Rate Reduction, the Individualized Discount Adjustment, the Revised Credit Usage Notice, the Credit Usage Notice Adjustment Fund, the Injunctive Relief, and the payment of costs and fees to the State, as described above, are the only consideration, fees, costs, or expenses that the Farmers Parties or the Released Parties shall be obligated to give to any Settlement Class Member, the State, or counsel for the State or any Settlement Class Member, or other attorney in

connection with the settlement and release of the Released Claims and/or the payment of attorneys' fees and expenses.

The Released Parties do not admit any wrongdoing or liability. The proposed settlement is a compromise of disputed claims and does not mean that the Released Parties are guilty of the charges made by the State. The terms of the settlement and the Settlement Agreement itself are matters of public record and are not confidential. Any terms used in this Notice of Proposed Class Settlement that are not defined herein shall have the meaning specified in the Settlement Agreement.

## RIGHTS AND OPTIONS OF CLASS MEMBERS

As a Class Member, you have the following rights and options:

I.    You may become a Settlement Class Member. If you do not request exclusion from the Settlement Classes, you will become a Settlement Class Member. Your interests will be represented by the State, through the Office of the Attorney General. You will not be charged for their services. The Office of the Attorney General cannot by law represent you individually, but you are free to seek legal advice from a private attorney at your own expense. As a Settlement Class Member, you will be bound by the Final Judgment or other disposition of this Action.

A.    Rate and Discount Class Members. If the settlement is approved by the Court and the Final Judgment becomes final, and if you are a Rate or Discount Class Member, you will be entitled to receive the benefits described above for which you qualify, including the Prospective Rate Reduction, the Retrospective Rate Reduction, and the Individualized Discount Adjustment, without doing anything.

B.    Credit Usage Notice Class Members. If the settlement is approved by the Court and the Final Judgment becomes final, you may be entitled to benefits from the Credit Usage Notice Adjustment Fund. To determine whether you are entitled to benefits, you must:

1.    Contact Trans Union Corp. by calling 1-800-736-5808, or by writing to Trans Union Corp. at P. O. Box 400, Woodlawn, PA 19094, and request a copy of your consumer report. The Farmers Parties have arranged for Trans Union Corp. (hereafter "Trans Union") not to charge you a fee if you make your request through the special procedures in this Notice, established in connection with the Settlement. Please note that if you make your request by telephone, you will need to provide the following identifying information: the name, Social Security number, date of birth, and numeric address information for the policyholder whose credit is in issue, plus the identifying number from the mailing

label on this Notice. The identifying number also appears on the Claim Form itself. If you make your request in writing, you must include the name, Social Security number, date of birth, and complete address for the policyholder whose credit is in issue, plus the identifying number from the mailing label on this Notice. By requesting a copy of your credit report, you are giving Trans Union permission to notify the Farmers Parties that you have made this request and to provide the Farmers Parties with a copy of your current credit report. The Farmers Parties will need this information to assist in processing any claim that you may have under the Credit Usage Notice Adjustment Fund. The Farmers Parties will keep this information confidential.

2.   Review your consumer report carefully.

3.   (a)   If your consumer report does not contain any errors, then you are not entitled to any benefits from the Credit Usage Notice Adjustment Fund and you do not need to do anything else.

(b)   If you believe your consumer report contains errors that may have worked against you, you should:

(i)   Contact Trans Union to resolve the errors, following the procedures that accompany the consumer report. By making this request, you are authorizing Trans Union and the Farmers Parties to review and reconsider your credit report. After Trans Union has processed your request for correction, Trans Union will send you a new consumer report;

(ii)   If your new consumer report from Trans Union indicates that the information in your original consumer report was correct and that no changes or corrections have been made, you need do nothing further, as you do not qualify to make a claim under the Credit Usage Notice Adjustment Fund. However, if you disagree with Trans Union's conclusion and establish thereafter that your original consumer report was incorrect, then you may proceed to the next step;

(iii)   If you receive a new consumer report from Trans Union indicating that corrections have been made to your original credit report and believe that the new consumer report corrects errors that may have worked against you, then complete the attached Claim Form, attach a copy of the new consumer report that you received from Trans Union, and mail the Claim Form and attached consumer report to Personal Lines Credit Usage Notice Administrator, Farmers Insurance, P.O. Box 149199, Austin, Texas 78714-9199,

postmarked no later than May 15, 2004. The Farmers Parties will recalculate your premium based upon the new credit report and send you a refund check from the Credit Usage Notice Adjustment Fund, if you qualify.

(iv)    *If you fail to complete and send in the Claim Form, postmarked by the date indicated, you will lose your right to make a claim under the Credit Usage Notice Adjustment Fund. As a Settlement Class Member, you will be bound by the Final Judgment or other disposition of this Action, even if you do not mail in a Claim Form.*

2.    You may request exclusion from the Settlement Classes.  If you request exclusion from the Settlement Classes, you will not be bound by any judgment or settlement of this Action, and you will not receive the benefits of the settlement provided, however, that if you renew your homeowners policies with either of the Exchanges, the Prospective Rate Reduction will be reflected in your premium if the Settlement Agreement is approved.  If you wish to be excluded from the Settlement Classes, you must send in a request for exclusion by first-class U.S. mail stating:  (1) your name, address, and telephone number; (2) whether you have or had a homeowners or automobile insurance policy from the Farmers Parties, or both; (3) the date of inception of your policy(ies), and the most recent date on which the policy(ies) was renewed, if you know; (4) that you wish to be excluded from the Settlement Classes; and (5) the policy number(s), if you know.  The Settlement Agreement is intended to be a final resolution of all disputes, and thus you must either exclude yourself from the Settlement Agreement in its entirety, or submit to the Settlement Agreement in its entirety.  Requests for exclusion must be sent to "Exclusion Requests", c/o Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN 55440-9348, by first-class U.S. mail, postmarked on or before August 29, 2003.  Requests will not be accepted if made verbally, by fax, e-mail, or other means.  **Failure to follow these instructions for requesting exclusion will result in waiver of your right to exclude yourself from the Settlement Classes.**  Even if you provide written notice of your election to opt out of the class by August 29, 2003, you have the right to revoke that request for exclusion in writing up to September 21, 2003.

3.    You may object to the Settlement.  Settlement Class Members may appear, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including (a) the requested approval of the Settlement Agreement as

fair, adequate, and reasonable, and/or (b) the requested entry of the Final Judgment. You cannot request exclusion AND object to the settlement. Only Settlement Class Members may object to the settlement. For his or her objection to be considered by the Court, the objecting Settlement Class Member *must* mail by U.S. first-class mail a valid written objection, and it *must* be postmarked by no later than August 29, 2003. In order to be valid, the written objection *must* set forth (a) a reference, at the top, to "State of Texas v. Farmers, Cause No. GV202501," (b) a statement as to whether the objecting Settlement Class Member intends to appear at the Settlement Hearing, either in person or through counsel, (c) a detailed statement of the specific basis for the objection, (d) the name that is set forth on the notice that was sent to the objecting Settlement Class Member, (e) the objecting Settlement Class Member's current name, if different from the name set forth on the notice, (f) the objecting Settlement Class Member's current address, (g) the objecting Settlement Class Member's current telephone number and, if available, telecopier number, (h) the objector's type of policy and policy number, and (i) the objecting Settlement Class Member's signature or that of his or her authorized representative. Three copies of the written objection *must* be sent, the first addressed to the District Court Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to David C. Mattax, Chief, Financial Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548, and the third addressed to Richard N. Carrell, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010-3095. All such objections must be postmarked on or before August 29, 2003. IF AN OBJECTION DOES NOT INCLUDE ALL OF THE REQUIRED INFORMATION OR IF IT IS NOT TIMELY MAILED BY U.S. FIRST-CLASS MAIL TO THE THREE CORRECT ADDRESSES, THEN IT SHALL BE INVALID AND IT WILL NOT BE CONSIDERED BY THE COURT. ANY MEMBER

30916741                                    -15-

OF THE SETTLEMENT CLASSES WHO DOES NOT OBJECT IN THE MANNER PROVIDED SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL FOREVER BE FORECLOSED FROM MAKING ANY OBJECTION TO THE FAIRNESS, ADEQUACY, OR REASONABLENESS OF THE SETTLEMENT AGREEMENT AND THE PROPOSED FINAL JUDGMENT TO BE ENTERED APPROVING THE SETTLEMENT.

## SETTLEMENT HEARING

The Court has given its preliminary approval to the proposed settlement and has conditionally certified the Settlement Classes. The Court will hold a hearing in the District Court of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas, on the 29th day of September, 2003, at 9:00 o'clock a.m. to determine whether, as recommended by the Parties, it should give final approval to the proposed settlement.

Any objections to the proposed settlement by Settlement Class Members will be considered by the Court, but only if such objections are filed in writing with the Clerk postmarked on or before the 29th day of August, 2003, and mailed to the individuals at the addresses stated herein. Attendance at the hearing is not necessary; however, any Settlement Class Member wishing to be heard orally in opposition to the proposed settlement must indicate this intention in his or her objection. Settlement Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

## SETTLEMENT DISTRIBUTION

If the settlement is approved by the Court, and if you are a Rate or Discount Class Member, you will receive any benefits to which you are entitled as follows: (a) you will receive the Prospective Rate Reduction at the time of renewal of any HO-A homeowners policy from

-16-

November 11, 2002 through August 31, 2003, inclusive; (b) if you choose to renew your HO-A policy at the next time that it comes up for renewal, you will receive the Retrospective Rate Reduction as a credit at the next renewal date after the 30th day following the Effective Date (described below); (c) if you choose not to renew your HO-A policy at the next time that it comes up for renewal, or if you do not currently have an HO-A policy provided by the Farmers Parties, you will receive a refund check on the later of: (1) 45 days after the end of the original annual term covered by the policy in question, which schedule will apply even if the policy is terminated prior to the end of the policy period, or (2) 30 days after the date by which all of the following have occurred: (i) an Order of Preliminary Approval has been entered by the Court in the Action; (ii) the Court has approved the settlement in all respects; (iii) an order and final judgment shall have been entered by the Court and not vacated, stayed, or modified in any material way, upon appeal or otherwise; and (iv) either the time to appeal or otherwise seek review of the order and final judgment has expired without any appeal having been taken or review sought, or if an appeal is taken or review sought, the expiration of five days after such an appeal or review shall have been finally determined by the highest court before which appeal or review is sought and is not subject to further judicial review ("Effective Date"); and (d) credits and payment of the Individualized Discount Adjustment shall be made in the same manner and at the same time as the Retrospective Rate Reduction listed above.

If the settlement is approved by the Court, and if you are a Credit Usage Notice Class Member, any payments you are entitled to from the Credit Usage Notice Adjustment Fund shall be made by means of a refund on the later of (1) thirty (30) days after the receipt of a completed Claim Form, or (2) thirty (30) days after the Effective Date.

In the event that the settlement, or the terms provided by the Settlement Agreement is not approved by the Court, or if the Effective Date for any other reason does not occur, and if any Party to the Settlement Agreement exercises their rights to terminate the Settlement Agreement, as provided therein, then any actions to be taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it (a) shall be without prejudice to the rights of any party thereto; (b) shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in any forum, judicial, administrative, or otherwise, except proceedings to enforce the settlement.

## ADDITIONAL INFORMATION: OBTAINING A COPY OF THE SETTLEMENT AGREEMENT AND RELEASE

Any questions you have about the matters in this Notice should be directed in writing to Office of the Attorney General, Consumer Protection Division, P.O. Box 12548, Austin, Texas 78711-2548. Questions may not be directed to the Court. The foregoing is only a summary of the Action and the Settlement Agreement and does not purport to be comprehensive. If you wish to obtain a copy of the Settlement Agreement (including the Release and the Agreed Discounts), you may do so by requesting it in writing from the same address, or a copy may also be secured through the Texas Department of Insurance web site at "www.tdi.state.tx.us".

You may, of course, seek the advice and guidance of your own attorney if you desire. The pleadings and other records in this litigation may be examined and copied at any time during regular office hours at the office of the District Clerk, Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701.

X0491674.1

–18–

## TIME LIMITS

1.    IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASSES, YOU MUST SEND YOUR WRITTEN REQUEST FOR EXCLUSION BY FIRST CLASS UNITED STATES MAIL TO "EXCLUSION REQUESTS" C/O RUST CONSULTING, INC., P.O. BOX 9348, MINNEAPOLIS, MN 55440-9348, POSTMARKED ON OR BEFORE THE 29th DAY OF AUGUST, 2003.

2.    IF YOU WISH TO OBJECT TO THE PROPOSED SETTLEMENT, YOU MUST MAIL YOUR WRITTEN OBJECTION TO THE CLERK OF THE COURT AND TO THE OTHER PERSONS IDENTIFIED ABOVE BY FIRST-CLASS UNITED STATES MAIL, POSTMARKED ON OR BEFORE THE 29th DAY OF AUGUST, 2003.   YOU MUST INCLUDE A REQUEST FOR ORAL ARGUMENT IF YOU WANT TO BE HEARD ORALLY AT THE SETTLEMENT HEARING.

3.    TO BE ELIGIBLE FOR BENEFITS FROM THE CREDIT USAGE NOTICE ADJUSTMENT FUND, YOUR CLAIM FORM (ATTACHED HERETO AS EXHIBIT A) MUST BE POSTMARKED ON OR BEFORE MAY 15, 2004.

ATTENTION

Your rights may be affected by a class action
In the 261st Judicial District of Travis County, Texas

SUMMARY NOTICE OF SETTLEMENT

TO:    ALL FARMERS INSURANCE EXCHANGE OR FIRE INSURANCE EXCHANGE
TEXAS HOMEOWNERS POLICYHOLDERS (A) WHOSE HO-A POLICIES
(INCLUDING TDP-1) INCEPTED OR WERE RENEWED AT ANY TIME DURING
THE PERIOD OF DECEMBER 23, 2001 THROUGH AND INCLUDING DECEMBER
27, 2002, OR (B) WHO RECEIVED A NOTICE AT ANY TIME AFTER NOVEMBER
14, 2001, THAT THEIR HO-B POLICY (INCLUDING HO-PROTECTOR PLUS (PTP),
HO380 ENDORSEMENT, TDP-2, TDP-3, DF-BUILDER'S RISK, AND HO-A WITH
HO-170 ENDORSEMENT (COLLECTIVELY REFERRED TO HEREIN AS "HO-B"))
WOULD NOT BE RENEWED ("RATE CLASS MEMBERS").

ALL FARMERS INSURANCE EXCHANGE OR FIRE INSURANCE EXCHANGE
TEXAS HOMEOWNERS POLICYHOLDERS WHO ACCORDING TO FARMERS
RECORDS WERE ELIGIBLE TO RECEIVE DISCOUNTS FOR FARMERS
PROPERTY RISK ASSESSMENT ("FPRA"), AGE OF HOME, OR TERRITORY
FROM NOVEMBER 16, 2000 THROUGH AND INCLUDING DECEMBER 10, 2002
("DISCOUNT CLASS MEMBERS").

ALL TEXAS HOMEOWNERS OR AUTO INSURANCE POLICYHOLDERS OF
FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, MID-
CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE
COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY OR
TRUCK INSURANCE EXCHANGE WHO ACCORDING TO FARMERS RECORDS
WERE PROVIDED OR SHOULD HAVE BEEN PROVIDED A NOTICE OF
ADVERSE ACTION BASED ON CREDIT HISTORY AT ANY TIME FROM
OCTOBER 1, 1999 THROUGH FEBRUARY 28, 2003 ("CREDIT USAGE NOTICE
CLASS").

NOTICE IS HEREBY GIVEN of the settlement of a lawsuit pending in the 261st Judicial
District Court of Travis County, Texas (Civil Action No. GV202501) ("the Action"), in which
the Attorney General of the State of Texas has brought suit in the name of the State of Texas, the
Texas Department of Insurance, and the Texas Commission of Insurance (hereinafter collectively
defined as the "State"), and has filed a class action claiming that one or more of Fire
Underwriters Association, Farmers Group, Inc. d/b/a Farmers Underwriters Association,
Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company,
Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas
County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters
Association (collectively, the "Farmers Parties") failed to disclose information with respect to
their calculation of premiums, committed unfair and deceptive acts or practices in the business of
insurance, and unfairly discriminated against Texas policyholders of the Farmers Parties in the

business of insurance. The State also alleges anticompetitive practices with respect to the Farmers Parties' sale and marketing of their homeowners and automobile insurance policies. The Farmers Parties have denied the State's allegations and alleged numerous affirmative defenses. On December 18, 2002, the State and the Farmers Parties executed a Settlement Agreement and Stipulation and subsequently an Amended Settlement Agreement and Stipulation ("Settlement Agreement"), providing for the certification of certain settlement classes ("Settlement Classes") who would receive or be eligible to apply for certain financial and other benefits. These benefits and the Settlement Classes contemplated by the Settlement Agreement (including the Rate Class, the Discount Class, and the Credit Usage Notice Class) are more fully described in the "Notice of Proposed Class Settlement."

IF, AT ANY TIME AFTER OCTOBER 1, 1999, YOU WERE INSURED BY THE FARMERS PARTIES THEN YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THE SETTLEMENT.

The proposed settlement provides benefits that vary based on which class you are in. Rate Class Members are eligible for a 6.8% refund of earned base premiums paid on HO-A policies incepted or renewed from December 28, 2001, up to and including November 10, 2002, either in the form of a refund check or a credit upon renewal after approval of the settlement. Discount Class Members who did not receive discounts for FPRA, age of home, and territory at the level agreed to by the State and the Farmers Parties are eligible to receive an Individualized Discount Adjustment payment. Credit Usage Notice Class Members are eligible to make a claim against the Credit Usage Notice Adjustment Fund, designed to reimburse those policyholders who paid a higher premium for auto or homeowners insurance due to erroneous credit information on the individual's credit history maintained at a credit bureau, which led the Farmers Parties to charge higher premiums than they would have charged with correct credit information. In addition, any person who renews or receives a new homeowners insurance policy with the Farmers Parties from November 11, 2002, through August 31, 2003, will pay a base premium that is 6.8% less than they would otherwise have paid (the total premium paid depends on other factors in addition to base rates). The Farmers Parties have also agreed to refrain from certain conduct in the marketing of their homeowners and automobile insurance policy products and to compensate the State in the amount of $2 million for the State's fees, costs and expenses in the Action and related proceedings.

Rate Class Members and Discount Class Members need not do anything to receive creditor payments provided for under the settlement for these classes. However, if you are a Credit Usage Notice Class Member who desires to make a claim against the Credit Usage Notice Adjustment Fund, you must fill out and return a Claim Form postmarked on or before May 15, 2004. Claim Forms and copies of the "Notice of Proposed Class Settlement," which more fully describes the Action, the Settlement Agreement, and the rights and options available to Settlement Class Members, have been mailed to persons in the Settlement Classes. If you have not received your Notice of Proposed Class Settlement, you may obtain a copy by sending a request including your name and mailing address by first-class U.S. mail to David C. Holland; Rust Consulting, Inc.; 501 Marquette Avenue, Suite 700; Minneapolis, MN 55402.

Any requests for exclusion from the proposed settlement must comply with all applicable

procedures and be sent by first-class U.S. mail to "Exclusion Requests"; c/o Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN 55440-9348, postmarked by August 29, 2003. Rights, obligations, and procedures regarding exclusion are fully explained in the "Notice of Proposed Class Settlement."

Any objections to the proposed settlement must comply with all applicable procedures and be sent by first-class U.S. mail to the District Court Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to David C. Mattax, Chief, Financial Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548, and the third addressed to Richard N. Carrell, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010-3095, postmarked by August 29, 2003. The procedures and requirements for making an objection are fully explained in the "Notice of Proposed Class Settlement."

The Judicial District Court of Travis County, Texas, has ordered that a hearing take place in the Courtroom of the 53rd Judicial District Court of Travis County, Texas, on the 29th day of September, 2003, at 9:00 o'clock a.m. to determine the following: (1) whether the proposed settlement of the class action litigation on terms set forth in the Settlement Agreement dated December 18, 2002, as amended, is fair, reasonable and adequate; and (2) whether the Court should enter the proposed Final Judgment.

DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

DATED: _____, 2003.

XX-#1667.1

CAUSE NO. GV202501

| | | |
|---|---|---|
| THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE, | § § § § § § § | IN THE DISTRICT COURT |
|      Plaintiffs, | § § | |
| v. | § § | |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, AND TRUCK UNDERWRITERS ASSOCIATION, | § § § § § § § § § § § § § § § § | OF TRAVIS COUNTY, TEXAS |
| | § § | 261ST JUDICIAL DISTRICT |
|      Defendants. | | |

## CLAIM FORM

INSTRUCTIONS (YOU MUST READ THESE INSTRUCTIONS CAREFULLY; IF YOU FAIL TO FOLLOW THESE INSTRUCTIONS, YOU MAY LOSE CERTAIN BENEFITS TO WHICH YOU WOULD OTHERWISE BE ENTITLED):

    In order to receive proceeds from the Credit Usage Notice Adjustment Fund, you must complete and mail this Claim Form to Personal Lines Credit Usage Notice Administrator, Farmers Insurance, P.O. Box 149199, Austin, Texas 78714-9199, postmarked on or before the 15th day of May, 2004. IF YOU DO NOT RETURN A CLAIM FORM POSTMARKED BY THIS DEADLINE, YOUR CLAIM WILL BE REJECTED AND YOU WILL BE DEEMED TO HAVE WAIVED ALL RIGHTS TO RECEIVE ANY CONSIDERATION UNDER THIS PORTION OF THE SETTLEMENT. If you do not request exclusion from the Settlement Class, you are

bound by the terms of the Settlement Agreement and Release and Final Judgment entered pursuant to the settlement whether or not you return a Claim Form.

Must Be Postmarked No
Later Than May 15, 2004

Deliver to:    Personal Lines Credit Usage
Notice Administrator
Farmers Insurance
P.O. Box 149199
Austin, Texas  78714-9199

## CLAIM FORM

### A.    PERSONAL INFORMATION

Name (Last)                                        (First, Middle)

Address (Street Name and Number, Apartment Number, If Applicable)

City                State          Zip Code              Daytime Phone #

### B.    HOMEOWNERS' POLICY INFORMATION (If Applicable)

Names(s) of Insured(s), if          Effective Date of Policy(ies)
different from above

Address of Insured Premises          Policy Number(s)

Name of Agent

C.    AUTOMOBILE POLICY INFORMATION (If Applicable)

_____        _____
Names(s) of Insured(s), if             Effective Date of Policy(ies)
different from above

_____        _____
Address of Insured(s), if              Policy Number(s)
Different from above

_____
Name of Agent

_____
Vehicle Identification Number
(VIN) of Insured Vehicle

    D.    YOU MUST ATTACH A NEW CREDIT REPORT FROM THE
CONSUMER REPORTING AGENCY (TRANS UNION) INDICATING THAT
CORRECTIONS HAVE BEEN MADE TO YOUR ORIGINAL CREDIT REPORT.

    E.    CERTIFICATION UNDER PENALTY OF PERJURY

I hereby affirm and declare under penalty of perjury that:

    1.    I have not opted out of the Settlement Classes in this case and will not
request exclusion from the Settlement Classes;

    2.    I have read and understand the contents of this Claim Form; and

    3.    I am voluntarily submitting to the jurisdiction of the 261st Judicial District
Court of Travis County, Texas for purposes of this claim.

_____        _____
DATED                                  SIGNED

X0372690.7

Received 07/02/2003 14:55 in 01:44 on line [5] for XX04796 printed 07/02/2003 14:57 * Pg 1/7
JUL. 2.2003   2:57PM                                                                    NO.528   P.2/7

NO. GV 202501

| THE STATE OF TEXAS and | § | IN THE DISTRICT COURT |
|---|---|---|
| THE TEXAS COMMISSIONER OF | § | |
| INSURANCE, | § | |
|     Plaintiffs, | § | |
| | § | OF TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| FARMERS GROUP, INC, ET. AL | § | |
|     Defendants. | § | 261ST JUDICIAL DISTRICT |

### NOTICE OF APPEAL OF IAN LUBIN,
### GILBERTO VILLANUEVA AND MICHAEL PALADINO

TO THE HONORABLE SCOTT JENKINS, JUDGE OF THE 53RD DISTRICT COURT:

COME NOW Ian Lubin, Gilberto Villanueva and Michael Paladino (hereinafter "Intervenors"), Intervenors in the above-styled and numbered cause, and, pursuant to Tex. R. App. P. 25.1, file this Notice of Appeal, and in connection therewith would show the following:

1.    Trial Court/Cause Number [Tex.R.App.P. 25.1(d)(1)].

    GV 202501; *The State of Texas and The Texas Commissioner of Insurance v. Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, and Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Truck Insurance Exchange, Truck Underwriters Association, and Farmers Texas Mutual Insurance Company*— 261st Judicial District Court of Travis County, Texas.

2.    Date of Judgment/Appealable Orders [Tex.R.App.P. 25.1(d)(2)].

(a)    Order of Preliminary Approval dated June 27, 2003, granting class certification and all orders, rulings, findings, and conclusions made in connection therewith.

(b)    Order Denying Intervenors' Request to Stay the Sending of Class Notice dated July 1, 2003.

3.    Statement of Desire to Appeal [Tex.R.App.P. 25.1(d)(3)].

    Intervenors Ian Lubin, Gilberto Villanueva and Michael Paladino desire to appeal the trial court's orders set forth in paragraph 2 above.



FILED #6



DISTRICT CLERK
TRAVIS COUNTY, TEXAS

EXHIBIT
B

Received 07/02/2003 14:55 in 01:44 on line [61] for XOC4996 printed 07/02/2003  14:57 · Pg 3/7
JUL. 2.2003    2:57PM                                                          NO.528    P.3/7

4.    Appellate Court [Tex.R.App.P. 25.1(d)(4)].

This appeal is taken to the Third Court of Appeals at Austin.

5.    Parties to Notice [Tex.R.App.P. 25.1(d)(5)].

This notice is being filed by Intervenors Ian Lubin, Gilberto Villanueva and Michael Palacino.

6.    Accelerated Appeal Status [Tex.R.App.P. 25.1(d)(6)].

This appeal is accelerated.

7.    Restricted Appeal Status [Tex.R.App.P. 25.1(d)(7)].

This appeal is not restricted.

Respectfully submitted,

IAN LUBIN, INTERVENOR

LONGLEY & MAXWELL, LLP
1609 Shoal Creek Blvd. #100 (78701)
P. O. Box 12667
Austin, Texas 78711
512-477-4444 PHONE
512-477-4470 FAX

Joe K. Longley
State Bar No. 12542000
Philip K. Maxwell
State Bar No. 13254000

STEPHEN McCLEERY
Attorney at Law
State Bar No. 13395500
3212 Bonnie Road
Austin, Texas 78703
512-482-9257 PHONE and FAX

Received 07/02/2003 14:55 in 01:44 on line [6] for X004996 printed 07/02/2003 14:57 * 3g 4/7   P. 4/7
JUL. 2.2003   2:57PM                                                              NO. 528

GALLAGHER, LEWIS, DOWNEY & KIM
Michael T. Gallagher
State Bar No. 07586000
Dan Downey
State Bar No. 06085400
Bank of America Building
700 Louisiana, 40th Floor
Houston, Texas 77002
PHONE: (713) 222-8080
FAX: (713) 222-0066

ATTORNEYS FOR INTERVENOR IAN LUBIN


Respectfully submitted,

GILBERTO VILLANUEVA AND MICHAEL
PALADINO, INTERVENORS

BURROW & PARROTT, LLP

_David H. Burrow (signature)_

David Burrow
State Bar No. 03463000
Alice Oliver-Parrott
State Bar No. 20210800
1301 McKinney, Suite 3500
Houston, Texas 77010-3092
713-222-6333 (phone)
713-650-6333 (fax)

BECK, REDDEN & SECREST, LLP
Joe W. Redden, Jr.
State Bar No. 16660600
W. Curt Webb
State Bar No. 21035900
1221 McKinney Street, Suite 4500
Houston TX 77010-2010
713-951-3700 PHONE
713-951-3720 FAX

3

Received 37/02/2003 14:53 in 01:44 on line (6) for KGG996 printed 07/02/2003  14:57 * Pg 5/7   P.5/7
JUL. 2.2003  2:57PM                                                            NO.528

DAVIS & DAVIS
John A. Davis, Jr.
State Bar No. 05512300
Steven R. Davis
State Bar No. 00789947
R. Martin Weber, Jr.
State Bar No. 00791895
5847 San Felipe, Suite 3275
Houston TX 77057
713-781-5200 PHONE
713-781-2235 FAX

MALONEY, JEFFERSON & DUGAS
Pat Maloney, Jr.
State Bar No. 12887300
The Maloney Building
239 East Commerce Street
San Antonio TX 78205
210-226-8888 PHONE
210-222-8477 FAX

MALONEY, JEFFERSON & DUGAS
Dwight Jefferson
State Bar No. 10605600
12 Greenway Plaza, Suite 1350
Houston TX 77046
713-993-0399 PHONE
713-993-0553 FAX

MARTIN & CUKJATI, LLP
Curt L. Cukjati
State Bar No. 05207540
Troy Martin
State Bar No. 13108300
Conry Davidson
State Bar No. 00793586
333 Convent Street
San Antonio TX 78205
210-223-2627 PHONE
210-223-5052 FAX

SKEPNEK LAW FIRM, P.A.
William J. Skepnek
State Bar No. 00790054 (Texas)
900 Massachusetts, Suite 601
Lawrence, KS 66044
785-331-0300 PHONE
785-331-0303 FAX

4

Received 07/02/2003 14:55 in 01:44 on line C61 for X004996 printed 07/02/2003  14:57 - Pg 6/7  P.5/7
JUL. 2.2003  2:59PM

LAW OFFICES OF STEVEN M. SMOOT
Steven M. Smoot
State Bar No. 18774300
5847 San Felipe, Suite 1275
Houston TX 77057
713-266-1113 PHONE
713-781-2235 FAX

ATTORNEYS FOR INTERVENORS GILBERTO
VILLANUEVA AND MICHAEL PALADINO

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served by facsimile transmission on the following counsel of record on this the 2nd day of July, 2003:

Richard N. Carrell
Gerard G. Fecht
David Wilks Corban
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston TX 77010-3095

M. Scott Incerto
Mary S. Dietz
Fulbright & Jaworski, LLP
600 Congress Avenue, Suite 2400
Austin TX 78701

David C. Mattax
Chief, Financial Litigation Division
James R. Wenzel
Assistant Attorney General
Consumer Protection Division
Insurance Practices Section
P. O. Box 12548
Austin TX 78711-2548

Joseph C. Blanks
Joseph C. Blanks, P.C.
PO Box 999
Doucette, TX 75942

Philip K. Maxwell

5

Received 07/15/2003 16:41 in 01:44 on line [4] for LS00426 Printed 07/15/2003  13:14 * Pg 2/3
Fulbright (AO)          7/15/03    4:40:  PAGE   2/3       RIGHTFAX          C12
Banks                             = 403-837-9045

No. GV-202501

| | | |
|---|---|---|
| THE STATE OF TEXAS and TEXAS<br>COMMISSIONER OF INSURANCE,<br><br>Intervenors,<br><br>v.<br><br>FARMERS GROUP, INC., et al,<br><br>Defendants. | § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>OF TRAVIS COUNTY<br><br><br>251st JUDICIAL DISTRICT |

No. GN-203156

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE<br>And FIRE INSURANCE EXCHANGE,<br><br>Intervenors,<br><br>v.<br><br>JOSE MONTEMAYOR, individually and in<br>His capacity as TEXAS COMMISSIONER OF<br>INSURANCE and TEXAS DEPARTMENT<br>OF INSURANCE | § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>OF TRAVIS COUNTY<br><br><br>353rd JUDICIAL DISTRICT |

### GERALD HOOKS AND LESLY K. HOOKS'
### NOTICE OF APPEAL

TO THE HONORABLE SCOTT H. JENKINS JUDGE OF 53rd DISTRICT COURT:

GERALD HOOKS and LESLY K. HOOKS, Intervenors, file this Notice of Appeal pursuant to Texas Civil Practice and Remedies Code §51.014(a)(3), Texas Insurance Code Article 21.21 Section 18(d), Texas Rule of Civil Procedure 42 and Texas Rules of Appellate Procedure 28.1 and 25.1.

GERALD HOOKS and LESLEY HOOKS wish to appeal in its entirety the *Order of Preliminary Approval* and all orders, rulings, findings and conclusions made in connection therewith in the above-styled and numbered cause to the Third Court of Appeals at Austin, Texas.

The *Order of Preliminary Approval* was entered on June 27, 2003. This appeal is accelerated. This appeal is not restricted.

1

Received 07/15/2003 16:41 in 01:64 on line [4] for LS00426 Printed 07/15/2003 16:44 • Pg 3/3
Fulbright (AO)      7/15/03      4:40:  PAGE  3/3    RightFAX                        222
Blanks                          ☎ 409-837-9045

Respectfully submitted,

Post Office Drawer 999
DOUCETTE, TEXAS 75942
(409)837-9707 FAX 837-9045
Texas Bar No. 02456770
S.D.Tex. #2110

_____Joseph C. Blanks_____
Joseph C. Blanks
Attorney for Hooks Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2003, a true and correct copy of the foregoing Notice of Appeal was been served by mailing, by certified mail, postage prepaid at Doucette, Texas and addressed to Messrs. Mattox and Carrell, et al. and by telecopier 7/15/03 to the following persons:

Gerard Pecht, Richard N. Carrell
Layne E. Kruse
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77020-3096

M. Scott Incerto
Mary Schaerdel Dietz
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue – Suite 2400
Austin, Texas 78701

David Burrow
Alice Oliver-Parrott
BURROW & PARROTT, L.L.P.
1301 McKinney – Suited 3500
Houston, Texas 77010-3092

John A. & Steven R. Davis,
R. Martin Weber, Jr.
DAVIS & DAVIS
5847 San Felipe – Suite 3275
Houston, Texas 77057

Dwight Jefferson
MALONEY, JEFFERSON & DUGAS
12 Greenway Plaza – Suite 1550
Houston, Texas 77046

Curt L. Cukjati & Trey Martin
Comry Davidson
MARTIN & CUKJATI, L.L.P.
333 Convent Street
San Antonio, Texas 78205

David G. Mattax
Division Chief Financial Litigation
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548

Joe K. Longley
Phillip K. Maxwell
LONGLEY & MAXWELL, L.L.P.
1609 Shoal Creek Blvd. – Suite 100
Austin, Texas 78701

Joe W. Redden, Jr.
W. Curt Webb
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street – Suite 4500
Houston, Texas 77010-2010

Pat Maloney, Jr.
MALONEY, JEFFERSON & DUGAS
The Maloney Building
239 East Commerce Street
San Antonio, Texas 78205

William J. Skepnek
SKEPNEK LAW FIRM, P.A.
900 Massachusetts – Suite 601
Lawrence, Kansas 66044

Steven M. Smoot
LAW OFFICE OF STEVEN M. SMOOT
5847 San Felipe – Suite 3275
Houston, Texas 77057

2

No Transmission Information Available   in 89 Line 02 for H005591 Printed 07/15/2003   17:37.7 20 1/10

Banks

---

Appellate Docket Number: _____

Appellate Case Style:

Gerald Hooks, Jr. and Lesly K. Hooks

v.

Farmers Group, Inc., et al.

**DOCKETING STATEMENT (CIVIL)**
Third Court of Appeals
[to be filed in the court of appeals upon perfection of appeal
under TRAP 32]

**I.    Parties (TRAP 32.1(a), (e)):**

| Appellant(s): | Appellee(s): |
|---|---|
| Gerald Hooks, Jr. and Lesly K. Hooks | Farmers Group, Inc., Farmers Insurance Exchange, Fire Insurance Exchange, and Fire Underwriters Association |
| *(See note at bottom of page)* | *(See note at bottom of page).* |
| Attorney (lead appellate counsel): Joseph C. Blanks | Attorney (lead appellate counsel, if known; if not, then trial counsel): Richard N. Carrell |
| Address (lead counsel): Joseph C. Blanks, P.C. P.O. Drawer 999 Doucette, Texas 75942 | Address (lead appellate counsel, if known; if not, then trial counsel): Fulbright & Jaworski, L.L.P. 1301 McKinney, Suite 5100 Houston, Texas 77010 |
| Telephone:  (409) 837-9707 (include area code) | Telephone: (713) 651-5151 (include area code) |
| Telecopy: (409) 837-7045 (include area code) | Telecopy: (713) 651-5246 (include area code) |
| SBN (lead counsel): 02456770 | SBN (lead counsel): 03871000 |

If not represented by counsel, provide appellant's/appellee's address, telephone number, and telecopy number.
On Attachment 1, or a separate attachment if needed, list the same information stated above for any additional parties to the trial court's judgment.

No Transmission Information Available    in 28 line (2) for 4000501 Printed 07/14/2003    17:27  P2 2/10
Banks

Additional Parties to the trial court's judgment & known counsel of record:

Farmers Group, Inc., et al
Gerard Pecht, Richard N. Carrell
Layne E. Kruse
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77020-3096
713-651-5151
Fax: 713-651-5246

Farmers Group, Inc., et al
M. Scott Incerto
Mary Schaerdel Dietz
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue – Suite 2400
Austin, Texas 78701
Phone:
Fax: 512-536-4598

David Burrow
Alice Oliver-Parrott
BURROW & PARROTT, L.L.P.
1301 McKinney – Suited 3500
Houston, Texas 77010-3092
Phone: 713-222-6333
Fax: 713-650-6333

John A. & Steven R. Davis
R. Martin Weber, Jr.
DAVIS & DAVIS
5847 San Felipe – Suite 3275
Houston, Texas 77057
Phone: 713-781-5200
Fax: 713-781-8477

Dwight Jefferson
MALONEY, JEFFERSON & DUGAS
12 Greenway Plaza – Suite 1550
Houston, Texas 77046
Phone: 713-993-0399
Fax: 713-993-0533

Curt L. Cukjati & Trey Martin
Corry Davidson
MARTIN & CUKJATI, L.L.P.
333 Convent Street
San Antonio, Texas 78205
Phone: 210-223-2627
Fax: 210-223-5052

State of Texas
David G. Mattax
Division Chief Financial Litigation
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-936-1309
Fax: 512-477-2548

Intervenor Jan Lubin
Joe K. Longley
Phillip K. Maxwell
LONGLEY & MAXWELL, L.L.P.
1609 Shoal Creek Blvd. – Suite 100
Austin, Texas 78701
Phone: 512-477-4444
Fax: 512-477-4470

Intervenors Villanueva & Paladino
Joe W. Redden, Jr.
W. Curt Webb
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street – Suite 4500
Houston, Texas 77010-2010
Phone: 713-951-3700
Fax: 713-951-3720

Pat Maloney, Jr.
MALONEY, JEFFERSON & DUGAS
The Maloney Building
239 East Commerce Street
San Antonio, Texas 78205
Phone: 210-226-8888
Fax: 210-222-8477

William J. Skepnek
SKEPNEK LAW FIRM, P.A.
900 Massachusetts – Suite 601
Lawrence, Kansas 66044
Phone: 785-331-0300
Fax: 785-331-0303

Steven M. Smoot
LAW OFFICE OF STEVEN M. SMOOT
5847 San Felipe – Suite 3275
Houston, Texas 77057
Phone: 713-266-1113
Fax: 713-781-2235

No Transmission Information Available    in .29 Line (0)  for 5005991 Printed 07/16/2003  17:27 : 29 3/10   Date
Blanks                                                                                                        3

II.    Perfection Of Appeal And Jurisdiction (TRAP 32.1(b), (c), (g), (j)):

Appellants Gerald Hooks Jr. and Lesly K. Hooks filed its notice of appeal in the trial
court on July 15, 2003, pursuant to Tex. Civ Prac & Rem. Code §51.014(a)(3) Texas
Insurance Code Article 21.21 Section 18(d), Texas Rule of Civil Procedure 42 and
Texas Rules of Appellate Procedure 28.1 and 25.1. From the entirety of the *Order of
Preliminary Approval* and all orders, rulings, findings and conclusions made in
connection therewith.  The *Order of Preliminary Approval* was entered on June 27,
2003.

(Please specify statutory or other basis on which appeal is accelerated)

Tex. R. App. P. 28.1, Tex. Civ. Proc. & Rem. Code § 51.014(a)(3).

Date order or judgment signed:

June 27, 2003

(copy attached)

What type of judgment? (e.g., jury trial, bench
trial, summary judgment, directed verdict, other
(specify))

Order certifying a settlement class entered
pursuant to Tex. R. Civ. P. 42 and Texas
Insurance Code Section 21.21 Section 17 and
18.

Date notice of appeal filed in trial court

July 15, 2003

(copy attached)

Interlocutory appeal of appealable order:
   Yes X       No

(Please specify statutory or other basis on which
interlocutory order is appealable) *(See* TRAP 28)

Tex. Civ. Prac. & Rem § 51.014(a)(3) and
Texas Insurance Code 21.21 Section 18(d)

Accelerated appeal *(See* TRAP 28):

   Yes X         No ____

Appeal that receives precedence, preference, or
priority under statute or rule?

   Yes ____      No X

(Please specify statutory or other basis for such
status)

| III.    Actions Extending Time To Perfect Appeal (TRAP 32.1(d)): | | | |
|---|---|---|---|
| Action | Filed<br>Check as appropriate | | Date Filed |
| Motion for New Trial | No  X | Yes | |
| Motion to Modify Judgment | No  X | Yes | |
| Request for Findings of Fact and<br>Conclusions of Law | No  X | Yes | |
| Motion to Reinstate | No  X | Yes | |
| Motion under TRCP 306a | No  X | Yes | |
| Other (specify): | No  X | Yes | |
| IV.    Indigency Of Party (TRAP 32.1(k)): (Attach file-stamped copy of affidavit) | | | |
| Event | Filed<br>Check as appropriate | Date | N/A |

No Transmission Information Available    in 29 Line 121 for #03991 Printed 07/16/2003  17:37 7 Pg 4/10

Blanks

| | | No | Yes | | X |
|---|---|---|---|---|---|
| Affidavit filed | | No | Yes | | X |
| Contest filed | | No | Yes | | X |
| Date ruling on contest due: | | | | | |
| Ruling on contest<br>Sustained    Overruled | | | | | X |

**V.    Bankruptcy (TRAP 8):**

Will the appeal be stayed by bankruptcy?   No

Date bankruptcy filed?

Name of bankruptcy court:

Bankruptcy Case No.:

Style of bankruptcy case:

**VI.    Trial Court And Record (TRAP 52.1(c), (II), (1)):**

| Court:    County: | Trial Court Docket Number<br>(Cause No.):<br>GV-202,501 |
|---|---|
| 261st Judicial District    Travis | |

| Trial Judge (who tried or disposed of case): | Court Clerk (district clerk): |
|---|---|
| Judge Scott Jenkins | La Conia "Connie" Jefferson |
| Telephone Number: 512/854-9308<br>(include area code) | Telephone Number: 512/854-5334<br>(include area code) |
| Telecopy Number: 512/854-9332<br>(include area code)<br>Address:    1000 Guadalupe<br>Austin, Texas 78767 | Telecopy Number: 512/854-9332<br>(include area code)<br>Address:    1000 Guadalupe<br>Austin, Texas 78767 |

| Clerk's Record | Sworn copy for<br>accelerated appeal | Will request:<br>(Note: No request required<br>under TRAP 34.5(a), (b)) | Was requested on:<br>July 7, 2003, et seq. |
|---|---|---|---|
| Req'd by intervenors | Yes<br><br>(See TRAP 28.3) | | |

Court Reporter or Court Recorder:
Chayela Prince - Court Reporter
Telephone Number: 512/854-9322 (include area code)
Court Reporter or Court Recorder:
Telecopy Number: 512/854-9332 (include area code)
Telephone Number:
(include area code)
Address:
1000 Guadalupe
Austin, Texas 78767
Telecopy Number:
(include area code)                                    Address:

(Attach additional sheet if necessary for additional court reporters/recorders)

No Transmission Information Available   in   29 Line (0) for #005991 Printed 07/16/2003   17:27   Pg 5/10   35/10
Blanks                                                                                                          5

| Length of certification hearing (approximate): | State arrangements made for payment of court reporter/recorder: |
|---|---|
| Five days | not made by this party |
| Reporter's or Recorder's Record (check if electronic recording ) | Will request     Was requested on:  July 7, 2003 by Mr. Longley |

VII.    Nature Of The Case (TRAP 32.1(f)) (Subject matter or type of case: E.g., personal injury, breach of contract, workers' compensation, condemnation, DTPA., employment/labor, family code, juvenile, malpractice, probate, UCC, tax, oil & gas, real property or temporary injunction):

The trial court certified a mandatory statewide settlement class pursuant to Rule 42(b)(2) and Texas Insurance Code Art. 21.21 sections 17 and 18.

| VIII.   Supersedeas Bond (TRAP 32.1(1)): | None  X | Will file | Was filed on: |
|---|---|---|---|

IX.    Extraordinary Relief:

Will you request extraordinary relief (e.g., temporary or ancillary relief) from this Court? Yes X  No ___ If yes, briefly state the basis for your

Appellant will request that this Court enter an Order staying the proceedings below pending resolution of this appeal.

X.    Alternative Dispute Resolution/Mediation (if applicable) (As of 8/19/97, these programs exist in the 1st (Houston), 3rd (Austin), 4th (San Antonio), 5th (Dallas), 9th (Beaumont), 13th (Corpus Christi), and 14th (Houston)). (Use additional sheets, if necessary).

1.    Should this appeal be referred to mediation? If not, why not.

This matter is not amenable to mediation.

2.    Has the case been through an ADR procedure in the trial court?

Yes, prior to intervention by the Hooks.

If yes, answer the following:

a.  Who was the mediator?    Unknown to Hooks, but believed to be a State Senator.

b.  What type of ADR procedure?   An informal mediation, on information and belief.

c.  At what stage did the case go through ADR?     Pre-trial

No Transmission Information Available   in Job Type [5] for M035791 Printed 17/16/2003   17:25   : 33 6/10   Data
Blanks                                                                                                    6

d. Rate the case for complexity. Use 1 for the least complex and 5 for the most complex.
Circle one.

1     2     3     4     **5**

e. Can the parties agree on an appellate mediator?   If yes, give name, address, and
telephone and telecopy numbers (with area code.)   NO.

f. Languages other than English in which the mediator should be proficient

Not applicable.

XL.   Related Matters: List any pending or past related appeals or original proceedings (e.g.
mandamus, injunction, habeas corpus) before this or any other Texas appellate court by court,
docket number, and style.

Case No. 03-03-00374: *Jan Lubin, Gilberto Villanueva and Michael Paladino v. Farmers
Group, Inc. et al.; In the Court of Appeals for the Third District of Texas.*

XII. Any other information requested by the court (see attachments, if any).

XIII. Signature:

___Joseph C Blanks___          Date: July 16, 2003
Signature of Counsel
State Bar No.: 02456770

Printed Name: Joseph C. Blanks.

No Transmission Information Available

XIV.   Certificate of Service:   The undersigned counsel certifies that this docketing statement has been served on the following lead counsel for all parties to the trial court's order or judgment as follows on July 16, 2003.

Gerard Pecht, Richard N. Carrell
Layne E. Kruse
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77020-3096

M. Scott Incerto
Mary Schaerdel Dietz
FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Avenue — Suite 2400
Austin, Texas 78701

David Burrow
Alice Oliver-Parrott
BURROW & PARROTT, L.L.P.
1301 McKinney — Suited 3500
Houston, Texas 77010-3092

John A. & Steven R. Davis,
R. Martin Weber, Jr.
DAVIS & DAVIS
5847 San Felipe — Suite 3275
Houston, Texas 77057

Dwight Jefferson
MALONEY, JEFFERSON & DUGAS
12 Greenway Plaza — Suite 1550
Houston, Texas 77046

Curt L. Cukjati & Trey Martin
Conry Davidson
MARTIN & CUKJATI, L.L.P.
333 Convent Street
San Antonio, Texas 78205

David G. Mattax
Division Chief Financial Litigation
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548

Joe K. Longley
Phillip K. Maxwell
LONGLEY & MAXWELL, L.L.P.
1609 Shoal Creek Blvd. — Suite 100
Austin, Texas 78701

Joe W. Redden, Jr.
W. Curt Webb
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street — Suite 4500
Houston, Texas 77010-2010

Pat Maloney, Jr.
MALONEY, JEFFERSON & DUGAS
The Maloney Building
239 East Commerce Street
San Antonio, Texas 78205

William J. Skepnek
SKEPNEK LAW FIRM, P.A.
900 Massachusetts — Suite 601
Lawrence, Kansas 66044

Steven M. Smoot
LAW OFFICE OF STEVEN M. SMOOT
5847 San Felipe — Suite 3275
Houston, Texas 77057

____Joseph C Blanks____
Signature

(TRAP 9.5(e) requirements stated below, use additional sheets, if necessary)

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03–03–00374–CV

Ian Lubin, Gilberto Villanueva, and Michael Paladino, Appellants

v.

Farmers Group, Inc.; Farmer Underwriters Association; Fire Underwriters Association;
Farmers Insurance Exchange; Fire Insurance Exchange; Texas Farmers Insurance Company, Mid-Century
Insurance Company of Texas; Mid-Century Insurance

Company; et al, Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. GV202501, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## ORDER

PER CURIAM

Appellants seek an emergency stay of the sending of notices to the class preliminarily certified below by the district court until this Court rules in this interlocutory appeal. Because the district court's preliminary certification of a settlement-only class will cause immediate, significant and potentially irreparable effects in this case and to prevent interference or impairment with this Court's jurisdiction or the effectiveness of any appellate relief we may subsequently grant, the Order of Preliminary Approval, signed by the district court on June 27, 2003, is hereby stayed in all respects until further order of this Court.

EXHIBIT
C
FALCON·DALLAS, TX

It is ordered on this the 7th day of July, 2003.

Before Justices B. A. Smith, Yeakel and Puryear

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ALBERT PULLEN ET AL.,                §
         Plaintiffs,          §
                              §
v.                                   §    C. A. NO. B-02-206
                              §
FARMERS GROUP, INC., ET AL.,         §
         Defendants.          §

## AMENDED SCHEDULING ORDER

In accordance with Local Rule CV-16 (S.D. Tex.), the parties submitted proposed scheduling order deadlines. The Court enters the following ORDER:

In accordance with the foregoing, the following pretrial deadlines are established:

November ___, 2008          Parties will file an amended Rule 26f Conference Report with an amended proposed Scheduling Order, which will report on the status of the approval of the class action settlement in the State Attorney General Suit

Other deadlines will be reset after the amended report. This Scheduling Order shall not be modified, except by leave of Court upon a showing of good cause, and shall be binding on all parties.

Signed this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM:

_____
Suzanne M. Schwarz



EXHIBIT
D

State Bar No. 17872300
LAW OFFICES OF SUZANNE SCHWARZ, P.C.
P.O. Box 532044
Harlingen, Texas 78553
Telephone:  956.440.0340
Telecopier:  956.440.8252
AND
Benigno "Trey" Martinez
State Bar No. 00797011
Federal I.D. No. 23945
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:  956.546.7156
Telecopier:  956.544.0602
ATTORNEYS-IN-CHARGE FOR PLAINTIFFS


_Eduardo Roberto Rodriguez_
Eduardo Roberto Rodriguez
State Bar No. 17144000
Robert Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
Brownsville, Texas 78520  and/or
P.O. Box 2155
Brownsville, Texas 78522
Telephone: 956.542.7441
Telecopier: 956.541.2170
AND
Layne E. Kruse
State Bar No. 11742550
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100


30417085.6

Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246
ATTORNEYS-IN-CHARGE FOR DEFENDANTS